**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
1990 North California Boulevard, Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-Mail: ltfisher@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
888 Seventh Avenue
New York, NY  10019
Telephone: (212) 989-9113
Facsimile:  (212) 989-9163
E-Mail: scott@bursor.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY WILLIAMS, TYOKA BRUMFIELD, and WENDY BURNETT, individually and on behalf of all others similarly situated,<br><br>                         Plaintiffs,<br><br>        v.<br><br>FACEBOOK, INC.,<br><br>                         Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br><u>**JURY TRIAL DEMANDED**</u> |

Plaintiffs Anthony Williams, Tyoka Brumfield, and Wendy Burnett (collectively, "Plaintiffs") bring this action on behalf of themselves and all others similarly situated against Defendant Facebook, Inc. ("Facebook" or "Defendant").  Plaintiffs make the following allegations pursuant to the investigation of their counsel and based upon information and belief, except as to the allegations specifically pertaining to themselves, which are based on personal knowledge.

## NATURE OF ACTION

1.      Facebook exploited a vulnerability in the permission settings for the Facebook Messenger and Facebook Lite smartphone applications ("apps") in prior versions of the Android operating system ("OS").  When users install these apps, they are prompted to grant Facebook access to the their "Contact List."  But upon doing so, the Facebook Messenger and Facebook Lite apps for Android scrape users' call and text logs.  That is, Facebook scrapes *years* worth of call and text data, including whether each call was "Incoming," "Outgoing," or "Missed," the date and time of each call, the number dialed, the individual called, and the duration of each call.  Facebook then incorporates these data into its profile on each user, which it monetizes for advertising purposes. This vulnerability was later patched in October 2017, at which time Facebook ceased this practice. Accordingly, Plaintiffs seek compensatory, statutory, and punitive damages, and seek an injunction requiring Facebook to purge its extant call and text logs acquired through these apps.

## PARTIES

2.      Plaintiff Anthony Williams is a citizen of New York who resides in Bay Shore, New York.  Plaintiff Williams installed the Facebook Messenger app on his Android smartphone during the relevant time period, and prior to October 2017, for his personal and household use.  During installation, Plaintiff Williams granted Facebook permission to access his "Contact List," but he did not consent to Facebook scraping his call and text logs.  Based on information and belief, the Facebook Messenger app scraped his call and text logs, transferred them to Facebook, and monetized these data for advertising purposes.  Plaintiff Williams did not understand that Facebook Messenger would scrape his call and text logs.  In all reasonable probability, Plaintiff Williams would not have installed or used the Facebook Messenger app, or would have used it on materially different terms, had he known the truth about the app's practice of scraping call and text logs.

Facebook's omissions concerning its practice of scraping call and text logs played a substantial part, and so had been a substantial factor, in his decision to install and use Facebook Messenger. Plaintiff Williams attempted to review the call and text logs scraped by the Facebook Messenger app on www.facebook.com, but he was unable to do so because of changes that Facebook made to its website soon after its privacy violation was reported in the press.

3.     Plaintiff Tyoka Brumfield is a citizen of Connecticut who resides in Waterbury, Connecticut, though during all relevant time periods (*i.e.*, prior to November 2017) she was a citizen of New York who resided in Brooklyn, New York.  Plaintiff Brumfield installed the Facebook Messenger and Facebook Lite apps on her Android smartphone during the relevant time period, and prior to October 2017, for her personal and household use.  During installation, Plaintiff Brumfield granted Facebook permission to access her "Contact List," but she did not consent to Facebook scraping her call and text logs.  Based on information and belief, the Facebook Messenger and Facebook Lite apps scraped her call and text logs, transferred them to Facebook, and monetized these data for advertising purposes.  Plaintiff Brumfield did not understand that Facebook Messenger and Facebook Lite would scrape her call and text logs.  In all reasonable probability, Plaintiff Brumfield would not have installed or used the Facebook Messenger and Facebook Lite apps, or would have used them on materially different terms, had she known the truth about the apps' practice of scraping call and text logs.  Facebook's omissions concerning its practice of scraping call and text logs played a substantial part, and so had been a substantial factor, in her decision to install and use Facebook Messenger and Facebook Lite. Plaintiff Brumfield attempted to review the call and text logs scraped by the Facebook Messenger and Facebook Lite apps on www.facebook.com, but she was unable to do so because of changes that Facebook made to its website soon after its privacy violation was reported in the press.

