UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY WILLIAMS, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>FACEBOOK, INC.,<br><br>　　　　Defendant. | Case No. 18-cv-01881-RS<br><br>**ORDER GRANTING MOTION FOR CONSOLIDATION AND MOTION FOR APPOINTMENT OF INTERIM LEAD COUNSEL** |

Plaintiffs in five related cases brought suit against Facebook, Inc., for collecting user personal call and text history from Android phones while they were not using a Facebook application. Plaintiff Tracy moved for consolidation of the related cases, without any filed opposition. Separately, plaintiffs Williams, Tracy, and Condelles, also moved to appoint interim lead counsel. Consolidation is appropriate, as is appointing Bursor & Fisher, P.A., as interim lead counsel.

**DISCUSSION**

**I.　Consolidation**

The parties do not oppose consolidation. Under Rule 42, when related cases involve common questions of law or fact they may be consolidated. Plaintiff Tracy moved for consolidation of the related cases *Tracy, et al. v. Facebook, Inc.*, Case No. 3:18-cv-02128-RS, *Renken, et al. v. Facebook, Inc.*, Case No. 3:18-cv-01896-RS, *Sternemann, et al. v. Facebook, Inc.*, Case No. 3:18-cv-02677-SK, and *Condelles v. Facebook, Inc.*, Case No. 18-cv-2727-EMC, with *Williams, et al., v. Facebook, Inc.*, Case No. 3:18-cv-01881-RS. Each case raises similar claims against Facebook's personal data collection. As such, the motion for consolidation is granted.

**II.     Appointment of Interim Lead Counsel**

There are three competing motions for appointment as interim lead counsel. *Williams* counsel, Bursor & Fisher, P.A., seek their sole appointment. Pl.'s Mot. for Appointment of Interim Class Counsel, *Williams, et al., v. Facebook, Inc.*, Case No. 3:18-cv-01881-RS (Dkt. No. 10). Plaintiffs in *Renken*, *Tracy*, and *Sternemann* propose an interim lead counsel, a two-firm management committee, and interim liaison counsel. Pl.'s Mot. for Appointment of Interim Class Counsel, *Tracy, et al. v. Facebook, Inc.*, Case No. 3:18-cv-02128-RS (Dkt. No. 17). *Condelles* counsel offer Spector Roseman & Kodroff, P.C. as interim lead counsel and Tycko & Zavareei LLP as interim liaison counsel. Pl.'s Mot. for Appointment of Interim Lead Counsel, *Condelles v. Facebook, Inc.*, Case No. 18-cv-2727-EMC (Dkt. No. 5). The single-firm leadership structure is preferable, and Bursor & Fisher is best suited for appointment as interim lead counsel.

Rule 23 allows designating interim lead counsel before class certification. In situations with numerous law firms competing for lead counsel, as there are here, appointing an interim counsel clarifies responsibility for protecting class interests. MANUAL FOR COMPLEX LITIGATION (Fourth) § 21.11 (2004). The appointed interim lead counsel must have: (1) worked to investigate claims in the case; (2) experience in class actions of the type in the case; (3) knowledge of the applicable law; and (4) adequate resources committed to best represent the class. Fed. R. Civ. P. 23(g). In addition, courts may consider any other matters pertinent to the interests of the class.

Applying the Rule 23 factors, every movant has established their ability to represent the class adequately, but Bursor & Fisher completed the most pre-complaint investigative work by a single firm in this case. *Tracy*, *Renken*, and *Sternemann* counsel investigated claims and interviewed potential class representatives, the *Renken* counsel have reached out to experts, and *Tracy* counsel have taken a leadership role in conferring with other counsel in this case. *Condelles* counsel also investigated claims, interviewed potential class representatives, conducted research on the defendant, and reviewed news sources on the alleged misconduct. Bursor & Fisher individually investigated potential legal claims, analyzed defendant's representations related to the issues in this case, conducted research on the defendant, interviewed potential class representatives, and investigated potential experts.

2

In addition, Bursor & Fisher offer a single-firm leadership structure preferred over having a committee or liaison counsel. Shared leadership structures are disfavored for their tendency to complicate and bloat the litigation. *Nicolow v. Hewlett Packard Co.*, No. 12-05980 CRB, 2013 WL 792642, at *9 (N.D. Cal. Mar. 4, 2013). As a result, this circuit routinely denies requests to appoint committees without showing they are necessary. *Aberin v. Am. Honda Motor Co., Inc.*, No. 16-CV-04384-JST, 2017 WL 3641793, at *2 (N.D. Cal. Aug. 24, 2017). According to the Manual of Complex Litigation (Fourth) § 10.221 (2004), committees of counsel are more commonly needed when member interests are dissimilar. Counsel have not adequately shown how class interests are divergent in this case, or how a shared leadership structure would better serve the interests of efficiency.

For the reasons set forth above, plaintiff Tracy's motion for consolidation is granted. Plaintiff Williams' motion to appoint Bursor & Fisher as interim lead counsel is granted. Plaintiff Tracy and plaintiff Condelles' competing motions to appoint interim lead counsel are denied. This order is without prejudice to defendant Facebook's rights to challenge counsels' adequacy in subsequent class certification, and without prejudice to other counsels' ability to bring a subsequent motion to revisit interim lead counsel or interim liaison counsel if there is a need. It is also worth noting this order does not preclude any firms not selected as interim counsel from future involvement in this case, though this is largely at the discretion of the interim lead counsel.

**IT IS SO ORDERED.**

Dated: June 26, 2018

_____
RICHARD SEEBORG
United States District Judge