1
2
3
4

**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail:  ltfisher@bursor.com

5
6
7
8
9

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
888 7th Avenue
New York, New York 10019
Telephone: (646) 837-7150
Facsimile:  (212) 989-9163
E-Mail: scott@bursor.com

10

*Interim Class Counsel*

11
12
13

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

14
15
16
17

ANTHONY WILLIAMS, TYOKA BRUMFIELD, WENDY BURNETT, LAWRENCE OLIN, HAROLD NYANJOM, SHERON SMITH-JACKSON, and JANICE VEGA-LATKER, individually and on behalf of all others similarly situated,

18

Plaintiffs,

19

v.

20

FACEBOOK, INC.,

21

Defendant.

22
23

**THIS FILING CONCERNS THE FOLLOWING CASES:**

24
25

*Velma Serina Rankins v. Facebook, Inc.*, **Case No. 3:18-cv-05350-VC (N.D. Cal.);**

26
27

*Susan Hwang v. Facebook, Inc.*, **Case No. 4:18-cv-05357-JSW (N.D. Cal.)**

28

Case No.  3:18-cv-01881-RS

**PLAINTIFFS' NOTICE OF ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED; MEMORANDUM OF POINTS AND AUTHORITIES; SUPPORTING DECLARATION OF L. TIMOTHY FISHER**

| Hearing Date: | N/A |
|---|---|
| Time: | N/A |
| Dept.: | N/A |
| Judge: | Hon. Richard Seeborg |

# NOTICE OF ADMINISTRATIVE MOTION TO RELATE CASES

TO:   THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD

PLEASE TAKE NOTICE that, pursuant to Local Rules 3-12(b) and 7-11, before the Honorable Judge Richard Seeborg, District Judge of the United States District Court for the Northern District of California, San Francisco Courthouse, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Plaintiffs Anthony Williams, Tyoka Brumfield, Wendy Burnett, Lawrence Olin, Harold Nyanjom, Sheron Smith-Jackson, and Janice Vega-Latker (collectively, the "*Williams* Plaintiffs") and their counsel hereby move the Court to consider whether the actions entitled *Velma Serina Rankins v. Facebook, Inc.*, Case No. 3:18-cv-05350-VC (N.D. Cal. Aug. 30, 2018) and *Susan Hwang v. Facebook, Inc.*, Case No. 4:18-cv-05357-JSW (N.D. Cal. Aug. 30, 2018) are related to the lower-numbered *Williams* action.

DATED:  October 1, 2018

**BURSOR & FISHER, P.A.**

By:   */s/ L. Timothy Fisher*
L. Timothy Fisher

L. Timothy Fisher (State Bar No. 191626)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail:  ltfisher@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
888 7th Avenue
New York, New York 10019
Telephone: (646) 837-7150
Facsimile:  (212) 989-9163
E-Mail: scott@bursor.com

*Interim Class Counsel*

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION**

Based solely on the allegations, the *Rankins* and *Hwang* matters should be related to the lower-filed *Williams* matter. All three actions concern a common defendant, Facebook, Inc. ("Facebook"). All three actions involve the same conduct of Facebook, namely the unlawful disclosure of user data to third party entities. *See Williams* Compl., ¶¶ 24-25; *Rankins* Compl., ¶¶ 1, 60; *Hwang* Compl., ¶ 8. All three actions call for determination of the same or substantially similar questions of law and fact in terms of potential liability. As a result, these cases would entail substantial duplication of labor if heard by different judges, and should be related.

However, this is not a typical motion to relate. As will be discussed below, the filing of the *Rankins* and *Hwang* matters appear to be a maneuver to wrestle leadership from Bursor & Fisher, P.A., the firm the Court appointed as sole interim class counsel in the consolidated *Williams* case. Dkt. No. 51. Specifically, the *Rankins* and *Hwang* matters were filed by five firms – and five lawyers – who previously lost competing motions for the appointment of interim class counsel. *See id.* In fact, the *Rankins* and *Hwang* matters copy allegations previously brought in the consolidated *Williams* complaint. *See infra*. And now, without even notifying counsel to the *Williams* Plaintiffs, the *Rankins* and *Hwang* plaintiffs have filed a duplicative motion for the appointment of interim class counsel in *Rankins*, as an attempt to get a second bite at the apple. *See infra*. The Court should not tolerate this gamesmanship, and should relate the *Rankins* and *Hwang* matters to *Williams*.

