Lesley E. Weaver (SBN 191305)
BLEICHMAR FONTI & AULD LLP
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com

Derek W. Loeser (admitted *pro hac vice*)
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel.: (206) 623-1900
Fax: (206) 623-3384
dloeser@kellerrohrback.com

*Co-Lead Counsel for Plaintiffs in In Re: Facebook, Inc. Consumer Privacy User Profile Litigation*

*Additional counsel listed on signature page*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANTHONY WILLIAMS, TYOKA BRUMFIELD, WENDY BURNETT, LAWRENCE OLIN, HAROLD NYANJOM, SHERON SMITH-JACKSON, and JANICE VEGA-LATKER, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>FACEBOOK, INC.,<br><br>        Defendant. | Case No. 3:18-cv-01881-RS<br><br>**RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |

We are the plaintiffs in *In re: Facebook, Inc. Consumer Privacy User Profile Litigation*, No. 18-md-02843-VC (N.D. Cal.) (collectively, the "*Facebook MDL* Plaintiffs" or "Plaintiffs"). The *Facebook MDL* alleges that Facebook enabled third parties—most notoriously, Cambridge Analytica—to gather the content and information of Facebook users, in violation of law and without those users' authorization.

The *Facebook MDL* Plaintiffs are interested parties in the disposition of the present motion to relate (the "Motion"). Last month, the *Facebook MDL* Plaintiffs asked Judge Chhabria to relate *Rankins v. Facebook, Inc.*, No. 3:18-cv-05350-VC (N.D. Cal.) and *Hwang v. Facebook, Inc.*, No. 4:18-cv-05357-JSW (N.D. Cal.) to the *Facebook MDL* because the gravamen of the claims in all of those cases is that Facebook entered into agreements with third parties to share users' content and information without their consent. *See* Motion to Relate, *Facebook MDL*, No. 18-md-02843 (N.D. Cal.), ECF No. 135. That motion is pending before Judge Chhabria.

The *Williams* Plaintiffs assert claims on behalf of Android users using a Facebook messaging application that allowed Facebook to improperly collect users' call and text log prior to October 2017.[1] For the reasons below, we respectfully submit that the *Williams* Plaintiffs' Motion should be denied. It does not demonstrate factual and legal overlap with *Rankins* and *Hwang*, or show that litigation of the cases before the same Judge will avoid duplication or conflict.

## I.   ARGUMENT

Under Civil Local Rule 3-12(a), a district court may relate cases if the party seeking relation demonstrates that: (1) "[t]he actions concern substantially the same parties, property, transaction or event; *and* (2) [i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." N.D. Cal. L.R. 3-12(a) (emphasis added); *see also Hodges v. Akeena Solar, Inc.*, No. CV 09-02147 JW, 2010 WL 2756536, at *1 (N.D. Cal. July 9, 2010). Because the *Williams*

---

[1] The "*Williams* Plaintiffs" are Anthony Williams, Tyoka Brumfield, Wendy Burnett, Lawrence Olin, Harold Nyanjom, Sheron Smith-Jackson, and Janice Vega-Latker.

Plaintiffs' Motion fails to satisfy Rule 3-12's requirements, this Court should deny relation.

A. **The Actions Do Not Concern Substantially the Same Property, Transaction, or Event.**

The factual predicates of the *Hwang* and *Rankins* complaints (while related to the *Facebook MDL*) differ substantially from that of the *Williams* litigation, because they do not concern the same "transaction" or "event." N.D. Cal. L.R. 3-12(a). The *Williams* Plaintiffs pursue claims against Facebook for taking data about its users without the consent of either the device maker or the user. In contrast, the *Hwang* and *Rankins* plaintiffs (like the *Facebook MDL* Plaintiffs) allege that Facebook entered into agreements *with* device makers to improperly collect Facebook users' information and content without their consent.

The differences are apparent on the face of the complaints. The original 15-page complaint filed by the *Williams* Plaintiffs in March 2018 brought claims on behalf of Facebook users who installed Facebook Messenger and Facebook Lite in prior versions of Android operating systems. The *Williams* Plaintiffs alleged that the permissions on those two apps allowed Facebook to access users' contacts, but did not permit Facebook to "scrape" user call log and text information. The vulnerability was allegedly fixed in October 2017. Class Action Compl. ¶ 17, Mar. 27, 2018, ECF No. 1. Thus, the *Williams* Plaintiffs did not assert claims arising after October 2017 or claims about Facebook's agreements with third parties. In other words, the *Williams* case is about Facebook taking and using information about actions taken *outside* of its platform, not disclosing users' Facebook activity to third-party business partners.

Even after it was revealed that Facebook had improperly shared user content and information with third-party device makers without users' authorization, the *Williams* Plaintiffs did not materially alter their claims. In July of this year, the *Williams* Plaintiffs filed a 21-page consolidated complaint that noted, in a single paragraph, that Facebook entered into agreements with device makers to share users' information and content. But the consolidated complaint did not change the relief sought nor refine the class for which the claims were asserted. First Am. Consol. Class Action Compl. ¶ 25, July 13, 2018, ECF No. 52.

