1
2
3
4
5
6
7
8
9
10
11
12

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

13
14
15
16
17
18
19
20

| | |
|---|---|
| LAWRENCE OLIN, HAROLD NYANJOM, SHERON SMITH-JACKSON and JANICE VEGA-LATKER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FACEBOOK, INC.<br><br>Defendant. | Case No. 3:18-cv-01881 RS<br><br>**STIPULATED AND [PROPOSED] PROTECTIVE ORDER**<br><br>Hon. Richard Seeborg |

21
22
23
24
25
26
27
28

1.    PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 14.4, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.    DEFINITIONS

2.1    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3    Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE".

2.5    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things,

testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6   <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.7   <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8   <u>"HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items</u>: extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9   <u>House Counsel</u>: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10   <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11   <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.12   <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

1    2.13    Producing Party: a Party or Non-Party that produces Disclosure or Discovery

2    Material in this action.

3    2.14    Professional Vendors: persons or entities that provide litigation support services

4    (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and

5    organizing, storing, or retrieving data in any form or medium) and their employees and

6    subcontractors.

7    2.15    Protected Material: any Disclosure or Discovery Material that is designated as

8    "CONFIDENTIAL," as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or as

9    "HIGHLY CONFIDENTIAL – SOURCE CODE."

10    2.16    Receiving Party: a Party that receives Disclosure or Discovery Material from a

11    Producing Party.

12    3.    SCOPE

13    The protections conferred by this Stipulation and Order cover not only Protected Material

14    (as defined above), but also (1) any information copied or extracted from Protected Material; (2)

15    all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony,

16    conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

17    However, the protections conferred by this Stipulation and Order do not cover the following

18    information: (a) any information that is in the public domain at the time of disclosure to a

19    Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as

20    a result of publication not involving a violation of this Order, including becoming part of the

21    public record through trial or otherwise; and (b) any information known to the Receiving Party

22    prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who

23    obtained the information lawfully and under no obligation of confidentiality to the Designating

24    Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

25    4.    DURATION

26    Even after final disposition of this litigation, the confidentiality obligations imposed by

27    this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court

28    order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all

1  claims and defenses in this action, with or without prejudice; and (2) final judgment herein after

2  the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this

3  action, including the time limits for filing any motions or applications for extension of time

4  pursuant to applicable law.

5  5.      DESIGNATING PROTECTED MATERIAL

6         5.1     Exercise of Restraint and Care in Designating Material for Protection. Each Party

7  or Non-Party that designates information or items for protection under this Order must take care

8  to limit any such designation to specific material that qualifies under the appropriate standards.

9  To the extent it is practical to do so, the Designating Party must designate for protection only

10  those parts of material, documents, items, or oral or written communications that qualify – so

11  that other portions of the material, documents, items, or communications for which protection is

12  not warranted are not swept unjustifiably within the ambit of this Order.

13         Mass, indiscriminate, or routinized designations are prohibited. Designations that are

14  shown to be clearly unjustified or that have been made for an improper purpose (e.g., to

15  unnecessarily encumber or retard the case development process or to impose unnecessary

16  expenses and burdens on other parties) expose the Designating Party to sanctions.

17         If it comes to a Designating Party's attention that information or items that it designated

18  for protection do not qualify for protection at all or do not qualify for the level of protection

19  initially asserted, that Designating Party must promptly notify all other parties that it is

20  withdrawing the mistaken designation.

21         5.2     Manner and Timing of Designations. Except as otherwise provided in this Order

22  (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,

23  Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so

24  designated before the material is disclosed or produced.

25         Designation in conformity with this Order requires:

26              (a) for information in documentary form (e.g., paper or electronic documents, but

27  excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing

28  Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS'

1   EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains

2   protected material. If only a portion or portions of the material on a page qualifies for protection,

3   the Producing Party also must clearly identify the protected portion(s) (e.g., by making

4   appropriate markings in the margins) and must specify, for each portion, the level of protection

5   being asserted.

