**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Neal J. Deckant (State Bar No. 322946)
1990 North California Boulevard, Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail: ltfisher@bursor.com
   ndeckant@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
888 Seventh Avenue
New York, NY 10019
Telephone: (212) 989-9113
Facsimile: (212) 989-9163
E-Mail: scott@bursor.com

*Interim Lead Counsel*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE OLIN, HAROLD NYANJOM, SHERON SMITH-JACKSON, and JANICE VEGA-LATKER, individually and on behalf of all others similarly situated,<br><br>   Plaintiffs,<br><br>v.<br><br>FACEBOOK, INC.,<br><br>   Defendant. | Case No. 3:18-cv-01881-RS<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL ENTRY OF AN ESI PROTOCOL AND FOR DEFENDANT TO PRODUCE DOCUMENTS**<br><br>Date: May 9, 2019<br>Time: 1:30 p.m.<br>Courtroom: Courtroom 3 – 17th Floor<br><br>Hon. Richard Seeborg |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on May 9, 2019 at 1:30 p.m., Plaintiffs Lawrence Olin, Harold Nyanjom, Sheron Smith-Jackson, and Janice Vega-Latker (collectively, "Plaintiffs"), will move this Court pursuant to Federal Rule of Civil Procedure 37 for an order compelling Defendant Facebook, Inc. ("Facebook") to: (a) enter into an ESI protocol requiring it to populate email metadata fields; (b) preserve instant message and chat archives regardless of whether a custodian identifies them as likely repositories of discoverable data; (c) preserve documents dating back to 2011; (d) participate in discovery regardless of purported "threshold issues;" (e) search for and produce responsive documents and communications dating back to January 1, 2014; and (f) complete its production of relevant and responsive documents in connection with Plaintiffs' first round of discovery requests by no later than May 28, 2019.

This motion is made on the grounds that Facebook has refused to enter into an ESI protocol that would require it to automatically populate metadata fields and preserve instant message and chat archives. Moreover, Facebook has refused to preserve documents dating back to 2011, when the apps at-issue were first launched. Facebook has also refused to search for and produce relevant documents dating back to January 1, 2014, and has also refused to provide a date certain by which it will produce documents. This motion is based upon this notice, the memorandum of points and authorities in support of this motion, and the Declaration of Neal J. Deckant ("Deckant Decl.").

The parties have met and conferred as required by Civil Local Rule 37-1(a). The parties began negotiating the ESI protocol in November of 2018. The parties have exchanged numerous emails in addition to telephonic meet and confers on January 15, March 1, and March 18, 2019 concerning the areas of dispute addressed in the concurrently filed memorandum of points and authorities. Meet and confer efforts have been exhausted such that Plaintiffs seek an order from the Court to compel discovery.

| | | |
|---|---|---|
| 1 | Dated: March 27, 2019 | **BURSOR & FISHER, P.A.** |
| 2 | | By:    /s/ *Neal J. Deckant* |
| | | Neal J. Deckant |
| 3 | | |
| 4 | | L. Timothy Fisher (State Bar No. 191626)<br>Neal J. Deckant (State Bar No. 322946) |
| 5 | | 1990 North California Boulevard, Suite 940<br>Walnut Creek, CA 94596 |
| 6 | | Telephone: (925) 300-4455<br>Facsimile: (925) 407-2700 |
| 7 | | E-Mail: ltfisher@bursor.com<br>         ndeckant@bursor.com |
| 8 | | **BURSOR & FISHER, P.A.** |
| 9 | | Scott A. Bursor (State Bar No. 276006)<br>888 Seventh Avenue<br>New York, NY 10019 |
| 10 | | Telephone: (212) 989-9113<br>Facsimile: (212) 989-9163 |
| 11 | | E-Mail: scott@bursor.com |
| 12 | | *Interim Lead Counsel* |

## TABLE OF CONTENTS

**PAGE(S)**

I. INTRODUCTION ........................................................................................................... 1

II. LEGAL STANDARD ..................................................................................................... 1

III. ARGUMENT .................................................................................................................. 1

    A. The Parties Disagree as to the Appropriate Date for Document Preservation ................ 1

    B. The Parties Disagree Over the Scope of Instant Message and Chat Preservation .......... 3

    C. The Parties Disagree Over Populating Metadata Fields for Emails ............................... 3

    D. Facebook's Attempt to Unilaterally Phase Discovery .................................................... 4

    E. Facebook Should be Compelled to Search for and Produce Relevant Documents Dating Back to January 1, 2014 ........................................................................................ 5

