1  LATHAM & WATKINS LLP
   Elizabeth L. Deeley (CA Bar No. 230798)
2      *elizabeth.deeley@lw.com*
   Nicole C. Valco (CA Bar No. 258506)
3      *nicole.valco@lw.com*
   505 Montgomery Street, Suite 2000
4  San Francisco, CA  94111-6538
   Telephone:  +1.415.391.0600
5  Facsimile:  +1.415.395.8095

6  Susan E. Engel (*pro hac vice*)
       *susan.engel@lw.com*
7  555 Eleventh Street, NW, Suite 1000
   Washington, DC  20004
8  Telephone: +1.202.637.2200
   Facsimile: +1.202.637.2201

9
   *Attorneys for Defendant Facebook, Inc.*
10
11              UNITED STATES DISTRICT COURT

12              NORTHERN DISTRICT OF CALIFORNIA

13                  SAN FRANCISCO DIVISION

14
   LAWRENCE OLIN, HAROLD NYANJOM,         Case No. 3:18-cv-01881 RS
15  SHERON SMITH-JACKSON and JANICE
   VEGA-LATKER, individually and on behalf  **FACEBOOK, INC.'S REPLY IN**
16  of all others similarly situated,         **SUPPORT OF MOTION TO DISMISS**
                                            **THE SECOND AMENDED**
17                          Plaintiffs,     **CONSOLIDATED CLASS ACTION**
                                            **COMPLAINT**
18              v.

19  FACEBOOK, INC.,                         Date: May 23, 2019
                                            Time: 1:30 p.m.
20                          Defendant.      Court: Courtroom 3, 17th Floor
                                            Hon. Richard Seeborg
21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ...................................................................................................... 1

II.    PLAINTIFFS DO NOT HAVE STANDING FOR ANY OF THEIR CLAIMS............ 2

    A.     The Allow Access Prompt Defeats Plaintiffs' Standing As A Facial
    Matter ............................................................................................................... 2

    B.     Plaintiffs Have Failed To Satisfy Their Burden Of Establishing
    Standing ............................................................................................................ 3

    C.     Plaintiffs Lack Standing Based On A Privacy Injury ........................................ 6

    D.     Plaintiffs Lack Standing Based On An Economic Injury .................................. 7

        1.     Plaintiffs Do Not Plausibly Allege That They Lost Their
        Logs' Value........................................................................................... 7

        2.     Plaintiffs Do Not Allege A Cognizable Injury Based On
        Resource Depletion ............................................................................... 9

III.   PLAINTIFFS FAIL TO SATISFY RULE 9(B) ...................................................... 10

IV.    PLAINTIFFS' CLAIMS FAIL ON THE MERITS .................................................. 12

    A.     Plaintiffs Have Not Stated A Claim For Fraud ................................................ 12

    B.     Plaintiffs Do Not Allege A CDAFA Claim .................................................... 13

    C.     Plaintiffs' State-Law Privacy Claims Fail As A Matter Of Law ....................... 14

    D.     Plaintiffs Fail To State A Claim For Unjust Enrichment.................................. 15

V.     CONCLUSION...................................................................................................... 15

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

# **TABLE OF AUTHORITIES**

**Page(s)**

## **CASES**

*In re Adobe Sys., Inc. Privacy Litig.*,
66 F. Supp. 3d 1197 (N.D. Cal. 2014) ...................................................................................13

*AdTrader, Inc. v. Google LLC*,
No. 17-cv-07082-BLF, 2018 WL 3428525 (N.D. Cal. July 13, 2018)..................................15

*Am. W. Airlines, Inc. v. GPA Grp., Ltd.*,
877 F.2d 793 (9th Cir. 1989) ..................................................................................................6

*Askins v. U.S. Dep't of Homeland Sec.*,
899 F.3d 1035 (9th Cir. 2018) ..............................................................................................14

*In re Carrier IQ, Inc.*,
78 F. Supp. 3d 1051 (N.D. Cal. 2015) .........................................................................9, 10, 14

*Clark v. City of Seattle*,
899 F.3d 802 (9th Cir. 2018) ..................................................................................................6

*In re: Community Health Sys., Inc.*,
No. 16-CV-222-KOB, 2016 WL 4732630 (N.D. Ala. Sept. 12, 2016) ....................................8

*Dugas v. Starwood Hotels & Resorts Worldwide, Inc.*,
No. 3:16-cv-00014 GPC-BLM, 2016 WL 6523428 (S.D. Cal. Nov. 3, 2016)........................7

*Dutta v. State Farm Mut. Auto. Ins. Co.*,
895 F.3d 1166 (9th Cir. 2018) ................................................................................................7

*Ellis v. JPMorgan Chase & Co.*,
752 F. App'x 380 (9th Cir. 2018) .........................................................................................15

*Facebook, Inc. v. Power Ventures, Inc.*,
844 F.3d 1058 (9th Cir. 2016) .......................................................................................13, 14

*In re Facebook Internet Tracking Litig.*,
140 F. Supp. 3d 922 (N.D. Cal. 2015) ....................................................................................8

*In re Facebook Privacy Litig.*,
572 F. App'x 494 (9th Cir. 2014) ...........................................................................................8

*Fernandez v. Leidos*,
127 F. Supp. 3d 1078 (E.D. Cal. 2015)...................................................................................8

*Fleck & Assocs., Inc. v. Phoenix*,
471 F.3d 1100 (9th Cir. 2006) ................................................................................................2

i

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

FACEBOOK'S REPLY IN SUPPORT OF
MOT. TO DISMISS 2nd AM. CONS. COMPLAINT
CASE NO. 3:18-CV-01881 RS

*Foster v. Essex Prop., Inc.*,
    No. 5:14-cv-05531-EJD, 2017 WL 264390 (N.D. Cal. Jan. 20, 2017) ....................................4

*Garcia v. Gen. Motors LLC*,
    1:18-cv-01313-LJO-BAM, 2019 WL 1209632 (E.D. Cal. Mar. 14, 2019)............................12

*In re Google Inc. Cookie Placement Consumer Privacy Litig.*,
    806 F.3d 125 (3d Cir. 2015)....................................................................................................15

*In re Google, Inc. Privacy Policy Litig.*,
    No. C 12-01382 PSG, 2013 WL 6248499 (N.D. Cal. Dec. 3, 2013).......................................10

*Hernandez v. Hillsides*,
    47 Cal. 4th 272 (2009) ............................................................................................................15

*Hernandez v. Path, Inc.*,
    No. 12-CV-01515 YGR, 2012 WL 5194120 (N.D. Cal. Oct. 19, 2012) ..................................5

*Herskowitz v. Apple, Inc.*,
    940 F. Supp. 2d 1131 (N.D. Cal. 2013) .................................................................................13

*Hodsdon v. Mars, Inc.*,
    891 F.3d 857 (9th Cir. 2018) .................................................................................................12

*In re iPhone Application Litig.*,
    6 F. Supp. 3d 1004 (N.D. Cal. 2013) .......................................................................................7

*In re iPhone Application Litig.*,
    844 F. Supp. 2d 1040 (N.D. Cal. 2012) .................................................................................10

*Jackson v. Fischer*,
    931 F. Supp. 2d 1049 (N.D. Cal. 2013) .................................................................................12

*Katz v. Pershing, LLC*,
    672 F.3d 64 (1st Cir. 2012).......................................................................................................9

*Kawa Orthodontics, LLP v. Sec'y, U.S. Dep't of the Treasury*,
    773 F.3d 243 (11th Cir. 2014) ..................................................................................................9

