LATHAM & WATKINS LLP
Elizabeth L. Deeley (CA Bar No. 230798)
    elizabeth.deeley@lw.com
Nicole C. Valco (CA Bar No. 258506)
    nicole.valco@lw.com
505 Montgomery Street, Suite 2000
San Francisco, CA  94111-6538
Telephone: +1.415.391.0600
Facsimile: +1.415.395.8095

Susan E. Engel (*pro hac vice*)
    susan.engel@lw.com
555 Eleventh Street, NW, Suite 1000
Washington, DC  20004
Telephone: +1.202.637.2200
Facsimile: +1.202.637.2201

*Attorneys for Defendant Facebook, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LAWRENCE OLIN, HAROLD NYANJOM, SHERON SMITH-JACKSON, and JANICE VEGA-LATKER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FACEBOOK, INC.,<br><br>Defendant. | Case No. 3:18-cv-01881 RS (TSH)<br><br>**FACEBOOK, INC.'S ADMINISTRATIVE MOTION FOR LEAVE TO SUBMIT RECENT AUTHORITY**<br><br>Hon. Richard Seeborg |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

FACEBOOK'S ADMINISTRATIVE MOTION TO
SUBMIT RECENT AUTHORITY
CASE NO. 3:18-CV-01881 RS (TSH)

Pursuant to Civil Local Rule 7-11, Defendant Facebook, Inc. requests leave to submit a recent decision, *Bass v. Facebook, Inc.*, No. C 18-05982 WHA (JSC), 2019 WL 2568799 (N.D. Cal. June 21, 2019) (attached as Exhibit A to the Declaration of Nicole C. Valco, filed concurrently), as supplemental authority in support of Facebook's pending Motion to Dismiss (Dkt. 93).[1]  *Bass* was released following the motion to dismiss hearing in this case, and it is a highly persuasive decision regarding two important issues relevant to Plaintiffs' Article III standing.  *See Michael Taylor Designs, Inc. v. Travelers Prop. Cas. Co. of Am.*, 761 F. Supp. 2d 904, 909 (N.D. Cal. 2011).  Specifically, *Bass*—a case in a similar procedural posture involving analogous facts and similar disputes about standing—is relevant to two of Facebook's arguments: (1) that, in response to Facebook's Rule 12(b)(1) factual attack, Plaintiffs were obligated to provide evidence sufficient to carry their burden to establish standing, *see* MTD 6-7, Reply 1, 3-6 (Dkt. 107); and (2) that, as a facial matter, Plaintiffs did not sufficiently allege an injury in fact based on the supposed diminution in value of their Call and Text Logs, *see* MTD 10-11, Reply 7-9.

In *Bass*—a case involving allegations that Facebook had inadequate security procedures allowing criminal hackers to steal information from its users' Facebook accounts—Facebook put forth evidence as part of a Rule 12(b)(1) factual attack showing that named plaintiff Bass lacked standing because his own account had not been compromised in the attack.  Facebook also argued that the plaintiffs lacked standing to bring their California statutory claims because they had not alleged the requisite economic injury.  With respect to Facebook's factual attack, the district court found that, because Facebook had "properly present[ed]" evidence calling plaintiff Bass's standing into question, he had the "burden" to "defend jurisdiction by 'furnish[ing] affidavits or other evidence.'"  *Bass*, 2019 WL 2568799, at *5 (quoting *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th

---

[1] Pursuant to Civil Local Rule 7-11(a), Facebook contacted counsel for Plaintiffs to seek a stipulation to the submission of this supplemental authority, and Plaintiffs declined to stipulate.  Valco Decl. ¶ 2.

Cir. 2004) (second alteration in original)).  The district court accordingly dismissed plaintiff Bass's claims for lack of standing because he did not "sufficiently rebut[]" Facebook's evidence; the court held that plaintiff Bass could not "merely assume he was a victim through facts that do not trace to the data breach and through occurrences so common the link to the data breach is merely possible."  *Id.* at *8.

With respect to economic injury, the district court found that the remaining plaintiff did not sufficiently allege an injury based on the lost value of his stolen information.  *Id.* at *11.  The court explained:

> [P]laintiff Adkins has provided no market for the personal information or the impairment of the ability to participate in that market.  This lack of specificity is fatal.  It is not enough to merely say the information was taken and therefore it has lost value.  In addition, plaintiff Adkins has not shown how this information has economic value to *him*.  That the information has external value, but no economic value to plaintiff, cannot serve to establish that plaintiff has personally lost money or property.

*Id.*  The district court also noted that plaintiff Adkins lacked the "intention" to "sell his own data" and that his allegations did not make clear "whether or how the data has been devalued by the breach."  *Id.*

Facebook respectfully requests that this Court grant leave to submit the decision as supplemental authority.

DATED:  June 25, 2019               LATHAM & WATKINS LLP

                                    By:  */s/ Elizabeth L. Deeley*
                                         Elizabeth L. Deeley (CA Bar No. 230798)
                                         Nicole C. Valco (CA Bar No. 258506)
                                         505 Montgomery Street, Suite 2000
                                         San Francisco, CA  94111-6538
                                         *elizabeth.deeley@lw.com*
                                         *nicole.valco@lw.com*

                                         Susan E. Engel (*pro hac vice*)
                                         555 Eleventh Street, NW, Suite 1000
                                         Washington, DC  20004
                                         *susan.engel@lw.com*

                                         *Attorneys for Defendant Facebook, Inc.*

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

FACEBOOK'S ADMINISTRATIVE MOTION TO
SUBMIT RECENT AUTHORITY
CASE NO. 3:18-CV-01881 RS (TSH)