4.     Plaintiff Wendy Burnett is a citizen of California who resides in Inglewood, California.  Plaintiff Burnett installed the Facebook Messenger and Facebook Lite apps on her Android smartphone during the relevant time period, and prior to October 2017, for her personal and household use.  During installation, Plaintiff Burnett granted Facebook permission to access her "Contact List," but she did not consent to Facebook scraping her call and text logs.  Based on

information and belief, the Facebook Messenger and Facebook Lite apps scraped her call and text logs, transferred them to Facebook, and monetized these data for advertising purposes.  Plaintiff Burnett did not understand that Facebook Messenger and Facebook Lite would scrape her call and text logs.  In all reasonable probability, Plaintiff Burnett would not have installed or used the Facebook Messenger and Facebook Lite apps, or would have used them on materially different terms, had she known the truth about the apps' practice of scraping call and text logs.  Facebook's omissions concerning its practice of scraping call and text logs played a substantial part, and so had been a substantial factor, in her decision to install and use Facebook Messenger and Facebook Lite.  Plaintiff Burnett attempted to review the call and text logs scraped by the Facebook Messenger and Facebook Lite apps on www.facebook.com, but she was unable to do so because of changes that Facebook made to its website soon after its privacy violation was reported in the press.

5.     Defendant Facebook, Inc. is a California corporation with its principal place of business located at Menlo Park, California.  Facebook is a leading global social media and social networking company.  Facebook is a Fortune 500 company with an annual revenue of $40.653 billion in 2017, and a market capitalization of $461.75 billion as of March 27, 2018.  As part of its operations, Facebook owns and operates the website www.facebook.com, and has developed and distributed smartphone apps for Android and iOS, including the Facebook Messenger and Facebook Lite apps.

6.     Whenever reference is made in this Complaint to any representation, act, omission, or transaction of Facebook, that allegation shall mean that Facebook did the act, omission, or transaction through its officers, directors, employees, agents, and/or representatives while they were acting within the actual or ostensible scope of their authority.

## JURISDICTION AND VENUE

7.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000.00, exclusive of interest and costs, and Plaintiffs, together with most members of the proposed class, are citizens of states different from Facebook.

8.       Pursuant to 28 U.S.C. § 1391, this Court is the proper venue for this action because a substantial part of the events, omissions, and acts giving rise to the claims herein occurred in this District.  Facebook is a citizen of California, maintains its worldwide corporate headquarters in this District, developed the Facebook Messenger and Facebook Lite apps in this District, distributed and advertised the Facebook Messenger and Facebook Lite apps in this District, formulated its data retention policies in this District, and monetized users' data (including Plaintiffs' data) in this District.

## FACTS COMMON TO ALL CAUSES OF ACTION

**Background On The Facebook Platform**

9.       Facebook is the world's leading social networking platform.  After registering, users can create a customized profile indicating their name, occupation, interests, schools attended and so on.  Users can add other users as "friends," exchange messages, post status updates, read current events in a News Feed, share photos, videos, and links, use various software applications, and receive notifications of other users' activity.  Additionally, users may join common-interest user groups organized by workplace, school, hobbies or other topics, and categorize their friends into lists such as "People From Work" or "Close Friends."  As of June 2017, Facebook has more than 2 billion active users.

10.      Facebook may be accessed by a large range of devices with Internet connectivity, such as desktops, laptops and tablet computers, and smartphones.  For example, users can access Facebook by visiting the website www.facebook.com using their web browser on their desktop computer, laptop, phone, or tablet.  Alternatively, users can access the Facebook platform by installing smartphone apps developed by Facebook for Android and iOS, including the Facebook Messenger and Facebook Lite apps for Android that are at issue in this matter.