**II.     FACTUAL BACKGROUND**

**A.      The *Williams* Matter Is Filed, And Is Followed By Four Copycats**

On March 24, 2018, a technology website called Ars Technica reported that Facebook scrapes users' call logs and text data by exploiting a software vulnerability in the permission settings of older versions of the Android OS. *See Williams* Compl. ¶¶ 19-26. Specifically, when users install the Facebook Messenger or Facebook Lite apps for Android, they are prompted to grant the Facebook Messenger and Facebook Lite apps access to the users' "Contact List" on their

Android devices. *Id.* However, prior to Android version 4.1, granting Facebook Messenger and Facebook Lite access to users' "Contact List" also granted Facebook Messenger and Facebook Lite access to users' call and text logs by default. *Id.* This vulnerability was patched in later versions of the Android OS, but Android applications (including Facebook Messenger and Facebook Lite) could bypass this patch by specifying that they were using an older, pre-patched version of the Android Software Development Kit ("SDK"). *Id.* Ultimately, the Android OS fully deprecated this functionality in all versions of the Android SDK in October 2017. *Id.*

The Ars Technica report became the cornerstone for the allegations in the *Williams* matter, filed on March 27, 2018, which brought class action claims on behalf of users of the Facebook Messenger and Facebook Lite smartphone apps for Android. *See Williams* First Amended Consolidated Complaint ("FACC") ¶ 1 ("When users install these apps, they are prompted to grant Facebook access to the their 'Contact List.' But upon doing so, the Facebook Messenger and Facebook Lite apps for Android scrape users' call and text logs.").

Subsequently, four copycat matters were filed by a number of other plaintiffs' firms, each of which were based on the same Ars Technica article and traced the same allegations brought in the first-filed *Williams* complaint. The four copycat matters are:

(i) *Renken, et al. v. Facebook, Inc.*, Case No. 5:18-cv-01896 (N.D Cal. Mar. 27, 2018) (plaintiffs represented by Morgan & Morgan Complex Litigation Group; Clayeo C. Arnold, P.C.; and Abbott Law, P.A.);

(ii) *Tracy v. Facebook, Inc.*, Case No. 3:18-cv-02128 (N.D. Cal. Apr. 9, 2018) (plaintiff represented by The Hannon Law Firm, LLC, among other counsel);

(iii) *Sternemann, et al. v. Facebook, Inc.*, Case No. 3:18-cv-02677 (N.D. Cal. May 7, 2018); and

(iv) *Condelles v. Facebook, Inc.*, Case No. 3:18-cv-02727 (N.D. Cal. May 9, 2018) (plaintiff represented by Tycko & Zavareei, among other counsel).

Each of these four copycat matters were later related to and consolidated with the *Williams* matter.

### B.     The Court Appoints Bursor & Fisher As Interim Class Counsel

On June 26, 2018, the Court considered "three competing motions for appointment as interim class counsel" in regards to the *Williams* matter and the four copycat matters (*i.e.*, *Renken*, *Tracy*, *Sternemann*, and *Condelles*).  Dkt. No. 51.  Specifically, counsel to the first-filed *Williams* plaintiffs, Bursor & Fisher, P.A., moved for the appointment of sole interim class counsel.  Additionally, plaintiff's counsel in the *Condelles* matter, Tycko & Zavareei and Spector Roseman & Kodroff, P.C., moved for the appointment of their counsel as interim class counsel.  Lastly, plaintiffs' counsel in the *Renken*, *Tracy*, and *Sternemann* matters proposed a complex arrangement involving at least four different law firms and three separate committee positions:  (1) "John A. Yanchunis of Morgan & Morgan Complex Litigation Group as Interim Lead Counsel," (2) "Steven Teppler of The Abbot Law Group, P.A. … to the Management Committee," (3) "Kevin S. Hannon of The Hannon Law Firm, LLC to the Management Committee," and (4) "Kevin Ruf of Glancey Prongay & Murray LLP as Interim Liaison Counsel."  5/10/18 *Tracy* Mot. at i, 5, Dkt. No. 17.

Preliminarily, the Court found that the *Williams*, *Renken*, *Sternemann*, and *Condelles* matters "raise[] similar claims [concerning] Facebook's personal data collection."  6/26/18 Order at 1.  The Court then concluded that plaintiffs' counsel in the first-filed *Williams* matter, Bursor & Fisher, P.A., "is best suited for appointment of interim class counsel."  6/26/18 Order at 2.  Among other considerations, the Court's decision was based on its finding that "Bursor & Fisher completed the most pre-complaint investigative work by a single firm in this case," having "individually investigated potential legal claims, analyzed defendant's representations related to the issues in this case, conducted research on the defendant, interviewed potential class representatives, and investigated potential experts."  *Id.* at 2.  Furthermore, the Court found that "[t]he single-firm leadership structure is preferable" over "having a committee or liaison counsel."  *Id.* at 2-3.