The *Hwang* and *Rankins* Plaintiffs filed their cases after it was revealed that Facebook

shared users' content and information not only with business partner Aleksandr Kogan (who then sold the information to yet another third party, Cambridge Analytica), but also with third-party device makers (and other third parties). *See Rankins v. Facebook, Inc.*, No. 3:18-cv-05350-VC (N.D. Cal. Aug. 30, 2018), ECF No. 1; *Hwang v. Facebook, Inc.*, No. 3:18-cv-05357-JSW (N.D. Cal. Aug. 30, 2018), ECF No. 1.  *Rankins* and *Hwang* focus solely on Facebook's agreements to share user content and information generated on the Facebook platform with device makers.

The foundation of the *Hwang* and *Rankins* actions, thus, is Facebook's agreements *with* device makers that allowed the device makers to collect users' *Facebook* data. The *Williams* action is based on Facebook's fraudulent and unconsented-to collection of its users' call logs and text data—data about user activity *outside* of Facebook—*without* the agreement of that single device maker. Unlike in *Williams*, the *Hwang* and *Rankins* plaintiffs allege that: (1) Facebook had agreements with the device makers to collect user content and information; (2) the device makers—not Facebook—were the parties collecting the data; and (3) the data collected was data generated while users were using Facebook, *not* call and text records.

We bring these points to the Court's attention because this Motion's disposition will affect the separate motion, pending before Judge Chhabria, in which we have sought to relate *Hwang* and *Rankins* to the *Facebook MDL*.[2]

## B. There Will Be No Unduly Burdensome Duplication of Labor and Expense or Conflicting Results

The *Williams* Plaintiffs cannot demonstrate "an unduly burdensome duplication of labor and expense or conflicting results," for two reasons. N.D. Cal. Local C.R. 3-12(a).

*First*, the claims are different.  The *Williams* Plaintiffs bring claims under the California

---

[2] Rankins suggests that *Rankins* and *Hwang* are not related to the *Facebook MDL*. The Court need not address that issue to resolve the Motion here. In any event, Rankins is wrong to suggest that Facebook's partnerships with device makers do not present substantially overlapping issues with its partnerships with app developers and other third parties. All of the agreements with those third parties implicate Facebook's application programming interfaces, its terms of service, users' consent and knowledge, and third parties' use of content and information collected on the Facebook platform, such that issues of disclosure, consent, injury, and damages substantially overlap in those actions. *See* Reply in Supp. of Mot. to Relate, *Facebook MDL*, No. 18-md-02843 (N.D. Cal.), ECF No. 141-1.

UCL and other states' consumer protection laws, seeking an injunction requiring Facebook to purge the call and text logs Facebook acquired through its Android apps and concordant damages.  In contrast, the *Hwang* and *Rankins* plaintiffs—like the *Facebook MDL* Plaintiffs—seek damages under the Stored Communications Act, certain common law claims, and the California UCL for the "absolute and intentional disregard with which Facebook chose to treat" the "Personal Information" from users' Facebook profiles. Compl. ¶ 3, *Hwang*, No. 3:18-cv-05357 (N.D. Cal.), ECF No. 1. These privacy and UCL claims are predicated on Facebook's misrepresentations to its users that it would not disclose the personal information in their user profiles to third parties.  This implicates questions of disclosure, injury, damages and class issues not implicated in *Williams*, and a forced marriage is more likely to cause inefficiencies than cure them.

***Second***, the *Williams* Plaintiffs' Motion is largely based on their perception that "the *Rankins* and *Hwang* matters appear to be a maneuver to wrestle leadership from Bursor & Fisher, P.A., the firm the Court appointed as sole interim class counsel in the consolidated *Williams* case." Mot. at 1. Whatever its merits, that argument is not directed to the requirements of Civil Local Rule 3-12(a).  If anything, relating the cases would *create* an undue burden of additional labor and expense, including a broadening of the class definition in *Williams*, and ultimately the need for additional new avenues of discovery.

## II.   CONCLUSION

For the foregoing reasons, the *Facebook MDL* Plaintiffs ask this Court to deny the *Williams* Plaintiffs' Motion.

Dated: October 5, 2018

KELLER ROHRBACK L.L.P.

By: */s/ Derek W. Loeser*
     Derek W. Loeser

Derek W. Loeser (admitted *pro hac vice*)
Lynn Lincoln Sarko (admitted *pro hac vice*)
Gretchen Freeman Cappio (admitted *pro hac vice*)
Cari Campen Laufenberg (admitted *pro hac vice*)
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel.: (206) 623-1900
Fax: (206) 623-3384
dloeser@kellerrohrback.com
lsarko@kellerrohrback.com
gcappio@kellerrohrback.com
claufenberg@kellerrohrback.com

Respectfully submitted,

BLEICHMAR FONTI & AULD LLP

By: */s/ Lesley E. Weaver*
     Lesley E. Weaver

Lesley E. Weaver (SBN 191305)
Matthew S. Weiler (SBN 236052)
Emily C. Aldridge (SBN 299236)
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com
mweiler@bfalaw.com
ealdridge@bfalaw.com

*Plaintiffs' Co-Lead Counsel, In Re: Facebook, Inc. Consumer Privacy User Profile Litigation*

## ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)

I, Derek W. Loeser, attest that concurrence in the filing of this document has been obtained from the other signatory. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 5th day of October, 2018, at Seattle, Washington.

/s/ *Derek W. Loeser*
Derek W. Loeser

## CERTIFICATE OF SERVICE

I, Derek W. Loeser, hereby certify that on October 5, 2018, I electronically filed the foregoing with the Clerk of the United States District Court for the Northern District of California using the CM/ECF system, which shall send electronic notification to all counsel of record.

/s/ *Derek W. Loeser*
Derek Loeser