6         A Party or Non-Party that makes original documents or materials available for inspection

7   need not designate them for protection until after the inspecting Party has indicated which

8   material it would like copied and produced. During the inspection and before the designation, all

9   of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL –

10   ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants

11   copied and produced, the Producing Party must determine which documents, or portions thereof,

12   qualify for protection under this Order. Then, before producing the specified documents, the

13   Producing Party must affix the appropriate legend ("CONFIDENTIAL," "HIGHLY

14   CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL –

15   SOURCE CODE) to each page that contains Protected Material. If only a portion or portions of

16   the material on a page qualifies for protection, the Producing Party also must clearly identify the

17   protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for

18   each portion, the level of protection being asserted.

19         (b) for testimony given in deposition or in other pretrial or trial proceedings, that

20   the Designating Party identify on the record, before the close of the deposition, hearing, or other

21   proceeding, all protected testimony and specify the level of protection being asserted. When it is

22   impractical to identify separately each portion of testimony that is entitled to protection and it

23   appears that substantial portions of the testimony may qualify for protection, the Designating

24   Party may invoke on the record (before the deposition, hearing, or other proceeding is

25   concluded) a right to have up to 21 days to identify the specific portions of the testimony as to

26   which protection is sought and to specify the level of protection being asserted. Only those

27   portions of the testimony that are appropriately designated for protection within the 21 days shall

28   be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating

Party may specify, at the deposition or up to 21 days afterwards if that period is properly

invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing

or other proceeding to include Protected Material so that the other parties can ensure that only

authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound"

(Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition

shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page

that the transcript contains Protected Material, and the title page shall be followed by a list of all

pages (including line numbers as appropriate) that have been designated as Protected Material

and the level of protection being asserted by the Designating Party. The Designating Party shall

inform the court reporter of these requirements. Any transcript that is prepared before the

expiration of a 21-day period for designation shall be treated during that period as if it had been

designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless

otherwise agreed. After the expiration of that period, the transcript shall be treated only as

actually designated.

(c) for information produced in some form other than documentary and for any

other tangible items, that the Producing Party affix in a prominent place on the exterior of the

container or containers in which the information or item is stored the legend

"CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or

"HIGHLY CONFIDENTIAL – SOURCE CODE". If only a portion or portions of the

information or item warrant protection, the Producing Party, to the extent practicable, shall

identify the protected portion(s) and specify the level of protection being asserted.

5.3     Inadvertent Failures to Designate. An inadvertent failure to designate qualified

information or items does not, standing alone, waive the Designating Party's right to secure

protection under this Order for such material. Upon correction of a designation, the Receiving

1 Party must make reasonable efforts to assure that the material is treated in accordance with the

2 provisions of this Order.

3 6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

4    6.1    Timing of Challenges. Any Party or Non-Party may challenge a designation of

5 confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality

6 designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

7 burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to

8 challenge a confidentiality designation by electing not to mount a challenge promptly after the

9 original designation is disclosed.

10    6.2    Meet and Confer. The Challenging Party shall initiate the dispute resolution

11 process by providing written notice of each designation it is challenging and describing the basis

12 for each challenge. To avoid ambiguity as to whether a challenge has been made, the written

13 notice must recite that the challenge to confidentiality is being made in accordance with this

14 specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in

15 good faith and must begin the process by conferring directly (in voice to voice dialogue; other

16 forms of communication are not sufficient) within 14 days of the date of service of notice. In

17 conferring, the Challenging Party must explain the basis for its belief that the confidentiality

18 designation was not proper and must give the Designating Party an opportunity to review the

19 designated material, to reconsider the circumstances, and, if no change in designation is offered,

20 to explain the basis for the chosen designation. A Challenging Party may proceed to the next

21 stage of the challenge process only if it has engaged in this meet and confer process first or

22 establishes that the Designating Party is unwilling to participate in the meet and confer process in

23 a timely manner.