    F. Facebook Refuses to Provide a Date Certain for Its Production of Documents ............. 6

IV. CONCLUSION ................................................................................................................ 6

# TABLE OF AUTHORITIES

**PAGE(S)**

**CASES**

*Brody v. Zix Corp.*,
2007 WL 1544638 (N.D. Tex May 25, 2007) .................................................................. 5

*In re Google Litig.*,
2011 WL 286173 (N.D. Cal. Jan. 27, 2011) .................................................................. 2

*In re Refco, Inc. Sec. Litig.*,
503 F. Supp. 2d 611 (S.D.N.Y. 2007) .......................................................................... 2

*In re Scholastic Corp. Sec. Litig.*,
252 F.3d 63 (2d Cir. 2001) .......................................................................................... 5

*Medtronic Sofamor Danek USA, Inc. v. Nuvasive, Inc.*,
2010 WL 11452428 (S.D. Cal. Mar. 19, 2010) ......................................................... 3, 5

*Seagate Tech. II Sec. Litig.*,
1993 WL 293008 (N.D. Cal. June 10, 1993) ................................................................ 2

**RULES**

Fed. R. Civ. P. 33 .................................................................................................................. 1

Fed. R. Civ. P. 34 ............................................................................................................. 1, 6

Fed. R. Civ. P. 37 .................................................................................................................. 1

## I. INTRODUCTION

After a failed meet-and-confer process, together with multiple rounds of email exchanges, Plaintiffs Lawrence Olin, Harold Nyanjom, Janice Vega-Latker, and Sheron Smith-Jackson (collectively, "Plaintiffs") respectfully seek relief as detailed herein concerning Defendant Facebook, Inc.'s ("Facebook's") participation in the discovery process.

On January 10, 2019, Plaintiffs' counsel first brought the below issues to Facebook's counsel's attention via email. Pursuant to Civil Local Rule 37-1(a), the parties' counsel then held a telephonic "meet and confer" on January 15, 2019 and exchanged further emails. *See* Deckant Decl. ¶ 7. The parties also held telephonic meet and confers on March 1, 2019, and March 18, 2019, but they were unable to reach an agreement. Accordingly, Plaintiffs seek relief from the Court as set forth below.

## II. LEGAL STANDARD

Under Federal Rules of Civil Procedure 33 and 34, a party answering interrogatories or a request for the production of documents must provide a written response to each item requested within 30 days of service. Fed. R. Civ. P. 33(b)(2), 34(b)(2). This response must include either a specific objection, an answer to the interrogatory, or an agreement to produce each of the documents requested. Fed. R. Civ. P. 34(b) (2)(A), (B). Rule 37 grants judicial authority to compel disclosure where a party has failed to provide authorized discovery in a timely fashion. A judge may grant a motion to compel discovery upon certification that the moving party has attempted in good faith to obtain the discovery without court action. Fed. R. Civ. P 37(a) (1).

## III. ARGUMENT

### A. The Parties Disagree as to the Appropriate Date for Document Preservation

The parties have fully negotiated an ESI protocol with the sole exception of the appropriate scope for the preservation of documents. Plaintiffs have proposed that Facebook be required to preserve documents dating back to 2011, as that is when the apps at-issue were first deployed by Facebook. Facebook has countered that its document preservation should date back

to 2014. Facebook contends that preserving documents dating back to 2011 is "overly burdensome" and also exceeds the putative class period in this case.

The parties discussed this issue on two separate telephonic meet and confers on March 1, 2019, and March 18, 2019. On the March 1, 2019 telephonic meet and confer, Facebook's counsel offered a "compromise," in which Facebook would agree to preserve documents dating back to 2012 or 2013, or that certain data sources, such as source code, would be subject to a longer period of preservation that other data sources. However, Plaintiffs rejected this offer for two reasons. First, Plaintiffs cannot agree to something completely unknown to them at this time. Without the benefit of even preliminary discovery, Plaintiffs have no way of knowing which data sources, if any, would be appropriate for a shorter preservation period than others. Plaintiffs cannot agree to blindly limit document preservation. Second, courts have long recognized that a defendant's "attempt to confine discovery to a narrow period" immediately pre- and post-dating the class period "is artificial, arbitrary and designed to avoid the production of relevant documents." *In re Seagate Tech. II Sec. Litig.*, 1993 WL 293008, at *1 (N.D. Cal. June 10, 1993). The reason is simple: "[a] class period is delimited in order to identify the individuals who claim membership in the class, not to identify the conduct that injured them" and "this is why it is called the 'Class Period,' not the 'Liability Period.'" *In re Refco, Inc. Sec. Litig.*, 503 F. Supp. 2d 611, 643 n.27 (S.D.N.Y. 2007).