*Kearns v. Ford Motor Co.*,
    567 F.3d 1120 (9th Cir. 2009) ...............................................................................................11

*Khan v. Children's Nat'l Health Sys.*,
    188 F. Supp. 3d 524 (D. Md. 2016)......................................................................................7, 8

*Leite v. Crane Co.*,
    749 F.3d 1117 (9th Cir. 2014) ........................................................................................1, 3, 4

*Levitt v. Yelp! Inc.*,
    No. C-10-1321 EMC, 2011 WL 5079526 (N.D. Cal. Oct. 26, 2011)........................................4

ii

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

FACEBOOK'S REPLY IN SUPPORT OF
MOT. TO DISMISS 2nd AM. CONS. COMPLAINT
CASE NO. 3:18-CV-01881 RS

*MacDonald v. Ford Motor Co.*,
   37 F. Supp. 3d 1087 (N.D. Cal. 2014) ...................................................................................11

*Muscarello v. Ogle County Board of Comm'rs*,
   610 F.3d 416 (7th Cir. 2010) ...................................................................................................9

*Nayab v. Capital One Bank, N.A.*,
   No. 16-CV-3111-CAB-MDD, 2017 WL 2721982 (S.D. Cal. June 23, 2017) ........................7

*New York Pub. Interest Research Grp. v. Whitman*,
   321 F.3d 316 (2d Cir. 2003)......................................................................................................9

*In re Nickelodeon Consumer Privacy Litig.*,
   827 F.3d 262 (3d Cir. 2016)....................................................................................................15

*Noll v. eBay Inc.*,
   No. 5:11-CV-04585-EJD, 2013 WL 2384250 (N.D. Cal. May 30, 2013).............................13

*Norkunas v. Wynn Las Vegas, LLC*,
   343 F. App'x 269 (9th Cir. 2009) .............................................................................................6

*NovelPoster v. Javitch Canfield Grp.*,
   140 F. Supp. 3d 954 (N.D. Cal. 2014) ...................................................................................14

*Opperman v. Path, Inc.*,
   205 F. Supp. 3d 1064 (N.D. Cal. 2016) ...............................................................................7, 8

*Patel v. Facebook Inc.*,
   290 F. Supp. 3d 948 (N.D. Cal. 2018), *appeal docketed*, No. 18-15982 (9th
   Cir. May 30, 2018)....................................................................................................................4

*Periguerra v. Meridas Cap., Inc.*,
   No. C 09–4748 SBA, 2010 WL 395932 (N.D. Cal. Aug. 12, 2010) .....................................11

*Safe Air for Everyone v. Meyer*,
   373 F.3d 1035 (9th Cir. 2004) ..................................................................................................4

*Salameh v. Tarsadia Hotel*,
   726 F.3d 1124 (9th Cir. 2013) ..................................................................................................2

*Skaff v. Meridien N. Am. Beverly Hills, LLC*,
   506 F.3d 832 (9th Cir. 2007) (per curiam)................................................................................9

*Spokeo, Inc. v. Robins*,
   136 S. Ct. 1540 (2016)...........................................................................................................7, 8

*Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*,
   554 U.S. 269 (2008)..................................................................................................................9

iii

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

FACEBOOK'S REPLY IN SUPPORT OF
MOT. TO DISMISS 2nd AM. CONS. COMPLAINT
CASE NO. 3:18-CV-01881 RS

*Sunnyside Dev. Co., LLC v. Opsys Ltd.*,
No. C 05-0553 MHP, 2005 WL 1876106 (N.D. Cal. Aug. 8, 2005) ........................................13

*Svenson v. Google Inc.*,
No. 13-cv-04080-BLF, 2016 WL 8943301 (N.D. Cal. Dec. 21, 2016) ..............................7, 8

*Swartz v. KPMG LLP*,
476 F.3d 756 (9th Cir. 2007) ............................................................................................12

*Tyacke v. First Tenn. Bank, N.A.*,
No. EDCV 16-00228-JGB, 2016 WL 9108892 (C.D. Cal. Apr. 28, 2016) ...........................10

*United States v. Students Challenging Regulatory Agency Procedures*,
412 U.S. 669 (1973) ...........................................................................................................9

*Valencia v. Wells Fargo Home Mortg. Inc.*,
No. C 14–3354 CW, 2014 WL 5812578 (N.D. Cal. Nov. 7, 2014) ....................................13

*Van Patten v. Vertical Fitness Grp., LLC*,
847 F.3d 1037 (9th Cir. 2017) ...........................................................................................9

*Vera v. Bureau of Indian Affairs*,
738 F. App'x 431 (9th Cir. 2018) ....................................................................................5, 6

*Young v. Crofts*,
64 F. App'x 24 (9th Cir. 2006) .........................................................................................6

*Yunker v. Pandora Media, Inc.*,
No. 11-CV-03113 JSW, 2014 WL 988833 (N.D. Cal. Mar. 10, 2014) ...............................10

*In re Zappos.com, Inc.*,
108 F. Supp. 3d 949 (D. Nev. 2015), *rev'd on other grounds*, 888 F.3d 1020
(9th Cir. 2018)................................................................................................................8

*Zucco Partners, LLC v. Digimarc Corp.*,
552 F.3d 981 (9th Cir. 2009) ............................................................................................2

**RULES**

Civ. L. R. 7-5(a) ....................................................................................................................5

**TREATISES**

18A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure
Jurisdiction § 4436 (3d ed.) ...............................................................................................2

iv

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

FACEBOOK'S REPLY IN SUPPORT OF
MOT. TO DISMISS 2nd AM. CONS. COMPLAINT
CASE NO. 3:18-CV-01881 RS

## I.       INTRODUCTION

This Court has already dismissed Plaintiffs' case in its entirety based on their failure to allege facts required to support their claims.  Their latest attempt to do so fares no better.  Plaintiffs have offered no evidentiary response at all to Facebook's factual showing that, among other things, Facebook presented each Plaintiff with a Messenger consent screen expressly asking for permission to upload the Plaintiff's Call and Text Logs, that each Plaintiff affirmatively consented to that collection, and that the Android Allow Access prompt they saw could not have appeared on the versions of the Android Operating System ("Android OS") that Plaintiffs allege had a software vulnerability.  Plaintiffs' failure to provide any evidence demonstrating that they were subjected to the challenged practice of collecting Call and Text Logs without consent through that software vulnerability requires dismissal.  *See Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (when defendant makes a factual attack, "plaintiff bears the burden of proving by a preponderance of the evidence that . . . subject-matter jurisdiction has been met").

Plaintiffs protest that Facebook's factual attack goes to the merits of their claims and cannot be resolved without discovery.  But that is pure deflection.  The key facts relevant to Plaintiffs' standing—whether each Plaintiff installed the Facebook Lite app, which Facebook consent screens and which Android permissions each Plaintiff viewed at the time of app installation, and which version of the Android OS was running on their device at that time—are within Plaintiffs' knowledge and control.  Indeed, Facebook's counsel explained this to Plaintiffs' counsel *before* they filed the Second Amended Complaint ("SAC") (Dkt. 88).  Valco Decl. ¶ 7.[1]  All Plaintiffs have already alleged that they installed Facebook Lite, that they were *not* asked to consent to the collection of Call and Text Logs upon installation of either app, and that Facebook collected their Logs through a vulnerability present in certain Android OS versions.  Plaintiffs should have been prepared to attest to the same in sworn declarations in response to Facebook's evidence demonstrating their consent.  And if Plaintiffs truly needed discovery to establish their own standing, there was no impediment to it; discovery has been ongoing for months.