**Background On Online Advertising And The Value Of User Data To Facebook**

11.      As used herein, the term "User Data" means a specific profile kept on an Internet user which is comprised of sets of information that may include an Internet user's name, country of origin, browsing habits, areas of interest and hobbies, age, gender, marital status, financial status,

telephone number, email address, buying preferences, and IP address, among other categories.

12.     In recent years, the online advertising industry has formed into a duopoly between Facebook and Google, who collectively dominate online advertising.  Together, these companies comprise more than 60% of online advertising sales in the United States.  These companies rely heavily upon so-called "User Data" to target and market advertisements.  In a sense, User Data is the life blood of the online advertising industry.

13.     As a core component of its business, Facebook collects and compiles User Data. Facebook does so by offering free services to Internet users, in exchange for the collection of User Data.  Specifically, Facebook operates a leading social media website with over 214 million users in the United States, and over $10 billion of annual advertising sales to those users.

14.     Facebook then monetizes User Data by selling advertising space on its platforms and services.  Advertisers are enticed to place ads with Facebook due to its ability to target specific demographics and interest groups through each company's collection of User Data.  For all intents and purposes, Facebook's dominance over online advertising is maintained and perpetuated by its treasure trove of User Data.

**The Facebook Messenger And Facebook Lite Apps for Android Surreptitiously Scrape Users' Call Logs And Text Data**

15.     On March 24, 2018, Ars Technica, a leading technology news website, reported that the Facebook Messenger and Facebook Lite apps for Android are programmed to surreptitiously scrape users' call logs and text data without their permission.  These data are then sent to Facebook and incorporated into the company's trove of User Data, which in turn are monetized for advertising purposes as discussed above.

16.     Facebook scrapes users' call logs and text data by exploiting a software vulnerability in the permission settings of older versions of the Android OS.  Specifically, when users install the Facebook Messenger or Facebook Lite apps for Android, they are prompted to grant the Facebook Messenger and Facebook Lite apps access to the users' "Contact List" on their Android devices.  As explained by a Facebook spokesperson:  "The most important part of apps and services that help you make connections is to make it easy to find the people you want to

connect with.  So, the first time you sign in on your phone to a messaging or social app, it's a widely used practice to begin by uploading your phone contacts."  In plain English, Facebook purports to use contact data, in part, as a component of its friend recommendation algorithm.

17.     However, prior to Android version 4.1, granting Facebook Messenger and Facebook Lite access to users' "Contact List" also granted Facebook Messenger and Facebook Lite access to users' call and text logs by default.  This vulnerability was patched in later versions of the Android OS, but Android applications (including Facebook Messenger and Facebook Lite) could bypass this patch by specifying that they were using an older, pre-patched version of the Android Software Development Kit ("SDK").  Ultimately, the Android OS fully deprecated this functionality in all versions of the Android SDK in October 2017.  This coincides with the date in which the Facebook Messenger and Facebook Lite apps stopped scraping call and text logs.  By comparison, Apple's iOS has never allowed silent access to call and text logs.

18.     The call logs scraped by Facebook Messenger and Facebook Lite were discovered by a Facebook user on March 21, 2018.  They appear as such:

Number:+1 ▮▮▮▮▮▮

| Call Type | Start Time | Duration | Name | Number Label |
|-----------|-----------|----------|------|--------------|
| OUTGOING | Wednesday, June 1, 2016 at 5:47pm EDT | 0 | Sean Gallagher | |
| MISSED | Wednesday, May 25, 2016 at 8:57pm EDT | 0 | Sean Gallagher | |
| OUTGOING | Sunday, May 15, 2016 at 1:08pm EDT | 0 | Sean Gallagher | |
| INCOMING | Thursday, May 12, 2016 at 5:26pm EDT | 10 | Sean Gallagher | |
| OUTGOING | Monday, April 18, 2016 at 3:17pm EDT | 10 | Sean Gallagher | |
| OUTGOING | Friday, April 8, 2016 at 6:38pm EDT | 27 | Sean Gallagher | |
| MISSED | Wednesday, April 6, 2016 at 2:59pm EDT | 0 | Sean Gallagher | |
| OUTGOING | Friday, March 11, 2016 at 4:35pm EST | 0 | Sean Gallagher | |
| INCOMING | Tuesday, February 16, 2016 at 9:23am | 0 | Sean Gallagher | |