### C.     Interim Class Counsel Files The Operative Consolidated Complaint In *Williams*, With New Allegations About Facebook's Data-Sharing Agreements

On July 13, 2018, the *Williams* Plaintiffs filed their operative consolidated complaint.  *See* Dkt. No. 52.  Included in the operative *Williams* complaint were additional allegations about

Facebook's data-sharing agreements. These allegations concern Facebook's subsequent monetization and usage of the data scraped by Facebook Messenger and Facebook Lite:

> On June 29, 2018, Facebook produced 747 pages of documents to Congress, which show that Facebook has agreements in place to share its user data with 61 different entities. These entities include Apple, UPS, Microsoft, Blackberry, and Samsung. Accordingly, Facebook shares or disseminates the scraped user data with these 61 entities.

*Williams* FACC, ¶¶ 24-25 (emphasis added).[1,2]

### D. Five Law Firms Who Were Not Selected As Interim Class Counsel In *Williams* File A Second Round Of Copycats – The *Rankins* And *Hwang* Matters – With The Same Allegations As The Consolidated *Williams* Complaint

On August 30, 2018, five of the plaintiffs' firms who were not selected by the Court as interim class counsel filed a second round of copycat matters. Specifically, Tycko & Zavareei filed the *Rankins* matter, based on the same allegations that "Facebook shares its users' personal data with third-party mobile device makers ... including Apple, Amazon, and Samsung …." *Rankins* Compl., ¶ 1 (emphasis added); *see also id.* ¶ 60 ("Starting in 2007, Facebook entered into data-sharing partnerships with over 60 device makers giving them access to users' data, including information about friends whose privacy settings did not permit Facebook to share their information with third parties.") (emphasis added).

Additionally, the *Hwang* matter was filed by Clayeo C. Arnold, P.C., Morgan & Morgan, The Hannon Law Firm, LLC and Abbott Law Group, P.A., similarly based on the same allegations that were added to the consolidated *Williams* complaint. *Hwang* Compl., ¶ 8 ("Facebook, without authorization, or by exceeding whatever limited authorization it, or its agents, had, permitted device manufacturers, including Apple, Amazon, Blackberry, Microsoft, Samsung, and other smartphone, mobile, and other device manufacturers, to improperly collect and use the Personal Information of users – numbering in the millions – of Facebook's applications.") (emphasis added).

---

[1] When the operative *Williams* consolidated complaint was filed, counsel to the *Renken*, *Tracy*, *Sternemann*, and *Condelles* matters were served with a copy via the Court's ECF system, as their matters were previously related to and consolidated with *Williams*.

[2] These allegations are a core component of the *Williams* Plaintiffs' theory of liability. *See*, *e.g.*, *Williams* Compl., ¶¶ 89-92 (unjust enrichment claim based on Facebook's disclosure and monetization of the data that it collected from users).

### E. The *Rankins* And *Hwang* Plaintiffs Move For The Appointment Of Interim Class Counsel, Without Notifying *Williams*

Given that the *Rankins* and *Hwang* complaints were filed on the same day, with the same allegations, and with the same firms that lost a leadership dispute in the *Williams* matter, it would appear that the firms in *Rankins* and *Hwang* are attempting to coordinate their efforts to defeat the order appointing Bursor & Fisher as interim class counsel. That suspicion is now confirmed.

On September 12, 2018, plaintiff Hwang filed an administrative motion to relate the *Rankins* and *Hwang* matters, which is still pending. Furthermore, on September 21, 2018, plaintiff Rankins filed a joint motion to appoint Morgan & Morgan (*i.e.*, counsel to plaintiff Rankins) and Tycko & Zavareei (*i.e.*, counsel to plaintiff Hwang) as interim class counsel to the *Rankins* and *Hwang* matters. These firms filed the above-referenced motions without any effort to notify or serve Bursor & Fisher, P.A., interim class counsel to the consolidated *Williams* matter.[3]

### III. THE *RANKINS* AND *HWANG* MATTERS SHOULD BE RELATED TO THE LOWER-NUMBERED *WILLIAMS* MATTER

Under L.R. 3-12(a)(1) and (2), the *Rankins* and *Hwang* matters should be related to the lower-numbered *Williams* matter because (1) "[t]he actions concern substantially the same parties, property, transaction[s] [and] events;" and (2) "[i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results."