24    6.3    Judicial Intervention. If the Parties cannot resolve a challenge without court

25 intervention, the Designating Party shall file and serve a motion to retain confidentiality under

26 Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days

27 of the initial notice of challenge or within 14 days of the parties agreeing that the meet and

28 confer process will not resolve their dispute, whichever is earlier. Each such motion must be

1    accompanied by a competent declaration affirming that the movant has complied with the meet

2    and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to

3    make such a motion including the required declaration within 21 days (or 14 days, if applicable)

4    shall automatically waive the confidentiality designation for each challenged designation. In

5    addition, the Challenging Party may file a motion challenging a confidentiality designation at

6    any time if there is good cause for doing so, including a challenge to the designation of a

7    deposition transcript or any portions thereof. Any motion brought pursuant to this provision must

8    be accompanied by a competent declaration affirming that the movant has complied with the

9    meet and confer requirements imposed by the preceding paragraph.

10            The burden of persuasion in any such challenge proceeding shall be on the Designating

11   Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose

12   unnecessary expenses and burdens on other parties) may expose the Challenging Party to

13   sanctions. Unless the Designating Party has waived the confidentiality designation by failing to

14   file a motion to retain confidentiality as described above, all parties shall continue to afford the

15   material in question the level of protection to which it is entitled under the Producing Party's

16   designation until the court rules on the challenge.

17   7.      ACCESS TO AND USE OF PROTECTED MATERIAL

18            7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed

19   or produced by another Party or by a Non-Party in connection with this case only for

20   prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be

21   disclosed only to the categories of persons and under the conditions described in this Order.

22   When the litigation has been terminated, a Receiving Party must comply with the provisions of

23   section 15 below (FINAL DISPOSITION).

24            Protected Material must be stored and maintained by a Receiving Party at a location and

25   in a secure manner that ensures that access is limited to the persons authorized under this Order.

26            7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise

27   ordered by the court or permitted in writing by the Designating Party, a Receiving Party may

28   disclose any information or item designated "CONFIDENTIAL" only to:

1    (a) the Receiving Party's Counsel, as well as employees of said Outside Counsel

2    of Record to whom it is reasonably necessary to disclose the information for this litigation;

3    (b) the officers, directors, and employees (excluding House Counsel) of the

4    Receiving Party to whom disclosure is reasonably necessary for this litigation and who have

5    signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

6    (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is

7    reasonably necessary for this litigation and who have signed the "Acknowledgment and

8    Agreement to Be Bound" (Exhibit A);

9    (d) the court and its personnel;

10    (e) court reporters and their staff, professional jury or trial consultants including

11    mock jurors who have signed a confidentiality agreement, and Professional Vendors to whom

12    disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment

13    and Agreement to Be Bound" (Exhibit A);

14    (f) during their depositions, witnesses in the action to whom disclosure is

15    reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

16    (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of

17    transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be

18    separately bound by the court reporter and may not be disclosed to anyone except as permitted

19    under this Stipulated Protective Order.

20    (g) the author or recipient of a document containing the information or a

21    custodian or other person who otherwise possessed or knew the information.

22    7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

23    Information or Items. Unless otherwise ordered by the court or permitted in writing by the

24    Designating Party, a Receiving Party may disclose any information or item designated

25    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

26    (a) the Receiving Party's Counsel, as well as employees of said Outside Counsel

27    of Record to whom it is reasonably necessary to disclose the information for this litigation;

28

1    (b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary

2 for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound"

3 (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.5(a), below, have been

4 followed;

5    (c) the court and its personnel;

6    (d) court reporters and their staff, professional jury or trial consultants including

7 mock jurors who have signed a confidentiality agreement, and Professional Vendors to whom

8 disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment

9 and Agreement to Be Bound" (Exhibit A); and

10    (f) the author or recipient of a document containing the information or a custodian

11 or other person who otherwise possessed or knew the information.

12    7.4    Disclosure of "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or

13 Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a

14 Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL

15 – SOURCE CODE" only to:

16    (a) the Receiving Party's Outside Counsel of Record in this action, as well as

17 employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

18 information for this litigation;

19    (b) up to five Experts of the Receiving Party (1) to whom disclosure is reasonably

20 necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be

21 Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.5(a), below,

22 have been followed;

23    (c) the Court and its personnel;

24    (d) court reporters and their staff,

25    (e) professional jury or trial consultants (but not mock jurors), and Professional

26 Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the

27 "Acknowledgment and Agreement to Be Bound" (Exhibit A), and

28

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.5     Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items to Experts.