Finally, on both the March 1 and March 18, 2019 telephonic meet and confers, Plaintiffs requested that Defendant provide a summary of its purported "burden"—in terms of dollars and man hours—associated with preserving documents dating back to 2011. On both March 1 and March 18, 2019, Defendant advised that it would "get back to us." However, Defendant has yet to provide such information, nor has it provided a date on which it will be able to provide it. That is improper and Defendant's purported "burden" objection should be rejected. *In re Google Litig.*, 2011 WL 286173 (N.D. Cal. Jan. 27, 2011) (rejecting discovery objections of burden where defendant "offer[ed] no evidence to support its undue burden claims" or a declaration providing an "estimate of the number of hours, business distraction, or cost of production" that

would be involved); *Medtronic Sofamor Danek USA, Inc. v. Nuvasive, Inc.*, 2010 WL 11452428, at *2 (S.D. Cal. Mar. 19, 2010) ("the burden of establishing that the information is not reasonably accessible because of undue burden or cost is on the party responding to the discovery request"). A true and correct copy of the parties' current draft ESI protocol is attached as Exhibit A to the Declaration of Neal J. Deckant.

### B. The Parties Disagree Over the Scope of Instant Message and Chat Preservation

Facebook's position is that "[t]he parties will only preserve instant messages and chats that a custodian identifies may have potentially responsive information." *See* Exhibit A, Section 4(d)(4). Facebook's position is unacceptable to Plaintiffs because software engineers frequently use instant messaging platforms, such as Slack or Gchat (as opposed to email), to communicate with one another. This is evident from Plaintiffs' Second Amended Consolidated Complaint ("SACC"), which demonstrates that Facebook's own employees utilize instant messaging to communicate amongst themselves. *See, e.g.*, SACC ¶ 3 (showing instant messages from Yul Kwon). Plaintiffs cannot agree to allow Facebook's own custodians to determine which instant message and chat archives, if any, should be preserved or not. Moreover, the burden of preserving such is minimal. Plaintiffs respectfully request that Facebook be compelled to preserve all instant message and chat archives.

### C. The Parties Disagree Over Populating Metadata Fields for Emails

Under the ESI protocol, metadata must be provided for emails (i.e., "To," "From," "SUBJECT," "DATESENT," "CC," etc.), Facebook seeks to add language saying it's not required to automatically populate metadata fields if the fields are not readily available from the files. *See* Exhibit A, Appendix 1, Paragraph 4. Facebook's position is unreasonable because (i) email metadata is <u>already kept</u> on Facebook's servers if the underlying emails themselves are also on the servers, and (ii) email metadata is critically important for document review on e-discovery platforms. It is nearly impossible to review voluminous document productions without being able to sort emails through various fields of metadata. Plaintiffs respectfully

request that the Court compel Facebook to populate the metadata fields that Facebook currently refuses to do.

### D. Facebook's Attempt to Unilaterally Phase Discovery

On October 17, 2018, Plaintiffs served their first set of discovery requests, which included 26 Requests for Production ("RFPs") and 9 Interrogatories. On November 16, 2018, Defendant served its first set of responses to Plaintiffs' RFPs and Interrogatories. For 23 of the 26 RFPs, Defendant objected in part that Plaintiffs' requests "seek[] documents unrelated to the threshold issues." An example is set forth below (emphasis added):

> **REQUEST FOR PRODUCTION NO. 5:**
> DOCUMENTS sufficient to show the number of unique Facebook users who CALL LOGS AND TEXT DATA were collected or scraped through YOUR cell phone applications (including, but not limited to, Facebook Messenger and Facebook Lite) during the RELEVANT TIME PERIOD.
>
> **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**
> Defendant incorporates each of its General Objections as though fully set forth herein. Defendant objects that this Request seeks documents that are not relevant to any party's claims or defenses to the extent it seeks discovery of documents regarding mobile applications other than Messenger for Android and Facebook Lite for Android. <u>Defendant further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of this case, and premature, including because it seeks documents unrelated to the threshold issues.</u> Defendant also object to this Request as vague and ambiguous as to the use of the undefined phrase "cell phone applications" and the undefined term "scraped." Defendant further objects to this Request to the extent it makes incorrect and unsupported assumptions or draws legal conclusions regarding scraping of CALL LOGS AND TEXT DATA. Defendant further objects to this Request as unreasonably cumulative and/or duplicative of other Requests, including, but not limited to, Request No. 17.