---

[1] All references to "Valco Decl." are to the Declaration of Nicole Valco in Supp. of Reply in Supp. of Mot. to Dismiss SAC.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

FACEBOOK'S REPLY IN SUPPORT OF
MOT. TO DISMISS 2nd AM. CONS. COMPLAINT
CASE NO. 3:18-CV-01881 RS

1    Plaintiffs' action should be dismissed, this time without leave to amend the complaint,

2    because Plaintiffs lack standing and should not be allowed to move forward with unfounded and

3    speculative allegations.  This is Plaintiffs' third complaint and second round of motion to dismiss

4    briefing.  *See Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) (discretion to deny

5    leave to amend is "particularly broad" where plaintiff has previously amended).  As this Court

6    recognized in ruling on the last motion, Plaintiffs' case "appears to be based on selective

7    information from the [*Ars Technica*] article" and not much else.  MTD Order at 11 (Dkt. 85); *see*

8    *also Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (affirming denial

9    of leave to amend where "it was clear that the plaintiffs had made their best case and had been

10   found wanting").  It is well past time for Plaintiffs to put all their cards on the table—they have

11   come up short, and that should be the end of it.

12   Even apart from standing, Plaintiffs still do not plead fraud with specificity, and still do not

13   state a viable claim.  A dismissal on either ground under Rule 12(b)(6) should be with prejudice.[2]

14   **II.    PLAINTIFFS DO NOT HAVE STANDING FOR ANY OF THEIR CLAIMS**

15   This Court should dismiss the SAC for lack of standing.  First, Plaintiffs offer no response

16   to Facebook's *facial* argument that the Android Allow Access prompt—through which Plaintiffs

17   allege they allowed Facebook access to their "contacts," SAC ¶¶ 6-9—defeats their standing.

18   Second, Plaintiffs have not carried their burden to produce evidence following Facebook's factual

19   attack, and their argument that this Court cannot resolve these issues is incorrect.  Third, Plaintiffs

20   have not shown—either as a factual or facial matter—that they suffered an invasion-of-privacy

21   injury.  Fourth, Plaintiffs' allegations remain facially insufficient to state an economic injury.

22   **A.    The Allow Access Prompt Defeats Plaintiffs' Standing As A Facial Matter**

23   In its opening brief, Facebook explained why Plaintiffs' allegations that they saw the

24   Android Allow Access prompt defeat their standing to challenge the conduct described in the SAC:

25   that prompt was generated only when running Android OS version 6.0 and above, which did not

26

27   [2] If the Court dismisses the SAC under Rule 12(b)(1) for lack of standing, that dismissal must be
     without prejudice.  *See Fleck & Assocs., Inc. v. Phoenix*, 471 F.3d 1100, 1106-07 (9th Cir. 2006);
28   *see also* 18A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure Jurisdiction
     § 4436 (3d ed.) (such a dismissal still precludes relitigation of the standing issue in a later case).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

FACEBOOK'S REPLY IN SUPPORT OF
MOT. TO DISMISS 2nd AM. CONS. COMPLAINT
CASE NO. 3:18-CV-01881 RS

1    have the "vulnerability" that Plaintiffs allege Facebook used to collect Call and Text Logs based

2    on a user's consent to access "contacts."  Mot. 4-5, 9 (Dkt. 93); SAC ¶¶ 1, 21-22.

3         Plaintiffs do not respond to this facial argument.  They do not dispute the relevance of the

4    Android Developer Guides or oppose judicial notice of their contents.  *See* Mot. 5 n.6 (explaining

5    why judicial notice is proper).  Nor do they dispute that the Allow Access prompt *only* appears on

6    Android versions that did not have the alleged vulnerability.  *See id.* at 4-5, 9 (explaining what the

7    Guides reveal).  Instead, Plaintiffs argue that their standing is still "plausibl[e]" because the SAC

8    includes collected Logs from three named Plaintiffs. Opp. 1 (Dkt. 99).  But the fact that Facebook

9    collected Plaintiffs' Logs says nothing about whether Plaintiffs were subjected to the specific

10   practice they are challenging, *i.e.*, whether Facebook collected their Logs through the alleged

11   Android software vulnerability.  It certainly does not rebut Facebook's argument that the Allow

12   Access prompt appeared only on OS versions that did *not* allow collection of Logs "by default,"

13   and which necessarily must have presented additional prompts for access to calls and texts.

14        The snippets of "Facebook emails" at SAC ¶¶ 2-3 on which Plaintiffs also rely similarly

15   say nothing about the Allow Access prompt and do not contradict the Android Developer Guides'

16   explanation of when that prompt can appear.  The emails do not even say anything about the

17   Messenger or Facebook Lite apps.  Further—and as Facebook already made clear—Plaintiffs'

18   sweeping claim that the emails show Facebook collected users' Logs "**without subjecting them**

19   **to an Android permissions dialog at all**," Opp. 6, is entirely inconsistent with Plaintiffs' whole

20   theory of their case: that Facebook allegedly collected Call and Text Logs *through an Android*

21   *permission prompt* requesting access to "contacts."  Mot. 3 n.4 (citing Plaintiffs' previous filings);

22   MTD Order at 10-11 (referring to "Plaintiffs' argument that Facebook used a 'standard Android

23   prompt'").  Plaintiffs have no answer to this point.

24        **B.      Plaintiffs Have Failed To Satisfy Their Burden Of Establishing Standing**

25        Independently, now that Facebook has attacked Plaintiffs' allegations factually, Plaintiffs

26   must establish their standing "with 'competent proof.'"  *Leite*, 749 F.3d at 1121 ("When the

27   defendant raises a factual attack, the plaintiff must support her jurisdictional allegations with

28   'competent proof,' under the same evidentiary standard that governs in the summary judgment

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

FACEBOOK'S REPLY IN SUPPORT OF
MOT. TO DISMISS 2nd AM. CONS. COMPLAINT
CASE NO. 3:18-CV-01881 RS

1   context." (citation omitted)).  Plaintiffs have utterly failed to meet this burden.

2   Facebook's declarations and accompanying exhibits showed: (1) that upon installing

3   Messenger, each Plaintiff saw a *Facebook* consent screen (an in-app "NUX" screen) expressly

4   asking for permission to "upload info about . . . call and text history," and each Plaintiff "turned

5   on" this feature, Mot. 3-4 & n.5, 10; (2) that Plaintiffs also saw additional Android prompts asking

6   them to grant the app access to their call and text logs, Mot. 5, 9; (3) that none of the Plaintiffs

7   installed Facebook Lite, Mot. 3, 9; and (4) that Facebook never disseminated Plaintiffs' Call and

8   Text Logs to third parties, Mot. 6, 14.  Plaintiffs argue that these jurisdictional facts are "wholly

9   intertwined" with the merits of their claims, and that this Court must therefore defer the resolution

10  of *all* of these issues.  Opp. 6.  Not so.

11  The Court need only "leave the resolution of material factual *disputes* to the trier of fact

12  when the issue of subject-matter jurisdiction is intertwined with an element of the merits."  *Leite*,

13  749 F.3d at 1121-22 & n.3 (emphasis added).  Here, even assuming the "intertwined" standard is

14  met, there is no "*dispute*" because Plaintiffs did not submit *any* competent proof supporting their

15  standing allegations.  *Id.*; *see also Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir.