The scraped call logs include whether each call was "Incoming," "Outgoing," or "Missed." They also include the date and time of each call, the number dialed, the individual called, and the duration of each call. These call logs may contain *years* worth of call data. The scraped text logs contain similar data.

19.     On March 25, 2018, a Facebook spokesperson admitted that Facebook collects such data. Yet, as Ars Technica reported, "Facebook never explicitly revealed that the data was being collected," and that "there was never an explicit message requesting access to phone call and SMS [text] data."

## **CLASS REPRESENTATION ALLEGATIONS**

20.     Plaintiffs seek to represent a class defined as all persons in the United States who installed the Facebook Messenger and Facebook Lite apps for Android, and granted Facebook permission to access their "Contact List" (the "Class").

21.    Plaintiffs Williams and Brumfield also seek to represent a subclass of all Class members in the State of New York (the "Subclass" or the "New York Subclass").

22.    Members of the Class and Subclass are so numerous that their individual joinder herein is impracticable.  On information and belief, members of the Class and Subclass number in the millions.  The precise number of Class members and their identities are unknown to Plaintiffs at this time but may be determined through discovery.  Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant and third party retailers and vendors.

23.    Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members.  Common legal and factual questions include, but are not limited to:  whether Facebook scraped call and text logs through the Facebook Messenger and Facebook Lite apps for Android; whether Facebook scraped these data by exploiting a vulnerability in the Android permission settings; and whether Defendant committed statutory and common law fraud by doing so.

24.    The claims of the named Plaintiffs are typical of the claims of the Class in that the named Plaintiffs installed the Facebook Messenger and Facebook Lite apps for Android prior to October 2017 and granted permission for Facebook to access their "Contact List," but did not consent to the scarping of their call and text logs.

25.    Plaintiffs are adequate representatives of the Class and Subclass because their interests do not conflict with the interests of the Class members they seek to represent, they have retained competent counsel experienced in prosecuting class actions, and they intend to prosecute this action vigorously.  The interests of Class members will be fairly and adequately protected by Plaintiffs and their counsel.

26.    The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of the Class and members of the Subclass.  Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability.  Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial

system presented by the complex legal and factual issues of this case.  Individualized litigation also presents a potential for inconsistent or contradictory judgments.  In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability.  Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

<u>**COUNT I**</u>
**Violation of the California Consumers Legal Remedies Act ("CLRA"),**
**Civil Code §§ 1750, *et seq.***
**(Injunctive Relief Only)**

27.     Plaintiffs incorporate by reference and re-allege herein all paragraphs alleged above.

28.     Plaintiffs bring this claim individually and on behalf of the members of the Class.

29.     CLRA § 1770(a)(5) prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have."  Defendant violated this provision by representing that it was only collecting Plaintiffs' and Class members' "Contact List" and by failing to represent that it was collecting their call logs and text data.

30.     At the time Defendant made these misrepresentations and omissions, it was aware that it was collecting Plaintiffs' and Class members' call logs and text data.

31.     Plaintiffs and Class members suffered injuries caused by Defendant's misrepresentations and omissions because: (a) Plaintiffs suffered an invasion of their privacy as a result of Defendant collecting their call logs and text data without authorization, and (b) Plaintiffs were deprived of any income that Defendant generated through its unauthorized use or sale of their call logs and text data.