As set forth above, the *Williams*, *Rankins*, and *Hwang* matters arise from the same or a closely related transaction, happening, or event as they both arise out of Defendant's surreptitious "scraping" of Android cell phone users' data via Defendant's Facebook Messenger and Facebook Lite applications and subsequent disclosure to 61 different entities, include Apple, UPS, Microsoft, Blackberry, and Samsung. *See Williams* Compl., ¶¶ 24-25; *Rankins* Compl., ¶¶ 1, 60; *Hwang* Compl., ¶ 8. All three actions name Facebook as a defendant. All three actions call for determination of the same or substantially similar questions of law and fact in terms of potential liability. Relating these cases is appropriate.

---

[3] In fact, the following attorneys have participated in both *Rankins / Hwang* and *Tracy / Renken / Sternemann / Condelles*: John Yanchunis of Morgan & Morgan; Steven Teppler of Abbot Law Group, P.A.; Clayeo Arnold and Joshua Watson of Clayeo C. Arnold, P.C.; and Kevin Hannon of The Hannon Law Firm, LLC.

| | |
|---|---|
| DATED: October 1, 2018 | **BURSOR & FISHER, P.A.** |
| | By: ___/s/ L. Timothy Fisher_____ |
| | L. Timothy Fisher |
| | L. Timothy Fisher (State Bar No. 191626) |
| | 1990 North California Blvd., Suite 940 |
| | Walnut Creek, CA 94596 |
| | Telephone: (925) 300-4455 |
| | Facsimile: (925) 407-2700 |
| | E-Mail: ltfisher@bursor.com |
| | |
| | **BURSOR & FISHER, P.A.** |
| | Scott A. Bursor (State Bar No. 276006) |
| | 888 7th Avenue |
| | New York, New York 10019 |
| | Telephone: (646) 837-7150 |
| | Facsimile: (212) 989-9163 |
| | E-Mail: scott@bursor.com |
| | |
| | *Interim Class Counsel* |

# DECLARATION OF L. TIMOTHY FISHER

I, L. Timothy Fisher, declare:

1. I am an attorney duly admitted to practice before this Court. I am a partner of the law firm of Bursor & Fisher, P.A, which has been appointed as interim class counsel in this action. I have personal knowledge of the facts set forth below.

2. The operative consolidated complaint in the *Williams* matter, Case No. 3:18-cv-01881-RS, was filed on July 13, 2018, naming Facebook, Inc. as the Defendant. The action seeks relief on behalf of a class of all persons who registered for Facebook accounts in the United States and whose personal communication information was obtained from Facebook via cell phone applications, and brings claims under state consumer protection statutes, including California and New York. As part of their amended pleadings, the plaintiffs allege that "Facebook has agreements in place to share its user data with 61 different entities. These entities include Apple, UPS, Microsoft, Blackberry, and Samsung." *Williams* FACC, ¶¶ 24-25.

3. The *Hwang v. Facebook, Inc.* matter, Case No. 4:18-cv-05357, was filed on August 30, 2018, naming Facebook, Inc. as the Defendant. That action alleges that "Facebook, without authorization, or by exceeding whatever limited authorization it, or its agents, had, permitted device manufacturers, including Apple, Amazon, Blackberry, Microsoft, Samsung, and other smartphone, mobile, and other device manufacturers, to improperly collect and use the Personal Information of users – numbering in the millions – of Facebook's applications." *Hwang* Compl., ¶¶ 8.

4. The *Rankins v. Facebook, Inc.* matter, Case No. 3:18-cv-05350, was filed on August 30, 2018, naming Facebook, Inc. as the Defendant. That action alleges that "Facebook shares its users' personal data with third-party mobile device makers ... including Apple, Amazon, and Samsung …." *Rankins* Compl., ¶ 1. The *Rankins* matter similarly alleges that "[s]tarting in 2007, Facebook entered into data-sharing partnerships with over 60 device makers giving them access to users' data, including information about friends whose privacy settings did not permit Facebook to share their information with third parties." *Rankins* Compl., ¶¶ 1, 60.

5.	As a result, the three actions are based on the same set of common facts, name similar defendants, and assert similar claims. Under L.R. 3-12, under these circumstances I believe the *Rankins* and *Hwang* matters should be related to this action, as the three actions will likely be the subject of a later motion for consolidation.

6.	On September 28, 2018, an associate at my firm communicated with plaintiffs' counsel in the *Hwang* and *Rankins* matters. The associate indicated that I would be filing this motion, explained the legal bases for the motion, and inquired whether plaintiffs' counsel in *Hwang* and *Rankins* would enter into an appropriate stipulation to relate those matters to *Williams*. However, plaintiffs' counsel in both *Hwang* and *Rankins* rejected the proposal and indicated that they would oppose the forthcoming motion to relate.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 1st day of October, 2018 at Walnut Creek, California.

_____*/s/ L. Timothy Fisher*_____