(a) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to paragraphs 7.3(b) or 7.4(b) first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by

1   agreement within seven days of the written objection. If no agreement is reached, the Party

2   seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7

3   (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court

4   to do so. Any such motion must describe the circumstances with specificity, set forth in detail the

5   reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the

6   disclosure would entail, and suggest any additional means that could be used to reduce that risk.

7   In addition, any such motion must be accompanied by a competent declaration describing the

8   parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and

9   confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal

10  to approve the disclosure.

11          In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden

12  of proving that the risk of harm that the disclosure would entail (under the safeguards proposed)

13  outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

14  8.      <u>PROSECUTION BAR</u>

15          Absent written consent from the Producing Party, any individual who receives access to

16  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL

17  – SOURCE CODE" information shall not be involved in the prosecution of patents or patent

18  applications relating to the subject matter of the "HIGHLY CONFIDENTIAL – ATTORNEYS'

19  EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information to which

20  access is received, before any foreign or domestic agency, including the United States Patent and

21  Trademark Office ("the Patent Office"). For purposes of this paragraph, "prosecution" includes

22  directly or indirectly drafting, amending, advising, or otherwise affecting the scope or

23  maintenance of patent claims. To avoid any doubt, "prosecution" as used in this paragraph does

24  not include representing a party challenging a patent before a domestic or foreign agency

25  (including, but not limited to, a reissue protest, *ex parte* reexamination or *inter partes*

26  reexamination). This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL –

27  ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE"

28

1  information is first received by the affected individual and shall end two (2) years after final

2  termination of this action.

3  9.      SOURCE CODE

4          (a) To the extent production of source code becomes necessary in this case, a

5  Producing Party may designate source code as "HIGHLY CONFIDENTIAL - SOURCE CODE"

6  if it comprises or includes confidential, proprietary or trade secret source code.

7          (b) Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE

8  CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL –

9  ATTORNEYS' EYES ONLY" information including the Prosecution Bar set forth in Paragraph

10  8.

11          (c) Any source code produced in discovery shall be made available for inspection,

12  in a format allowing it to be reasonably reviewed and searched, during normal business hours or

13  at other mutually agreeable times, at an office of the Producing Party's counsel or another

14  mutually agreed upon location. The source code shall be made available for inspection on a

15  secured computer in a secured room without Internet access or network access to other

16  computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of

17  the source code onto any recordable media or recordable device. The Producing Party may

18  visually monitor the activities of the Receiving Party's representatives during any source code

19  review, but only to ensure that there is no unauthorized recording, copying, or transmission of

20  the source code.

21          (d) The Receiving Party may request paper copies of limited portions of source

22  code that are reasonably necessary for the preparation of court filings, pleadings, expert reports,

23  or other papers, or for deposition or trial, but shall not request paper copies for the purposes of

24  reviewing the source code other than electronically as set forth in paragraph (c) in the first

25  instance. The Producing Party shall provide all such source code in paper form including bates

26  numbers and the label "HIGHLY CONFIDENTIAL - SOURCE CODE." The Producing Party

27  may challenge the amount of source code requested in hard copy form pursuant to the dispute

28  resolution procedure and timeframes set forth in Paragraph 6 whereby the Producing Party is the

"Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute resolution.  In no case may the Receiving Party request more than 20 consecutive pages, or an aggregate of more than 200 pages, of Source Code during the duration of the case without prior written approval of the Producing Party, which will not be unreasonably withheld.

(e) The Receiving Party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form. The Receiving Party shall maintain all paper copies of any printed portions of the source code in a secured, locked area. The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format. The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

10.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

1    (c) cooperate with respect to all reasonable procedures sought to be pursued by

2    the Designating Party whose Protected Material may be affected.