Facebook's full RFP and Interrogatory responses are attached to the Declaration of Neal J. Deckant as Exhibits B and C.

During the parties' January 15, 2019 telephonic meet and confer, Plaintiffs' counsel asked for the basis of Defendant's objection that 23 of the 26 RFPs are "unrelated to threshold

issues." Defendant's counsel responded that they do not want to engage in discovery until Plaintiffs show that their claims "have merit" – presumably until after the pleadings are resolved. Deckant Decl. ¶ 7. Defendant's counsel further clarified their position that "threshold deficiencies need to be resolved before full-fledged document production." *Id.* Plaintiffs' counsel responded that the Court has neither stayed nor bifurcated discovery, and thus Defendant's attempt to limit or delay discovery is improper. *Id.* Accordingly, Plaintiffs respectfully request that Defendant be ordered to participate in discovery, regardless of whether their requests concern purported "threshold issues."

### E. Facebook Should be Compelled to Search for and Produce Relevant Documents Dating Back to January 1, 2014

Plaintiffs' discovery requests define the "relevant time period" as "January 1, 2014 to the present." However, Defendant objects to Plaintiffs' definition of "relevant time period," and instead states that "Defendant will respond with respect to information relevant to the time period between January 1, 2015 and March 27, 2018." However, Defendant's self-imposed limitations in its discovery responses are improper.

Plaintiffs' definition of "relevant time period" is based on the period of time relevant to the allegations in Plaintiffs' Second Amended Consolidated Complaint. *See, e.g.*, ECF No. 88, ¶ 2 (email from Facebook employee dated February 4, 2015). Indeed, documents and communications that pre-date the class period by *just one year* are both discoverable and highly relevant to Plaintiffs' claims. Courts recognize that "[a]ny information that sheds light on whether class period statements were false or materially misleading is relevant," and that information that predates and postdates the class period may be relevant and responsive, and suitable for discovery. *In re Scholastic Corp. Sec. Litig.*, 252 F.3d 63, 72 (2d Cir. 2001); *see also Brody v. Zix Corp.*, 2007 WL 1544638 (N.D. Tex May 25, 2007) (holding that "the proposed class period" – the approximate period defendants here advocate – "does not determine the period of relevancy for discovery purposes").

PLAINTIFFS' MOTION TO COMPEL ENTRY OF AN ESI PROTOCOL AND TO PRODUCE DOCUMENTS
CASE NO. 3:18-CV-01881-RS

5

Here, documents and communications pertaining to Facebook's decision to scrape its users' call and text logs would clearly be relevant, even if created before the class period. As another example, any documents or communications that pertain to, or informed, Facebook's decision to scrape its users' call and text logs would be relevant, even if those documents or communications were created prior to the class period. Moreover, Defendant is unable to quantify any specific burdens that such searches would impose, in terms of cost or man-hours. Rather, these objections seem to be based on nothing more than Facebook's own conjecture and say-so.

Accordingly, Plaintiffs respectfully request that Defendant be required to search for responsive documents and communications dating back to January 1, 2014.

### F. Facebook Refuses to Provide a Date Certain for Its Production of Documents

Facebook refuses to specify when it intends to actually make its document production, in violation of Fed. R. Civ. P. 34(b)(2)(B) ("The production must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response."). During the parties' meet and confer call on January 15, 2019, Defendant's counsel confirmed that it will not provide a date certain for either the start or completion of its document production. Accordingly, Plaintiffs respectfully request that Defendant be required to complete its production of relevant and responsive documents in connection with Plaintiffs' first round of discovery requests no later than May 28, 2019.

## IV. CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court compel Facebook to: (a) enter into an ESI protocol requiring it to populate metadata fields; (b) preserve instant message and chat archives regardless of whether a custodian identifies them as likely repositories of discoverable data; (c) preserve documents dating back to 2011; (d) participate in discovery regardless of purported "threshold issues;" (e) search for and produce responsive documents and communications dating back to January 1, 2014; and (f) complete its production

of relevant and responsive documents in connection with Plaintiffs' first round of discovery requests by no later than May 28, 2019.

Dated: March 27, 2019

**BURSOR & FISHER, P.A.**

By:    /s/ *Neal J. Deckant*
      Neal J. Deckant

L. Timothy Fisher (State Bar No. 191626)
Neal J. Deckant (State Bar No. 322946)
1990 North California Boulevard, Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail: ltfisher@bursor.com
         ndeckant@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
888 Seventh Avenue
New York, NY 10019
Telephone: (212) 989-9113
Facsimile: (212) 989-9163
E-Mail: scott@bursor.com

*Interim Lead Counsel*