16  2004) ("[j]urisdictional finding of *genuinely disputed facts* is inappropriate when the jurisdictional

17  issue and substantive issues are [sufficiently] intertwined" (first alteration in original) (internal

18  quotation marks omitted) (emphasis added)); *Foster v. Essex Prop., Inc.*, No. 5:14-cv-05531-EJD,

19  2017 WL 264390, at *4 (N.D. Cal. Jan. 20, 2017) (holding that overlap between standing and

20  merits issues "is not an impediment to granting [a] Rule 12(b)(1) motion" based on a factual attack

21  where plaintiffs did not produce competing evidence to support their standing).[3]

22  Plaintiffs cite cases to argue that they must have "discovery into the issues raised in

23  Defendant's motion and accompanying declarations" before this Court can dismiss the case based

24

---

25  [3] *Patel v. Facebook Inc.*, 290 F. Supp. 3d 948 (N.D. Cal. 2018), *appeal docketed*, No. 18-15982
    (9th Cir. May 30, 2018) is not to the contrary; there the court declined to consider extrinsic

26  evidence regarding notice and consent where the facts were "[]disputed" and "contest[ed]."  *Id.* at
    956.  And in *Levitt v. Yelp! Inc.*, No. C-10-1321 EMC, 2011 WL 5079526 (N.D. Cal. Oct. 26,

27  2011), the court found the defendants' evidence "cast[] doubt on," but did not rule out the
    plaintiffs' standing, and then dismissed the complaint for failure to state a claim.  *Id.* at *3-4.  Here,

28  Plaintiffs do not even *address* Facebook's evidence—likely because it unequivocally shows that
    Plaintiffs were not subjected to the alleged practice and consented to their Logs' collection.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

FACEBOOK'S REPLY IN SUPPORT OF
MOT. TO DISMISS 2nd AM. CONS. COMPLAINT
CASE NO. 3:18-CV-01881 RS

on Facebook's unrebutted evidence.  Opp. 7.  But Facebook's factual attack challenges whether any Plaintiff installed Facebook Lite, whether any of their smartphones were running the relevant versions of the Android OS, and whether Plaintiffs consented to Facebook and Android prompts explicitly asking for their permission for Facebook to access call and text history.  All of these facts—which concern *Plaintiffs' own devices* and *Plaintiffs' own experiences*—lie within Plaintiffs' control.[4]  If Plaintiffs do not already know this information, then they should not have all alleged that they installed Facebook Lite, were subjected to Facebook's exploitation of an Android OS vulnerability, and "w[ere] never asked whether [they] consented to Facebook [collecting] [their] call and text logs."  SAC ¶¶ 6-9.  It is beyond the pale for Plaintiffs to claim that they need extensive discovery to uncover basic facts that they should have investigated and confirmed before filing their first complaint, let alone the SAC.  *See Hernandez v. Path, Inc.*, No. 12-CV-01515 YGR, 2012 WL 5194120, at *2 n.2 (N.D. Cal. Oct. 19, 2012) ("Plaintiff should be able to determine the extent of his injuries without the benefit of discovery.").  Indeed, Facebook has repeatedly requested evidence relevant to these issues *from Plaintiffs*, who continue to refuse to disclose it.  Valco Decl. ¶¶ 2-7, 11.  This is no doubt because Plaintiffs know that such evidence would confirm exactly what Facebook has argued for over a year of costly litigation: that each of them gave Facebook express permission to upload their "call and text history."  Mot. 4.

But even putting aside the fact that Plaintiffs are asking for discovery to learn information within their own knowledge and control, discovery has been open in this case for nearly six months.[5]  And even prior to Plaintiffs filing the SAC, Facebook warned Plaintiffs their case had

---

[4]  Plaintiffs have made *no effort at all* to explain to this Court why they are purportedly unable to determine the facts necessary to corroborate their own allegations in the SAC.  A bare assertion in their brief that "[Plaintiffs] will need fact and expert discovery" from Facebook and Google in order to do so, Opp. 7, is entirely insufficient.  *See* Civ. L.R. 7-5(a).  Plaintiffs have refused to say, for instance, whether they have ever made *any* effort to determine—either on their own or through a discovery vendor or expert—the Android OS versions running on their devices or which permissions they granted to the Facebook app(s).  Plaintiffs have not even explained why they have been unable to determine whether they installed Facebook Lite—which they could have easily confirmed by checking the Google Play store or using other tools.  Valco Decl. ¶¶ 11-14.

[5]  *Vera v. Bureau of Indian Affairs*, 738 F. App'x 431 (9th Cir. 2018), is distinguishable on these grounds.  In *Vera*, the jurisdictional fact in question—the extent of the Government's control over a portion of a road where the plaintiff's accident occurred—was *not* within the plaintiff's own knowledge and control.  *Id.* at 432; *see also Young v. Crofts*, 64 F. App'x 24, 27 (9th Cir. 2006) (similarly reasoning that plaintiffs "could not be expected to allege (much less demonstrate)" the

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

FACEBOOK'S REPLY IN SUPPORT OF
MOT. TO DISMISS 2nd AM. CONS. COMPLAINT
CASE NO. 3:18-cv-01881 RS

1   significant threshold factual problems and offered to share its evidence regarding these issues.

2   Valco Decl. ¶¶ 8-9.  But Plaintiffs opted not to find out any more facts.  *Id.* ¶ 10.

3       For these reasons, Plaintiffs' empty protests about a lack of discovery should be no obstacle

4   to this Court's granting Facebook's 12(b)(1) motion for lack of standing.  *See Norkunas v. Wynn*

5   *Las Vegas, LLC*, 343 F. App'x 269, 270-71 (9th Cir. 2009) (affirming dismissal where plaintiffs

6   could have "overcome a factual attack on standing . . . through an affidavit or declaration," but

7   instead "submitted no evidence beyond their complaint"); *Am. W. Airlines, Inc. v. GPA Grp., Ltd.*,

8   877 F.2d 793, 800-01 (9th Cir. 1989) (cited in Opp.) (finding no abuse of discretion in district

9   court's dismissing a case based on defendant's affidavits without granting further discovery when

10  plaintiff did not seek discovery targeted to the jurisdictional issues).

11      **C.    Plaintiffs Lack Standing Based On A Privacy Injury**

12      Plaintiffs have no meaningful response to Facebook's factual and facial attacks on their

13  alleged invasion-of-privacy injury.  As just discussed, Plaintiffs did not try to counter Facebook's

14  showing that they *expressly consented* to Facebook's collection of their Logs—they did not even

15  submit declarations reaffirming their allegations that they were never asked to consent.  Plaintiffs

16  also do not attempt to dispute Facebook's showing that it never shared their Logs with third parties.

17      Plaintiffs instead argue that regardless of whether the Logs were disclosed to third parties,

18  they suffered a privacy injury based solely on Facebook's initial collection.  But even putting aside

19  Facebook's evidence that Plaintiffs consented, a mere allegation that Facebook obtained their

20  information is not enough.  The Ninth Circuit recently reiterated that a privacy injury on such a

21  basis requires plaintiffs to allege "how the disclosure of the information presents a 'risk of real

22  harm' to each [plaintiff] 'personal[ly] and individual[ly].'"  *Clark v. City of Seattle*, 899 F.3d 802,

23  810 (9th Cir. 2018) (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548-49 (2016)); *cf. Dutta v.*

24  *State Farm Mut. Auto. Ins. Co.*, 895 F.3d 1166, 1174 (9th Cir. 2018) (injury in fact requires a

25  showing of "a real harm or a material risk of harm" to the plaintiff).  In other words, a plaintiff

26  facts relevant to the jurisdictional question prior to "reasonable discovery").  And at the time of
27  the relevant district court decisions in *Vera* and *Young*, it appears that discovery was not ongoing.
    *See generally* Dkt. for No. 17-cv-03005 (E.D. Wash.) (*Vera*); Dkt. for No. 99-cv-00042-SRT (D.
28  Mont.) (*Young*).  Here, as discussed, if Plaintiffs truly needed discovery to rebut Facebook's
    showing, they could have made *some* effort to seek that information.