32.     On March 27, 2018, prior to the filing of this Complaint, a CLRA notice letter was sent to Defendant Facebook which complies in all respects with California Civil Code § 1782(a). Plaintiff sent Defendant a letter via certified mail, return receipt requested, advising Defendant that it was in violation of the CLRA and must correct, repair, replace or otherwise rectify the goods

alleged to be in violation of § 1770. A true and correct copy of Plaintiffs' CLRA letter is attached hereto as Exhibit A.

33.     Wherefore, Plaintiffs and the Class seek injunctive relief for this violation of the CLRA in the form of a Court order requiring Defendant to purge its extant call and text logs acquired through the Facebook Messenger and Facebook Lite apps.

**COUNT II**
**Violation of California's Unfair Competition Law ("UCL")**

34.     Plaintiffs incorporate by reference and re-allege herein all paragraphs alleged above.

35.     Plaintiffs bring this claim individually and on behalf of the members of the Class.

36.     By committing the acts and practices alleged herein, Defendant violated California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200-17210 by engaging in unlawful, fraudulent, and unfair conduct.

37.     Defendant violated the UCL's proscription against engaging in unlawful conduct as a result of: (a) its violations of the CLRA, Cal. Civ. Code § 1770(a)(5), as alleged above; and (b) its violations of the California's Computer Data Access and Fraud Act, Cal. Pen. Code, § 502, as alleged below.

38.     Defendant's acts and practices described above also violate the UCL's proscription against engaging in fraudulent conduct. As more fully described above, Defendant's statements and omissions about its collection of Plaintiffs' call and text data was likely to deceive reasonable consumers. Indeed, while Defendant led Plaintiffs and members of the Class to believe that Defendant was not collecting call and text data, Defendant was in fact collecting such data. Said acts are fraudulent business practices.

39.     Defendant's acts and practices described above also violate the UCL's proscription against engaging in unfair conduct.

40.     Plaintiffs and Class members suffered injuries caused by Defendant's misrepresentations because: (a) Plaintiffs suffered an invasion of their privacy as a result of Defendant collecting their call logs and text data without authorization, and (b) Plaintiffs were

deprived of any income that Defendant generated through its unauthorized use or sale of their call logs and text data.

41.     There is no benefit to consumers or competition from deceptively collecting Plaintiffs' and Class members' call logs and text data.

42.     Plaintiffs and the other Class members had no way of reasonably knowing that Defendant was collecting their call logs and text data without authorization.  Thus, they could not have reasonably avoided the injury each of them suffered.

43.     The gravity of the consequences of Defendant's conduct as described above outweighs any justification, motive, or reason therefore, particularly considering the available legal alternatives which exist in the marketplace, and such conduct is immoral, unethical, unscrupulous, offends established public policy, or is substantially injurious to Plaintiffs and other Class members.

44.     Pursuant to California Business and Professional Code § 17203, Plaintiffs and the Class seek an order of this Court that includes, but is not limited to, an order requiring Defendant to: (a) provide compensation to Plaintiffs and the Class for its invasion of privacy; (b) disgorge all revenues obtained as a result of violations of the UCL; and (c) pay Plaintiffs' attorneys' fees and costs.

### COUNT III
**Violation California's Computer Data Access and
Fraud Act, Cal. Pen. Code, § 502**

45.     Plaintiffs incorporate by reference and re-allege herein all paragraphs alleged above.

46.     Plaintiffs bring this claim individually and on behalf of the members of the Class.

47.     Defendant knowingly accessed and without permission used Plaintiffs' and Class members' data in order to wrongfully control or obtain property or data in violation of California Penal Code § 502(c)(1).

48.     Defendant knowingly accessed and without permission took, copied, and/or used data from Plaintiffs' and Class members' computers, computer systems and/or computer network in violation of California Penal Code § 502(c)(2).

49.     Defendant knowingly and without permission used or caused to be used Plaintiffs' and Class members' computer services in violation of California Penal Code § 502(c)(3).

50.     Defendant knowingly and without permission accessed or caused to be accessed Plaintiffs' and Class members' computers, computer systems, and/or computer network in violation of California Penal Code § 502(c)(7).