3    If the Designating Party timely seeks a protective order, the Party served with the

4    subpoena or court order shall not produce any information designated in this action as

5    "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or

6    "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from

7    which the subpoena or order issued, unless the Party has obtained the Designating Party's

8    permission. The Designating Party shall bear the burden and expense of seeking protection in

9    that court of its confidential material – and nothing in these provisions should be construed as

10   authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from

11   another court.

12   11.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS

13   LITIGATION

14   (a) The terms of this Order are applicable to information produced by a Non-Party

15   in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

16   ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE". Such

17   information produced by Non-Parties in connection with this litigation is protected by the

18   remedies and relief provided by this Order. Nothing in these provisions should be construed as

19   prohibiting a Non-Party from seeking additional protections.

20   (b) In the event that a Party is required, by a valid discovery request, to produce a

21   Non-Party's confidential information in its possession, and the Party is subject to an agreement

22   with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

23   1.   promptly notify in writing the Requesting Party and the Non-Party that

24   some or all of the information requested is subject to a confidentiality agreement with a Non-

25   Party;

26   2.   promptly provide the Non-Party with a copy of the Stipulated Protective

27   Order in this litigation, the relevant discovery request(s), and a reasonably specific description of

28   the information requested; and

3. make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Producing Party may produce the Non-Party's confidential information responsive to the discovery request unless within that 14-day period, the Producing Party provides written notice to the Receiving Party of a longer contractual notice period in an agreement between the Producing Party and the Non-Party covering the confidentiality and/or disclosure of the information requested. If such written notice is provided, and the Non-Party fails to object or seek a protective order from this court before the expiration of the contractual notice period in the agreement, then the Producing Party may produce the Non-Party's confidential information responsive to the request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

12.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

13.    PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  A Producing Party may assert privilege or protection over produced documents at any time by notifying the Receiving Party in writing of the assertion of privilege or protection.  In addition, information that contains

1  privileged matter or attorney work product shall be returned or destroyed immediately by the

2  Receiving Party if such information appears on its face to have been inadvertently produced or if

3  requested. After being notified, a Receiving Party must promptly return or destroy the specified

4  information until the claim is resolved.

5          Pursuant to Federal Rule of Evidence 502(d) and (e), the production of a privileged or

6  work-product-protected document is not a waiver of privilege or protection from discovery in

7  this case or in any other federal or state proceeding. For example, the mere production of

8  privilege or work-product-protected documents in this case as part of a mass production is not

9  itself a waiver in this case or any other federal or state proceeding.

10  14.    <u>MISCELLANEOUS</u>

11          14.1    <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to

12  seek its modification by the court in the future.

13          14.2    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective

14  Order no Party waives any right it otherwise would have to object to disclosing or producing any

15  information or item on any ground not addressed in this Stipulated Protective Order. Similarly,

16  no Party waives any right to object on any ground to use in evidence of any of the material

17  covered by this Protective Order.

18          14.3    <u>Export Control</u>. The Protected Material disclosed by the Producing Party may

19  contain technical data subject to export control laws and therefore the release of such technical

20  data to foreign persons or nationals in the United States or elsewhere may be restricted. The

21  Receiving Party shall take measures necessary to ensure compliance with applicable export

22  control laws, including confirming that no unauthorized foreign person has access to such

23  technical data. No Protected Material may leave the territorial boundaries of the United States of

24  America. Without limitation, this prohibition extends to Protected Information (including

25  copies) in physical and electronic form. The viewing of Protected Information through

26  electronic means outside the territorial limits of the United States of America is similarly

27  prohibited. The restrictions contained within this paragraph may be amended through the

28  express written consent of the Producing Party to the extent that such agreed to procedures

1   conform with applicable export control laws and regulations.  Nothing in this paragraph is

2   intended to remove any obligation that may otherwise exist to produce documents currently

3   located in a foreign country.