LATHAM&WATKINS
ATTORNEYS AT LAW
SAN FRANCISCO

6

FACEBOOK'S REPLY IN SUPPORT OF
MOT. TO DISMISS 2nd AM. CONS. COMPLAINT
CASE NO. 3:18-CV-01881 RS

must do more than merely allege that a party obtained her personal information without authorization—she must allege that this somehow caused her harm.  *See Dugas v. Starwood Hotels & Resorts Worldwide, Inc.*, No. 3:16-cv-00014 GPC-BLM, 2016 WL 6523428, at *6 (S.D. Cal. Nov. 3, 2016) ("[A]lleging theft of PII, without more, is inadequate to demonstrate a harm that qualifies as an injury in fact."); *Nayab v. Capital One Bank, N.A.*, No. 16-CV-3111-CAB-MDD, 2017 WL 2721982, at *3 (S.D. Cal. June 23, 2017) ("allegation that [plaintiff] felt that her privacy was invaded is . . . insufficient"; plaintiff must show an "identifiable harm"); *cf. In re iPhone Application Litig.*, 6 F. Supp. 3d 1004, 1014 n.5 (N.D. Cal. 2013) (no injury where plaintiffs "d[id] not . . . explain how the mere transmission of [personal] data caused them concrete harm").

Plaintiffs have no answer to how the collection or disclosure of any of their Logs caused them any real harm.  Indeed, they do not allege that anyone at Facebook (or any third party) even *viewed* their Logs—an obvious prerequisite for any claim that their privacy was invaded.  *Cf. Khan v. Children's Nat'l Health Sys.*, 188 F. Supp. 3d 524, 532-33 (D. Md. 2016) (no standing in data breach case where there was "no indication that [plaintiff's] personal data was actually viewed, accessed, or copied"); *Svenson v. Google Inc.*, No. 13-cv-04080-BLF, 2016 WL 8943301, at *9, *14 (N.D. Cal. Dec. 21, 2016) (no injury where plaintiff did not establish her information was viewed by a third party).[6]  They have not sufficiently alleged an injury in fact on this basis.

### D.      Plaintiffs Lack Standing Based On An Economic Injury

Both of Plaintiffs' alleged economic injuries fail on the face of the complaint.

#### 1.      Plaintiffs Do Not Plausibly Allege That They Lost Their Logs' Value

Plaintiffs argue that they need not have attempted to sell their Logs in order to claim an individualized injury based on the Logs' decreased value.  But even assuming (without granting)

---

[6] Plaintiffs also misleadingly claim that Facebook "secretly obtained" the "names and phone numbers of everyone they were communicating with."  Opp. 9.  But Plaintiffs allege that they *agreed* to upload their "contacts," SAC ¶¶ 6-9, and contacts obviously include names and phone numbers.  Nothing in the SAC alleges Facebook somehow obtained names of individuals who were not saved in Plaintiffs' contacts.  And Plaintiffs still have not come up with any sensible basis for why, given that they chose to share their contacts with Facebook, the additional information about length of calls or whether calls were incoming or outgoing was particularly sensitive to them.  For this reason, *Opperman v. Path, Inc.*, 205 F. Supp. 3d 1064 (N.D. Cal. 2016), is distinguishable: there, the plaintiffs did *not* give permission for the apps to upload their contacts.  *Id.* at 1067-68.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

FACEBOOK'S REPLY IN SUPPORT OF
MOT. TO DISMISS 2nd AM. CONS. COMPLAINT
CASE NO. 3:18-CV-01881 RS

1   that Plaintiffs did not need to allege an actual past *attempt*, they still do not allege—or even argue

2   in their briefing—that they *want* to sell their Call and Text Logs.  *See Khan*, 188 F. Supp. 3d at

3   533 (no standing where plaintiff did not "assert that she would ever actually sell her own personal

4   information").  Of course, their unwillingness to make that representation makes sense: if Plaintiffs

5   are suing Facebook because its possession of their Logs allegedly invades their privacy, then why

6   would Plaintiffs want to sell that same information to some unnamed entity for a nickel?

7          Plaintiffs invoke a line in *In re Facebook Privacy Litigation*, 572 F. App'x 494, 494 (9th

8   Cir. 2014), where the court found that plaintiffs had adequately alleged fraud and contract damages

9   because they "los[t] the sales value of [disclosed] information."  But that sentence—which was

10  not about Article III standing—does not hold that a plaintiff suffers injury in fact by losing the

11  sales value of information she never intended to sell.  In other words, *In re Facebook Privacy* did

12  not purport to state a rule of law that is patently contrary to the very principle of injury in fact: that

13  a plaintiff's harm cannot be "hypothetical."  *Spokeo*, 136 S. Ct. at 1548.[7]  Few injuries can be more

14  "hypothetical" than Plaintiffs' alleged harm of losing a sale they never wanted to make.

15         Even if this Court were to make the implausible inference that Plaintiffs would have sold

16  their Logs to some third party, Plaintiffs' alleged loss of a few cents each does not satisfy Article

17  III's case or controversy requirement.  Plaintiffs do not dispute that each of their losses is *de*

18  *minimis*, Opp. 11; they instead argue that *de minimis* harms still confer standing.  But *Skaff v.*

19  *Meridien North America Beverly Hills, LLC*, 506 F.3d 832 (9th Cir. 2007) (per curiam), forecloses

20  that general contention in this circuit.  *Id.* at 839-40 (finding plaintiff's harm "too trifling of an

---

22  [7] Other courts have declined to read *In re Facebook Privacy* as controlling on the issue here, either
23  distinguishing the case or seeing no need to address it.  *In re Facebook Internet Tracking Litig.*,
    140 F. Supp. 3d 922, 930-32 & n.3 (N.D. Cal. 2015); *In re Zappos.com, Inc.*, 108 F. Supp. 3d 949,
24  954 (D. Nev. 2015), *rev'd on other grounds*, 888 F.3d 1020 (9th Cir. 2018); *Fernandez v. Leidos*,
    127 F. Supp. 3d 1078, 1088-89 (E.D. Cal. 2015); *Opperman*, 87 F. Supp. 3d at 1056-57; *see also*
25  *In re: Community Health Sys., Inc.*, No. 16-CV-222-KOB, 2016 WL 4732630, at *8-9 (N.D. Ala.
    Sept. 12, 2016).  Plaintiffs' cited cases (Opp. 11) do not all concern Article III standing, and none
26  involved plaintiffs simultaneously bringing privacy tort claims alleging that the disclosure of the
    same information amounted to highly offensive behavior; so those courts did not find standing
27  based on a clearly hypothetical harm (as Plaintiffs ask this Court to do here).  And Plaintiffs'
    description of *Svenson*, 2016 WL 8943301, is misleading: that court did not "accept" an expert
28  opinion that the plaintiff was injured by a loss of 9 cents, but rather found a lack of Article III
    standing because, *inter alia*, the plaintiff failed to show a market for her unbundled personal
    information and that a third party actually saw it.  *See id.* at *7, *9.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

FACEBOOK'S REPLY IN SUPPORT OF
MOT. TO DISMISS 2nd AM. CONS. COMPLAINT
CASE NO. 3:18-CV-01881 RS

1   injury to support constitutional standing"). Plaintiffs' string cite does not prove otherwise. They

2   primarily rely on *Van Patten v. Vertical Fitness Group, LLC*, 847 F.3d 1037 (9th Cir. 2017), and

3   other cases in the Telephone Consumer Protection Act context. But *Van Patten* did not find injury

4   in fact based on a minute economic harm; indeed, the court found that the plaintiff in that case had

5   *not* suffered any economic harm. *Id.* at 1042-43, 1049.[8] Plaintiffs also point out that their case is

6   a putative class action. But every case that Facebook cited in its opening brief where a court found

7   that a loss of a few cents did not constitute injury in fact was a putative class action. Mot. 12 n.11.