51.     Plaintiffs and Class members suffered and continue to suffer damage as a result of Defendant's violations of the California Penal Code § 502 identified above.

52.     Defendant's conduct also caused irreparable and incalculable harm and injuries to Plaintiffs and Class members in the form of invading their privacy, and, unless enjoined, will cause further irreparable and incalculable injury, for which Plaintiffs and Class members have no adequate remedy at law.

53.     Defendant willfully violated California Penal Code § 502 in disregard and derogation of the rights of Plaintiffs and Class members, and Defendant's actions as alleged above were carried out with oppression, fraud and malice.

54.     Pursuant to California Penal Code § 502(e), Plaintiffs and Class members are entitled to injunctive relief, compensatory damages, punitive or exemplary damages, attorneys' fees, costs and other equitable relief.

**COUNT IV**
**California Constitutional Right to Privacy**

55.     Plaintiffs incorporate by reference and re-allege herein all paragraphs alleged above.

56.     Plaintiffs bring this claim individually and on behalf of the members of the Class.

57.     Plaintiffs and Class members have a legal protected privacy interest in their call logs and text data, as codified, among other places, in California's Computer Data Access and Fraud Act, Cal. Pen. Code, § 502.

58.     Plaintiffs and Class members had a reasonable expectation of privacy in this data given that Defendant did not disclose that it was collecting Plaintiffs' and Class members' call logs and text data and such data is necessarily of a highly sensitive and private nature.

59.     Defendant's conduct in surreptitiously collecting this data constituted a serious violation of Plaintiffs' and Class members' privacy interests.

**COUNT V**
**Intrusion Upon Seclusion**

60.     Plaintiffs incorporate by reference and re-allege herein all paragraphs alleged above.

61.     Plaintiffs bring this claim individually and on behalf of the members of the Class.

62.     Plaintiffs and Class members had a reasonable expectation of privacy in their call logs and text data – data that they did not give Defendant permission to access.

63.     Defendant intentionally intruded into Plaintiffs' and Class members' private information by collecting their call logs and text data without their permission and without providing notice.

64.     This intrusion into Plaintiffs' and Class members' private information would be highly offensive to a reasonable person.

65.     Defendant's intrusion of seclusion caused damage to Plaintiffs and Class members by invading their privacy and depriving them of any income that Defendant generated through its unauthorized use or sale of their call logs and text data.

**COUNT VI**
**Trespass To Personal Property**

66.     Plaintiffs incorporate by reference and re-allege herein all paragraphs alleged above.

67.     Plaintiffs bring this claim individually and on behalf of the members of the Class.

68.     Defendant, intentionally and without consent, authorization or other legal justification, collected Plaintiffs' and Class members' private call logs and text data.

69.     Defendant's intentional and unjustified collection of Plaintiffs' and Class members' private call logs and text data interfered with their possessory interest in such property.

70.     Defendant's unauthorized collection and use of Plaintiffs' and Class members' private call logs and text data caused damage to Plaintiffs and Class members by invading their privacy and depriving them of any income that Defendant generated through its unauthorized use or sale of such data.

## COUNT VII
### Deceptive Acts Or Practices, New York
### Gen. Bus. Law § GBL 349

71.     Plaintiffs Williams and Brumfield incorporate by reference and re-allege herein all paragraphs alleged above.

72.     Plaintiffs Williams and Brumfield bring this claim individually and on behalf of the members of the New York Subclass.

73.     By the acts and conduct alleged herein, Defendant committed unfair or deceptive acts and practices by collecting Plaintiffs Williams and Brumfield, and Subclass members', call logs and text data without their permission and after disclosing only that it was collecting Plaintiffs Williams and Brumfield and Subclass members' "contact information."

74.     The foregoing deceptive acts and practices were directed at consumers.

75.     The foregoing deceptive acts and practices were misleading in a material way because they fundamentally misrepresented the types of data that Defendant collected.