4        14.4   <u>Filing Protected Material</u>. Without written permission from the Designating Party

5   or a court order secured after appropriate notice to all interested persons, a Party may not file in

6   the public record in this action any Protected Material. A Party that seeks to file under seal any

7   Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be

8   filed under seal pursuant to a court order authorizing the sealing of the specific Protected

9   Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a

10  request establishing that the Protected Material at issue is privileged, protectable as a trade

11  secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file

12  Protected Material under seal pursuant to Civil Local Rule 79-5(e) is denied by the court, then

13  the Receiving Party may file the Protected Material in the public record pursuant to Civil Local

14  Rule 79-5(e)(2) unless otherwise instructed by the court.

15  15.    <u>FINAL DISPOSITION</u>

16       Within 60 days after the final disposition of this action, as defined in paragraph 4, each

17  Receiving Party must return all Protected Material to the Producing Party or destroy such

18  material. As used in this subdivision, "all Protected Material" includes all copies, abstracts,

19  compilations, summaries, and any other format reproducing or capturing any of the Protected

20  Material. Whether the Protected Material is returned or destroyed, the Receiving Party must

21  submit a written certification to the Producing Party (and, if not the same person or entity, to the

22  Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all

23  the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has

24  not retained any copies, abstracts, compilations, summaries or any other format reproducing or

25  capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to

26  retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts,

27  legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work

28  product, and consultant and expert work product, even if such materials contain Protected

1   Material. Any such archival copies that contain or constitute Protected Material remain subject to

2   this Protective Order as set forth in Section 4 (DURATION).

3          IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

4

5   DATED: February 19, 2019          BURSOR & FISHER, P.A.

6                             By:  /s/ Neal J. Deckant
                             L. Timothy Fisher (CA Bar No. 191626)

7                             Neal J. Deckant (*pro hac vice*)
                             1990 North California Boulevard, Suite 940

8                             Walnut Creek, CA 94596
                             Telephone: +1.925.300.4455

9                             Facsimile: +1.925.407.2700
                             *ltfisher@bursor.com*

10                           *ndeckant@bursor.com*

11                           Attorneys for Interim Class

12   DATED: February 19, 2019          LATHAM & WATKINS LLP

13                             By:  /s/ Nicole C. Valco

14                             Nicole C. Valco (CA Bar No. 258506)
                                *nicole.valco@lw.com*

15                             Elizabeth L. Deeley (CA Bar No. 230798)
                                *elizabeth.deeley@lw.com*

16                             505 Montgomery Street, Suite 2000
                             San Francisco, CA  94111-6538

17                             Telephone:  +1.415.391.0600
                             Facsimile:  +1.415.395.8095

18                           Attorneys for Defendant

19

20   PURSUANT TO STIPULATION, IT IS SO ORDERED.

21   DATED: _2/22/19_

22

23                             Hon. Richard Seeborg

24                             United States District Judge

25

26

27

28

1

**SIGNATURE ATTESTATION**

2          I am the ECF User whose identification and password are being used to file the foregoing

3    Stipulation.  Pursuant to L.R 5-1(i)(3) regarding signatures, I, Nicole C. Valco, attest that

4    concurrence in the filing of this document has been obtained.

5

6
DATED:  February 19, 2019                         /s/ Nicole C. Valco
7                                                          Nicole C. Valco

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1     EXHIBIT A

2     ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3          I, _____ [print or type full name], of _____

4   [print or type full address], declare under penalty of perjury that I have read in its entirety and understand

5   the Stipulated Protective Order that was issued by the United States District Court for the Northern

6   District of California on [date] in the case of *Williams, et al. v. Facebook, Inc.*, No. 18-cv-01881-RS

7   (N.D. Cal.). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order

8   and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment

9   in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or

10  item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance

11  with the provisions of this Order.

12          I further agree to submit to the jurisdiction of the United States District Court for the

13  Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order,

14  even if such enforcement proceedings occur after termination of this action.

15          I hereby appoint _____ [print or type full name] of

16  _____ [print or type full address and telephone number] as my

17  California agent for service of process in connection with this action or any proceedings related to

18  enforcement of this Stipulated Protective Order.

19

20  Date: _____

21  City and State where sworn and signed: _____

22  Printed name: _____
23                    [printed name]

24  Signature: _____
                     [signature]

25

26

27

28