8   Plaintiffs are incorrect to suggest that the class-action device—a creature of the Federal Rules of

9   Civil Procedure—can somehow trump a constitutional requirement.

10                  2.      Plaintiffs Do Not Allege A Cognizable Injury Based On Resource Depletion

11          Plaintiffs maintain that their unexplained allegations that Facebook's actions "consume[d]

12   [their] phone's resources," *e.g.*, SAC ¶ 6, are sufficient to state a concrete injury. But Plaintiffs do

13   not even attempt to distinguish the cases in Facebook's brief where courts found similarly vague

14   and conclusory allegations about resource depletion insufficient. *See* Mot. 12-13. In fact, the

15   *Opperman* court rejected allegations very similar to the ones here: that the "[app defendants']

16   unauthorized transmissions and operations used [device] resources, battery life, energy and cellular

17   time at a cost to Plaintiffs and caused loss of use and enjoyment of some portion of each [device's]

18   useful life." 87 F. Supp. 3d at 1056; *see also In re Carrier IQ, Inc.*, 78 F. Supp. 3d 1051, 1066

19   (N.D. Cal. 2015) (a "bare assertion that Carrier IQ 'taxed' each Plaintiff's 'battery, processor, and

20   memory' would likely be insufficient" (quoting the complaint)).

21          As Facebook explained, Mot. 12-13 & n.12, courts in this circuit *do* sometimes find that

---

23   [8] Plaintiffs also cite *Sprint Communications Co., L.P. v. APCC Services, Inc.*, 554 U.S. 269, 289
     (2008), for its statement that "perhaps only a dollar or two" could support standing; the Supreme
24   Court was not making a holding on that score, and in any event Plaintiffs cannot even claim a loss
     of a dollar. Plaintiffs cite dicta from other cases, but none are about minute monetary losses. *See*
25   *United States v. Students Challenging Regulatory Agency Procedures*, 412 U.S. 669, 685-87
     (1973) (injury based on environmental risks); *Katz v. Pershing, LLC*, 672 F.3d 64, 76 (1st Cir.
26   2012) (not deciding whether plaintiff could establish injury based on overpaying for services);
     *New York Pub. Interest Research Grp. v. Whitman*, 321 F.3d 316, 325-26 (2d Cir. 2003) (injury
27   based on environmental risks). Plaintiffs fail to mention that their quote from *Kawa Orthodontics,*
     *LLP v. Secretary, U.S. Department of the Treasury*, 773 F.3d 243, 250 (11th Cir. 2014), is from
28   the dissent. And it seems they cited *Muscarello v. Ogle County Board of Commissioners*, 610
     F.3d 416 (7th Cir. 2010), by mistake, as their quoted language does not appear in that case.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

FACEBOOK'S REPLY IN SUPPORT OF
MOT. TO DISMISS 2nd AM. CONS. COMPLAINT
CASE NO. 3:18-CV-01881 RS

1  diminution in the performance of an electronic device can constitute injury in fact.  But this

2  standard is met only when a plaintiff alleges activity that is *systematic* and *frequent* (making it

3  plausible to infer the device was actually degraded and its performance impaired), or when the

4  plaintiff provides sufficient detail about the damage to enable a court to conclude that the

5  defendant's activity had such an effect.[9]  Plaintiffs provided neither.  In an attempt to rehabilitate

6  their allegations, Plaintiffs now assert that "*every time* Plaintiffs sent or received a phone call or

7  text message, Facebook used their phones' resources to scrape metadata."  Opp. 13.  But the SAC

8  nowhere includes that allegation, and it is not plausibly encompassed within Plaintiffs' allegation

9  that *the Logs themselves* may contain years' worth of entries.  *Id.* (citing SAC ¶ 1).

10  ### III.   PLAINTIFFS FAIL TO SATISFY RULE 9(B)

11  Plaintiffs' contention that their case is not based on a misrepresentation, *see* Opp. 14, is a

12  total about-face from what Plaintiffs previously represented to the Court, *see* MTD Hr'g Tr. at 23-

13  24, and contradicts their allegations in the SAC identifying the Allow Access prompt.  There is no

14  way to understand the SAC's focus on the Allow Access prompt except as alleging that the prompt

15  is a misleading affirmative statement that allegedly failed to disclose that the app was also

16  collecting Call and Text Logs.  SAC ¶¶ 1, 6-9; Opp. 1 (emphasizing that the SAC "describes the

17  exact Allow Access prompt that Plaintiffs were shown when they downloaded the Facebook

18  apps").  Plaintiffs cannot evade Rule 9(b)'s heightened pleading standard by treating their newly-

19  alleged Allow Access prompt as irrelevant, and the SAC falls far short of the Rule 9(b) standard.

20  Even the district court cases on which Plaintiffs rely recognize that Rule 9(b) has only been

21  relaxed where a plaintiff alleges "a failure to act instead of an affirmative act," such that the

---

[9] All of Plaintiffs' cases from this circuit fall into these categories.  *See In re Carrier IQ*, 78 F. Supp. 3d at 1066-67 ("'systemic,' rather than 'episodic,' effect on [device] resources"); *Tyacke v. First Tenn. Bank, N.A.*, No. EDCV 16-00228-JGB (SPx), 2016 WL 9108892, at *3 & n.1 (C.D. Cal. Apr. 28, 2016) (diminished value of phone "was more than trivial"); *In re Google, Inc. Privacy Policy Litig.*, No. C 12-01382 PSG, 2013 WL 6248499, at *7 (N.D. Cal. Dec. 3, 2013) (battery discharge was "systemic rather than episodic"); *In re iPhone Application Litig.*, 844 F. Supp. 2d 1040, 1050-51, 1054-56 (N.D. Cal. 2012) (specific allegations about amount of memory consumed when defendants stored and transmitted data); *Yunker v. Pandora Media, Inc.*, No. 11-CV-03113 JSW, 2014 WL 988833, at *3 (N.D. Cal. Mar. 10, 2014) (specific allegations that, *inter alia*, app consumed more bandwidth and data to collect PII than the app would have used otherwise and third-party advertising libraries installed code that consumed portions of cache and memory).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

FACEBOOK'S REPLY IN SUPPORT OF
MOT. TO DISMISS 2nd AM. CONS. COMPLAINT
CASE NO. 3:18-CV-01881 RS

plaintiff would "not be able to specify the time, place, and specific content of an omission as would a plaintiff in a false representation claim." *MacDonald v. Ford Motor Co.*, 37 F. Supp. 3d 1087, 1096 (N.D. Cal. 2014) (citation omitted).[10]  Here, Plaintiffs are plainly *able* to specify an alleged misrepresentation, *i.e.*, the Allow Access prompt.  But they continue to refuse to identify the circumstances with particularity, including "when" Plaintiffs downloaded the Facebook apps and saw the prompt, "where" and "how" they did so (*i.e.*, whether Plaintiffs were using the alleged "prior versions" of the Android OS that had a vulnerability), and "why" they believed Call and Text Logs would not be uploaded as part of "contacts."  On Plaintiffs' third attempt, there should be no doubt that Plaintiffs are refusing to plead those circumstances because doing so will show they have no case.  *See supra* Section II.A; Mot. 4-5, 9.