76.     Plaintiffs Williams and Brumfield and New York Subclass members were injured as a direct and proximate result of Defendant's violation because Defendant thereby invaded their privacy and deprived them of any income that Defendant generated through its unauthorized use or sale call logs and text data.

77.     On behalf of themselves and other members of the New York Subclass, Plaintiffs Williams and Brumfield seek to enjoin the unlawful acts and practices described herein, to recover their actual damages or fifty dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees.

## COUNT VIII
### Unjust Enrichment

78.     Plaintiffs incorporate by reference and re-allege herein all paragraphs alleged above.

79.     Plaintiffs bring this claim individually and on behalf of the members of the Class.

80.     Plaintiff and Class members conferred a benefit upon Defendant by providing it, unwittingly, with call logs and text data.  Defendant profited from this collection of data by incorporating it into its profile on each user, which it monetized for advertising purposes.

81.     Because Defendant's retention of the non-gratuitous benefits conferred on it by Plaintiffs and Class members is unjust and inequitable, Defendant must pay restitution to Plaintiffs and Class members for its unjust enrichment, as ordered by the Court.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, seek judgment against Defendant, as follows:

a.     For an order certifying the nationwide Class and the Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiffs as the representatives of the Class and Subclass and Plaintiffs' attorneys as Class Counsel to represent members of the Class and Subclass;

b.     For an order declaring the Defendant's conduct violates the statutes referenced herein;

c.     For an order finding in favor of Plaintiffs, the nationwide Class, and the Subclass on all counts asserted herein;

d.     For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

e.     For prejudgment interest on all amounts awarded;

f.     For an order of restitution and all other forms of equitable monetary relief; and

g.     For an order awarding Plaintiffs, the Class, and the Subclass their reasonable attorneys' fees and expenses and costs of suit.

**DEMAND FOR TRIAL BY JURY**

Plaintiffs demand a trial by jury of all issues so triable.

1

Dated: March 27, 2018                    Respectfully submitted,

2

3                                        **BURSOR & FISHER, P.A.**

4                                        By:    /s/ *L. Timothy Fisher*
                                                L. Timothy Fisher

5                                        L. Timothy Fisher (State Bar No. 191626)
                                         1990 North California Boulevard, Suite 940
6                                        Walnut Creek, CA  94596
                                         Telephone: (925) 300-4455
7                                        Facsimile:  (925) 407-2700
                                         E-Mail: ltfisher@bursor.com

8                                        **BURSOR & FISHER, P.A.**
9                                        Scott A. Bursor (State Bar No. 276006)
                                         888 Seventh Avenue
10                                       New York, NY  10019
                                         Telephone: (212) 989-9113
11                                       Facsimile:  (212) 989-9163
                                         E-Mail: scott@bursor.com

12

13                                       *Attorneys for Plaintiffs*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>CLRA Venue Declaration Pursuant to California Civil Code Section 1780(d)</u>**

I, L. Timothy Fisher, declare as follows:

1.      I am counsel for Plaintiffs, and I am a partner at Bursor & Fisher, P.A.  I make this declaration to the best of my knowledge, information, and belief of the facts stated herein.

2.      The complaint filed in this action is filed in the proper place for trial because a substantial portion of the transaction occurred in this District, in that Plaintiffs allege that Facebook is a citizen of California, maintains its worldwide corporate headquarters in this District, developed the Facebook Messenger and Facebook Lite apps in this District, distributed and advertised the Facebook Messenger and Facebook Lite apps in this District, formulated its data retention policies in this District, and monetized users' data (including Plaintiffs' data) in this District.

3.      Plaintiffs allege that they installed the Facebook Messenger and Facebook Lite for their personal and household use.  Plaintiffs allege that they did not understand that Facebook Messenger and Facebook Lite would scrape their call and text logs.  Plaintiffs allege that in all reasonable probability, they would not have installed or used the Facebook Messenger and Facebook Lite apps, or would have used them on materially different terms, had they known the truth about the apps' practice of scraping call and text logs.