Aside from their attempt to lower the 9(b) standard, Plaintiffs have no response except to suggest that the Android OS version at the time of their Logs' collection is a "factual dispute[]" that cannot be resolved.  Opp. 6, 15.  But there is no "dispute," as Plaintiffs have not alleged *any* facts about the OS version running on *their* smartphones.  And as discussed, they do not need discovery to uncover this information about their own devices.  Valco Decl. ¶¶ 4, 7, 11.  It is not enough for Plaintiffs to rest on cookie-cutter allegations that they all installed the apps "prior to October 2017" and all saw the Allow Access prompt at that time.  SAC ¶¶ 6-9.  Rule 9(b) requires much more.  *See Periguerra v. Meridas Cap., Inc.*, No. C 09–4748 SBA, 2010 WL 395932, at *5 (N.D. Cal. Aug. 12, 2010) ("Rule 9(b) does not permit a party to make conclusory allegations and then, through the discovery process, gain more specific information and amend its pleadings to satisfy the particularity requirement." (citation omitted)).

Plaintiffs' defense of their "who" allegations is worse.  They have already admitted that the Allow Access prompt is an Android prompt, Mot. 15-16 (citing these admissions in Plaintiffs' briefing), yet they now insist that Facebook is still the one "responsible" for that prompt because

---

[10] The Ninth Circuit's decision in *Cooper v. Pickett* does not hold, as Plaintiffs contend (Opp. 14), that Rule 9(b) is relaxed for pure omission claims.  137 F.3d 616, 627 (9th Cir. 1997) (holding that Rule 9(b) requires plaintiff to "explain[] *how* [specific revenue recognition statements] were false" (citation omitted)); *see also Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009) (holding that nondisclosure claims *are* subject to the particularity requirements of Rule 9(b)).

LATHAM&WATKINS<sup>LLP</sup>
Attorneys At Law
San Francisco

11

FACEBOOK'S REPLY IN SUPPORT OF
MOT. TO DISMISS 2nd AM. CONS. COMPLAINT
CASE NO. 3:18-CV-01881 RS

1    it "emanated from Facebook's applications," Opp. 14.  That conclusory "emanated" assertion—

2    which Plaintiffs do not explain and does not appear in the SAC—provides no basis for attributing

3    Android's prompt to Facebook and is therefore insufficient to bring a claim grounded in fraud

4    against Facebook.  *See Jackson v. Fischer,* 931 F. Supp. 2d 1049, 1067 (N.D. Cal. 2013)

5    (dismissing common-law fraud claims against individual defendants where plaintiff failed to plead

6    with particularity "who . . . made false or misleading statements"); *cf. Swartz v. KPMG LLP*, 476

7    F.3d 756, 765 (9th Cir. 2007) (in context of fraud suit involving multiple defendants, a plaintiff

8    must, at a minimum, "identif[y] the role of [each] defendant[ ]" in the fraudulent scheme).

9    **IV.   PLAINTIFFS' CLAIMS FAIL ON THE MERITS**

10        **A.    Plaintiffs Have Not Stated A Claim For Fraud**

11           Plaintiffs' defense of their fraud claim fares no better.  *First*, as just addressed, Plaintiffs

12   have *not* "clearly" alleged the "who, what, where, when, and why" of the misrepresentation

13   element of their fraud claim, Opp. 16.  The SAC also cannot plausibly be read as alleging an

14   actionable omission, and certainly not with particularity.  *See, e.g.*, *Hodsdon v. Mars, Inc.*, 891

15   F.3d 857, 861 (9th Cir. 2018) (an omission is actionable only where the omitted fact is "contrary

16   to a representation actually made by the defendant, or an omission of a fact the defendant was

17   obliged to disclose" (citation omitted)); *Garcia v. Gen. Motors LLC*, 1:18-cv-01313-LJO-BAM,

18   2019 WL 1209632, at *7 (E.D. Cal. Mar. 14, 2019).[11]

19           ***Second***, Plaintiffs cannot rely on the Facebook emails excerpted at SAC ¶¶ 2-3 to allege

20   scienter or an intent to defraud for the simple reason that the emails say nothing about the Allow

21   Access prompt or even the Messenger or Facebook Lite apps.  In fact, the emails reflect that

22   Facebook has its own in-app consent screen, *see* Mot. 4 n.5—which Plaintiffs ignore.  Plaintiffs

23   are thus left with threadbare allegations of knowledge and intent, SAC ¶¶ 63-64, that are plainly

24   insufficient.  *See Sunnyside Dev. Co., LLC v. Opsys Ltd.*, No. C 05-0553 MHP, 2005 WL 1876106,

25   at *5 (N.D. Cal. Aug. 8, 2005) (dismissing fraud claim and finding a failure to allege scienter

26   
27   ────────────────────

[11] The SAC does not and cannot satisfy the *Hodsdon* standard, namely, that an omitted fact must
be either "contrary to" the Allow Access prompt or "affect[] the central functionality" of the app

28   at issue.  *Hodsdon*, 891 F.3d at 861.  And even if the SAC had alleged such an omitted fact, the
SAC also does not allege any circumstance giving rise to a duty to disclose.  *See id.*

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12

FACEBOOK'S REPLY IN SUPPORT OF
MOT. TO DISMISS 2nd AM. CONS. COMPLAINT
CASE NO. 3:18-CV-01881 RS

where complaint only alleged "the existence of 'much evidence'" of defendant's intent).

**Third**, Plaintiffs' conclusory allegations that they "would not have installed or used the [Facebook] apps had [they] known the truth," SAC ¶¶ 6-9, are insufficient to plead reliance, let alone justifiable reliance, on the Allow Access prompt. *See Herskowitz v. Apple, Inc.*, 940 F. Supp. 2d 1131, 1148 (N.D. Cal. 2013) (finding insufficient allegation that plaintiffs "did reasonably rely on those misrepresentations in purchasing Apple Products"); *Valencia v. Wells Fargo Home Mortg. Inc.*, No. C 14–3354 CW, 2014 WL 5812578, at *4 (N.D. Cal. Nov. 7, 2014) ("Actual reliance occurs when a misrepresentation is an immediate cause of [a plaintiff's] conduct, which alters his legal relations . . . ." (citation omitted)).  Plaintiffs' own allegations establish the Allow Access prompt was not the "immediate cause" of their installation or use of the Facebook apps: they chose to download the app *before* seeing the Allow Access prompt, and they did not have to share their contacts to use the apps.  SAC ¶¶ 1, 6-9.  And as explained, this is not a pure omission case—but Plaintiffs likewise have not pleaded reliance under an omission theory.[12]

**Finally**, Plaintiffs' economic injury allegations are insufficient.  *See supra* Section II.D.

## B.  Plaintiffs Do Not Allege A CDAFA Claim

In addition to their failure to allege standing based on an economic injury, Plaintiffs have not pleaded that Facebook acted "without permission" within the meaning of the California Computer Data Access and Fraud Act ("CDAFA") when Facebook accessed Plaintiffs' Logs through default features of the Android OS.  Plaintiffs primarily rely on a 2015 district court case, *In re Carrier IQ*, that predates the Ninth Circuit's explication of the CDAFA "without permission" requirement in *Facebook, Inc. v. Power Ventures, Inc.*, 844 F.3d 1058 (9th Cir. 2016).  But *Power Ventures* held that a defendant does *not* act "without permission" if it "reasonably could have thought" it had permission to access or use the systems in question—even if the defendant does not first notify the systems' owner of its activities.  *Id.* at 1063, 1067, 1069.  Here, Plaintiffs' allegations make clear that Facebook had "arguable permission," *id.* at 1067, to access and use a