4.      Plaintiffs allege that Facebook's omissions concerning its practice of scraping call and text logs played a substantial part, and so had been a substantial factor, in their decision to install and use Facebook Messenger and Facebook Lite.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct, executed on March 27, 2018 at Walnut Creek, California.


_____*/s/ L. Timothy Fisher*_____
                        L. Timothy Fisher

**EXHIBIT A**

# BURSOR & FISHER
P.A.

**1990 NORTH CALIFORNIA BLVD.**
**SUITE 940**
**WALNUT CREEK, CA 94596-7351**
**www.bursor.com**

**L. TIMOTHY FISHER**
Tel: **925.300.4455**
Fax: **925.407.2700**
ltfisher@bursor.com

March 27, 2018

_**Via Certified Mail – Return Receipt Requested**_

Facebook, Inc.
1 Hacker Way
Menlo Park, CA 94025

Re:     *Demand Letter Pursuant to California Civil Code § 1782*

To Whom It May Concern:

This letter serves as a preliminary notice and demand for corrective action by Facebook, Inc. ("Facebook"), pursuant to the provisions of California Civil Code § 1782, on behalf of our clients, Anthony Williams, Tyoka Brumfield, and Wendy Burnett, and a class of all similarly situated users of Facebook Messenger or Facebook Lite for the Android smartphone OS (the "Class").

Our clients installed the Facebook Messenger and Facebook Lite apps on their Android smartphones during the relevant time period, and prior to October 2017, for their personal and household use. During installation, our clients granted Facebook permission to access their "Contact List," but they did not consent to Facebook scraping their call and text logs. Based on information and belief, the Facebook Messenger and Facebook Lite apps scraped their call and text logs, transferred them to Facebook, and monetized these data for advertising purposes. Our clients did not understand that Facebook Messenger and Facebook Lite would scrape their call and text logs. In all reasonable probability, our clients would not have installed or used the Facebook Messenger and Facebook Lite apps, or would have used them on materially different terms, had they known the truth about the apps' practice of scraping call and text logs. Facebook's misrepresentations and omissions concerning its practice of scraping call and text logs played a substantial part, and so had been a substantial factor, in their decision to install and use Facebook Messenger and Facebook Lite.

By misrepresenting the Products' characteristics, Facebook has violated and continues to violate subsections (a)(5) of the California Consumers Legal Remedies Act, Civil Code § 1770.

On behalf of our client and the Class, we hereby demand that Facebook immediately (1) purges its extant call and text logs acquired through these apps; (2) issues an immediate recall of the Facebook Messenger and Facebook Lite apps; and (3) makes full restitution to all users of the Facebook Messenger and Facebook Lite apps.

**BURSOR&FISHER** P.A.

We also demand that Facebook preserve all documents and other evidence which refer or relate to any of the above-described practices including, but not limited to, the following:

1.     All documents concerning the research, development, design, and/or testing of Facebook Messenger and Facebook Lite;

2.     All documents concerning the advertisement and marketing of Facebook Messenger and Facebook Lite;

3.     All documents concerning privacy disclosures for Facebook Messenger and Facebook Lite;

5.     All documents concerning the collection of call and text logs from users of Facebook Messenger and Facebook Lite; and

6.     All documents concerning the total revenue derived from the monetization of call and text logs from users of Facebook Messenger and Facebook Lite, nationwide and by state.

If you contend that any statement in this letter is inaccurate in any respect, please provide us with your contentions and supporting documents immediately upon receipt of this letter.

This letter also serves as a thirty (30) day notice and demand requirement under Cal. Civ. Code § 1782 for damages.  Accordingly, should you fail to rectify the situation on a class-wide basis within 30 days of receipt of this letter, we will seek actual damages, plus punitive damages, interest, attorneys' fees and costs.

Please contact me right away if you wish to discuss an appropriate way to remedy this matter.  If I do not hear from you promptly, I will take that as an indication that you are not interested in doing so.

Very truly yours,

L. Timothy Fisher