---

[12]  Plaintiffs cannot allege reliance where they have not alleged their relevant behavior—their use of the app—is any different "after discovering the alleged omission."  *In re Adobe Sys., Inc. Privacy Litig.*, 66 F. Supp. 3d 1197, 1231 n.14 (N.D. Cal. 2014); *see also Noll v. eBay Inc.*, No. 5:11-CV-04585-EJD, 2013 WL 2384250, at *4 (N.D. Cal. May 30, 2013).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

13

FACEBOOK'S REPLY IN SUPPORT OF
MOT. TO DISMISS 2nd AM. CONS. COMPLAINT
CASE NO. 3:18-CV-01881 RS

1   user's Call and Text Logs: Plaintiffs granted the app access to their contacts, and Android *designed*

2   the OS permission system to allow the collection of Logs through a contacts permission up until

3   Android "fully deprecated this functionality" in October 2017, SAC ¶ 22.[13]

4          Plaintiffs weakly point out that *Power Ventures* discussed CDAFA in two paragraphs.  But

5   the Ninth Circuit used those paragraphs to incorporate its earlier analysis of the Computer Fraud

6   and Abuse Act (CFAA), and its reasoning that the defendant had *not* acted "without authorization"

7   under the CFAA when it "reasonably could have thought" it had permission to access Facebook's

8   computers.  *See* 844 F.3d at 1069.  Plaintiffs also note that the Ninth Circuit found a CDAFA

9   violation.  That is the point: the court found a violation where the defendant was put on express

10  notice that it lacked permission for its activities.  Facebook was not put on such notice here.

11         **C.      Plaintiffs' State-Law Privacy Claims Fail As A Matter Of Law**

12         Plaintiffs are wrong that the "law of the case" doctrine precludes this Court from revisiting

13  its analysis of Plaintiffs' privacy claims.  The doctrine "does not preclude a court from reassessing

14  its own legal rulings in the same case."  *Askins v. U.S. Dep't of Homeland Sec.*, 899 F.3d 1035,

15  1042-43 (9th Cir. 2018) (law of the case does not apply where a district court dismisses claims

16  without prejudice, does not enter final judgment, and plaintiffs file a new complaint).

17         That head fake aside, Plaintiffs hardly respond to Facebook's points.   As explained,

18  Plaintiffs cannot allege a reasonable expectation of privacy merely by noting the "types of data"

19  collected, Opp. 23—they must allege a plausible privacy interest in *specific* items in their collected

20  Logs.  Mot. 23, 24.  And Plaintiffs do not distinguish the ample authority demonstrating that courts

21  can and do dismiss privacy claims without waiting for a jury, *see, e.g.*, *Hernandez v. Hillsides*, 47

22  Cal. 4th 272, 295 (2009),[14] including where plaintiffs allege that they lacked an opportunity to

23

24  [13] *In re Carrier IQ* is also distinguishable: Facebook did not pre-install "deeply hidden" software on Plaintiffs' phones that they could not remove.  78 F. Supp. 3d at 1101.  And in *NovelPoster v.*

25  *Javitch Canfield Group*, 140 F. Supp. 3d 954 (N.D. Cal. 2014) (which also pre-dates *Power Ventures*), the plaintiffs had expressly notified the defendants that they lacked permission to

26  change plaintiffs' account passwords, and plaintiffs later notified the defendants that they needed to return the accounts.  *Id.* at 956-57.  Under those circumstances, the defendants could not reasonably have believed they had permission to take the actions they did.  *See id.* at 967.

27  [14] *See also In re Nickelodeon Consumer Privacy Litig.*, 827 F.3d 262, 294-95 & n.205 (3d Cir.

28  2016) (dismissing privacy claim against defendant Google at motion-to-dismiss stage based on plaintiffs' failure to allege sufficiently outrageous conduct on Google's part).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

14

FACEBOOK'S REPLY IN SUPPORT OF
MOT. TO DISMISS 2ND AM. CONS. COMPLAINT
CASE NO. 3:18-CV-01881 RS

1    consent to the defendant's information collection, Mot. 25, as Plaintiffs (wrongly) allege here.

2          Facebook has also already distinguished the circumstances in *In re Google Inc. Cookie*

3    *Placement Consumer Privacy Litigation*, 806 F.3d 125 (3d Cir. 2015).  Mot. 24-25.  And Plaintiffs'

4    other cases do not support a reasonable finding of highly offensive and egregious behavior,

5    especially now that Plaintiffs have actually alleged the text of the purportedly misleading Allow

6    Access prompt.  In *In re Nickelodeon*, defendant Viacom *explicitly represented* that it was not

7    collecting children's personal information when they used its website—which naturally gave rise

8    to an expectation that Viacom would not do so.  827 F.3d at 291, 294-95.  And in *In re Vizio, Inc.,*

9    *Consumer Privacy Litigation*, Vizio had provided consumers with an opt-out mechanism that was

10   ineffective; the court relied on this "failure to respect consumers' privacy choices" to find

11   offensiveness.  238 F. Supp. 3d 1204, 1213, 1233 (C.D. Cal. 2017).  By contrast, Plaintiffs do not

12   allege that Facebook *ever* stated that it was *not* collecting their Logs through a request to upload

13   "contacts."  The Allow Access prompt makes that clear.  Nor do Plaintiffs allege that they ever

14   expressed a preference—*i.e.*, through an opt-out mechanism—that Facebook did not respect.

15          **D.      Plaintiffs Fail To State A Claim For Unjust Enrichment**

16          The Court's prior ruling that the "duplicative" nature of the unjust enrichment claim is not

17   "a ground for dismissal," MTD Order at 17, is not law of the case.  *See supra* Section IV.C.  And

18   as Facebook made clear, Mot. 21-22, this claim should be dismissed *regardless of whether it is*

19   *superfluous or duplicative*, because an unjust enrichment claim "is not available when a contract

20   defines the rights of the parties." *Ellis v. JPMorgan Chase & Co.*, 752 F. App'x 380, 383 (9th Cir.

21   2018); *see also AdTrader, Inc. v. Google LLC*, No. 17-cv-07082-BLF, 2018 WL 3428525, at *11

22   (N.D. Cal. July 13, 2018) (dismissing claim because even for "an alternative unjust enrichment

23   claim," "Plaintiffs must allege that the parties do not have an enforceable contract pertaining to

24   Google's advertisement services").  Plaintiffs have no response.

25   **V.     CONCLUSION**

26          Facebook requests that the Court grant its motion to dismiss without leave to amend.

27

28

LATHAM&WATKINS^LLP
ATTORNEYS AT LAW
SAN FRANCISCO

15

FACEBOOK'S REPLY IN SUPPORT OF
MOT. TO DISMISS 2nd AM. CONS. COMPLAINT
CASE NO. 3:18-CV-01881 RS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DATED:  April 12, 2019

LATHAM & WATKINS LLP

By:  */s/ Elizabeth L. Deeley*

Elizabeth L. Deeley (CA Bar No. 230798)
Nicole C. Valco (CA Bar No. 258506)
505 Montgomery Street, Suite 2000
San Francisco, CA  94111-6538
*elizabeth.deeley@lw.com*
*nicole.valco@lw.com*

Susan E. Engel (*pro hac vice*)
555 Eleventh Street, NW, Suite 1000
Washington, DC  20004
*susan.engel@lw.com*

*Attorneys for Defendant Facebook, Inc.*

16