LATHAM & WATKINS LLP
Elizabeth L. Deeley (CA Bar No. 230798)
   elizabeth.deeley@lw.com
Nicole C. Valco (CA Bar No. 258506)
   nicole.valco@lw.com
505 Montgomery Street, Suite 2000
San Francisco, CA  94111-6538
Telephone: +1.415.391.0600
Facsimile: +1.415.395.8095

Susan E. Engel (*pro hac vice*)
   susan.engel@lw.com
555 Eleventh Street, NW, Suite 1000
Washington, DC  20004
Telephone: +1.202.637.2200
Facsimile: +1.202.637.2201

Attorneys for Defendant Facebook, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LAWRENCE OLIN, HAROLD NYANJOM, SHERON SMITH-JACKSON, and JANICE VEGA-LATKER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FACEBOOK, INC.,<br><br>Defendant. | Case No. 3:18-cv-01881 RS (TSH)<br><br>**FACEBOOK, INC.'S ANSWER TO THE SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**<br><br>Hon. Richard Seeborg |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

FACEBOOK'S ANSWER TO SECOND
AMENDED COMPLAINT
CASE NO. 3:18-CV-01881 RS (TSH)

**ANSWER TO SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**

Pursuant to Rules 7 and 8 of the Federal Rules of Civil Procedure, Defendant Facebook, Inc. ("Facebook"), by and through its undersigned counsel, hereby answers and asserts defenses to the claims and allegations made by Plaintiffs Lawrence Olin, Harold Nyanjom, Sheron Smith-Jackson, and Janice Vega-Latker ("Plaintiffs") in their Second Amended Consolidated Class Action Complaint ("SAC"). Facebook denies each and every allegation in the Complaint except as expressly admitted herein. Numbered Paragraphs below correspond to the like-numbered Paragraphs in the SAC.

**NATURE OF ACTION**

1. Facebook admits that it provided users of the Messenger app for Android the following consent screen giving them the option to enable the uploading of call and text histories.



Facebook admits that only if a user received the above consent screen and clicked "TURN ON", then data on whether a call was incoming, outgoing, or missed, whether a text was sent or received, the date and time of each call or text, the telephone number, the contact name, and the duration of

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

FACEBOOK'S ANSWER TO SECOND
AMENDED COMPLAINT
CASE NO. 3:18-CV-01881 RS (TSH)

1    the call, would be uploaded if such data was accessible on the Android device.  Facebook admits
2    that Android provided Android device users with permission prompts that requested users' consent
3    to provide apps access to contacts, as well as permission prompts that requested users' consent to
4    provide apps access to call logs and permission prompts that requested users' consent to provide
5    apps access to text logs.  Paragraph 1 also contains allegations about the Facebook Lite app, which
6    the Court dismissed on August 29, 2019 and to which no response is required.  *See* Dkt. No. 128
7    at 15.  To the extent a response is required, Facebook denies such allegations.  Except as
8    specifically admitted, Facebook denies the allegations in Paragraph 1.

9      2. Facebook admits that the excerpted language appears in the February 4, 2015 email
10   from Mark Tonkelowitz which speaks for itself, but is incomplete and must be read in its entirety.
11   Facebook refers to the February 4, 2015 email from Mark Tonkelowitz from which this language
12   is excerpted for a true and complete statement of its contents, and denies all allegations inconsistent
13   with the statements contained therein and the surrounding context and denies Plaintiffs'
14   characterization of such statements.  Except as specifically admitted, Facebook denies the
15   allegations in Paragraph 2.

16     3. Facebook admits that the excerpted language appears in the February 4, 2015 email
17   from Mark Tonkelowitz which speaks for itself, but is incomplete and must be read in its entirety.
18   Facebook refers to the February 4, 2015 email from Mark Tonkelowitz from which this language
19   is excerpted for a true and complete statement of its contents, and denies all allegations inconsistent
20   with the statements contained therein and the surrounding context and denies Plaintiffs'
21   characterization of such statements.  Except as specifically admitted, Facebook denies the
22   allegations in Paragraph 3.

23     4. Facebook admits that the excerpted language appears in the February 4, 2015 email
24   from Mark Tonkelowitz which speaks for itself, but is incomplete and must be read in its entirety.
25   Facebook refers to the February 4, 2015 email from Mark Tonkelowitz from which this language
26   is excerpted for a true and complete statement of its contents, and denies all allegations inconsistent
27   with the statements contained therein and the surrounding context and denies Plaintiffs'
28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

FACEBOOK'S ANSWER TO SECOND
AMENDED COMPLAINT
CASE NO. 3:18-CV-01881 RS (TSH)

characterization of such statements.  Except as specifically admitted, Facebook denies the allegations in Paragraph 4.

     5.     Facebook admits that Plaintiffs seek compensatory, statutory, and punitive damages, and injunctive relief, but denies all remaining allegations in Paragraph 5 and that Plaintiffs are entitled to any relief.

     6.     Facebook admits that Plaintiff Lawrence Olin installed the Messenger app onto an Android device prior to October 2017, and that call and text history from the Android device was uploaded through the Messenger app only after Plaintiff Olin received the below prompt on his Android device and clicked "TURN ON".



Facebook lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff Olin is a citizen of New York and resides in New York, New York, and on that basis denies it.  Facebook lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff Olin installed the Messenger app for his personal and household use, and on that basis denies it.  Paragraph 6 contains allegations about the Facebook Lite app, which

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

FACEBOOK'S ANSWER TO SECOND
AMENDED COMPLAINT
CASE NO. 3:18-CV-01881 RS (TSH)

1  the Court dismissed on August 29, 2019 and to which no response is required.  *See* Dkt. No. 128
2  at 15.  To the extent a response is required, Facebook denies such allegations.  Except as
3  specifically admitted, Facebook denies the allegations in Paragraph 6.

4      7.   Facebook admits that Plaintiff Harold Nyanjom installed the Messenger app onto
5  Android devices prior to October 2017, and that call and text history from the Android devices
6  was uploaded through the Messenger app only after Plaintiff Nyanjom received the below prompt
7  on his Android devices and clicked "TURN ON".



22  Facebook lacks knowledge or information sufficient to form a belief as to the truth of the allegation
23  that Plaintiff Nyanjom is a citizen of Kansas and resides in Wichita, Kansas, and on that basis
24  denies it.  Facebook lacks knowledge or information sufficient to form a belief as to the truth of
25  the allegation that Plaintiff Nyanjom installed the Messenger app for his personal and household
26  use, and on that basis denies it.  Facebook lacks knowledge or information sufficient to determine
27  what Plaintiff Nyanjom downloaded, when he downloaded it and what he allegedly excerpted, and
28  on that basis denies that the data pictured in Paragraph 7 is a true and correct redacted excerpt of

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

FACEBOOK'S ANSWER TO SECOND
AMENDED COMPLAINT
CASE NO. 3:18-CV-01881 RS (TSH)

1  call and text logs downloaded by Plaintiff Nyanjom.  Paragraph 7 contains allegations about the
2  Facebook Lite app, which the Court dismissed on August 29, 2019 and to which no response is
3  required.  *See* Dkt. No. 128 at 15.  To the extent a response is required, Facebook denies such
4  allegations.  Except as specifically admitted, Facebook denies the allegations in Paragraph 7.

5    8. Facebook admits that Plaintiff Sheron Smith-Jackson installed the Messenger app
6  onto Android devices prior to October 2017, and that call and text history from the Android devices
7  was uploaded through the Messenger app only after Plaintiff Smith-Jackson received the below
8  prompt on her Android devices and clicked "TURN ON".



23  Facebook lacks knowledge or information sufficient to form a belief as to the truth of the allegation
24  that Plaintiff Smith-Jackson is a citizen of Texas and resides in Houston, Texas, and on that basis
25  denies it.  Facebook lacks knowledge or information sufficient to form a belief as to the truth of
26  the allegation that Plaintiff Smith-Jackson installed the Messenger app for her personal and
27  household use, and on that basis denies it.  Facebook lacks knowledge or information sufficient to
28  determine what Plaintiff Smith-Jackson downloaded, when she downloaded it and what she

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

FACEBOOK'S ANSWER TO SECOND
AMENDED COMPLAINT
CASE NO. 3:18-CV-01881 RS (TSH)

1  allegedly excerpted, and on that basis denies that the data pictured in Paragraph 8 is a true and
2  correct redacted excerpt of call and text logs downloaded by Plaintiff Smith-Jackson.  Paragraph 8
3  contains allegations about the Facebook Lite app, which the Court dismissed on August 29, 2019
4  and to which no response is required.  *See* Dkt. No. 128 at 15.  To the extent a response is required,
5  Facebook denies such allegations.   Except as specifically admitted, Facebook denies the
6  allegations in Paragraph 8.

   7.      9.      Facebook admits that Plaintiff Janice Vega-Latker installed the Messenger app onto
8  an Android device prior to October 2017, and that call and text history from the Android device
9  was uploaded through the Messenger app only after Plaintiff Vega-Latker received the below
10 prompt on her Android device and clicked "TURN ON".



25 Facebook lacks knowledge or information sufficient to form a belief as to the truth of the allegation
26 that Plaintiff Vega-Latker is a citizen of Florida and resides in Boca Raton, Florida, and on that
27 basis denies it.  Facebook lacks knowledge or information sufficient to form a belief as to the truth
28 of the allegation that Plaintiff Vega-Latker installed the Messenger app for her personal and

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

FACEBOOK'S ANSWER TO SECOND
AMENDED COMPLAINT
CASE NO. 3:18-CV-01881 RS (TSH)

household use, and on that basis denies it. Facebook lacks knowledge or information sufficient to determine what Plaintiff Vega-Latker downloaded, when she downloaded it and what she allegedly excerpted, and on that basis denies that the data pictured in Paragraph 9 is a true and correct redacted excerpt of call and text logs downloaded by Plaintiff Vega-Latker. Paragraph 9 contains allegations about the Facebook Lite app, which the Court dismissed on August 29, 2019 and to which no response is required. *See* Dkt. No. 128 at 15. To the extent a response is required, Facebook denies such allegations. Except as specifically admitted, Facebook denies the allegations in Paragraph 9.

10. Facebook admits that its principal place of business is located at Menlo Park, California. Facebook admits that it is a platform that enables people to communicate with each other on mobile devices and personal computers. Facebook admits that it is a Fortune 500 company with an annual revenue of $40.653 billion in 2017. Facebook admits that it offers a number of products, including mobile apps and an in-app browser. Except as specifically admitted, Facebook denies the allegations in Paragraph 10.

11. Paragraph 11 states legal conclusions to which no response is required. To the extent that a response is required, Facebook denies the allegations.

## JURISDICTION AND VENUE

12. Paragraph 12 states legal conclusions to which no response is required. To the extent that a response is required, Facebook admits that this case meets the statutory requirements of 28 U.S.C. § 1332(d)(2)(A), but denies that the Court has subject matter jurisdiction because Plaintiffs lack Article III standing.

13. Facebook admits that it maintains its corporate headquarters and operates its business in this District, developed the Messenger app in this District, and distributed and marketed the Messenger app in this District. Paragraph 13 contains allegations about the Facebook Lite app, which the Court dismissed on August 29, 2019 and to which no response is required. *See* Dkt. No. 128 at 15. Paragraph 13 also contains legal conclusions to which no response is required. Except as specifically admitted, Facebook denies the allegations in Paragraph 13.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

FACEBOOK'S ANSWER TO SECOND
AMENDED COMPLAINT
CASE NO. 3:18-CV-01881 RS (TSH)

**FACTS COMMON TO ALL CAUSES OF ACTION**

14.     Facebook admits that it is a platform that enables people to communicate with each other on mobile devices and personal computers.  Facebook admits that its users can create profiles with information they may choose to provide.  Facebook admits that its users can create and join groups based on shared interests.  Facebook admits that as of June 30, 2017, it had more than 2 billion monthly active users.  Except as specifically admitted, Facebook denies the allegations in Paragraph 14.

15.     Facebook denies that Facebook Lite is at issue in this matter, as the Court dismissed on August 29, 2019 all allegations about the Facebook Lite app.  *See* Dkt. No. 128 at 15.  Facebook otherwise admits the allegations in Paragraph 15.

16.     Paragraph 16 seeks to define a term for use in the SAC, to which no response is required.  To the extent a response is required, Facebook denies the allegations in Paragraph 16.

17.     Facebook admits that it generates revenue from targeted advertising, some of which is targeted based on certain data that users provide.  Facebook lacks knowledge or information sufficient to form a belief as to the truth of the allegation that "these companies comprise more than 60% of online advertising sales in the United States" because, among other things, Plaintiffs do not describe how they have defined the market for "online advertising sales," and on that basis denies this allegation.  Except as specifically admitted, Facebook denies the allegations in Paragraph 17.

18.     Facebook admits that it offers a free social networking service.  Facebook admits that it collects certain user information.  Facebook admits that, as of December 31, 2018, it reported over 240 million monthly active users in the United States and Canada, and over $24 billion of annual revenue in the United Stated based on the billing address of the customer.  Except as specifically admitted, Facebook denies the allegations in Paragraph 18.

19.     Facebook admits that it generates revenue from targeted advertising, some of which is targeted based on certain data that users provide.  Facebook lacks knowledge or information sufficient to form a belief as to the truth of the allegation about why advertisers are enticed to place

1  ads with Facebook, and on that basis denies them. Except as specifically admitted, Facebook
2  denies the allegations in Paragraph 19.

3      20.    Facebook denies the allegations in Paragraph 20, and refers to the *Ars Technica*
4  article referenced therein for a true and complete statement of its contents.

5      21.    Facebook admits that it provided users of the Messenger app for Android the
6  following consent screen giving them the option to enable the uploading of call and text histories.



21  Facebook admits that only if a user received the above consent screen and clicked "TURN ON",
22  then data on whether a call was incoming, outgoing, or missed, whether a text was sent or received,
23  the date and time of each call or text, the telephone number, the contact name, and the duration of
24  the call, would be uploaded if such data was accessible on the Android device. Paragraph 21
25  purports to quote and characterize statements by a Facebook spokesperson as reported by *Ars*
26  *Technica*, which quotes speak for themselves and must be read in their entirety. Facebook refers
27  to Facebook's entire response to *Ars Technica*'s email inquiry for a true and complete statement
28  of its content, and denies all allegations inconsistent with the statements contained therein and the

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

FACEBOOK'S ANSWER TO SECOND
AMENDED COMPLAINT
CASE NO. 3:18-CV-01881 RS (TSH)

surrounding context and denies Plaintiffs' characterization of such statements.  Paragraph 21 contains allegations involving the Facebook Lite application, which the Court dismissed on August 29, 2019 and to which no response is required.  *See* Dkt. No. 128 at 15.  To the extent a response is required, Facebook admits that the Facebook Lite app for Android presented users with a consent screen providing users with the option to turn on the feature to upload contacts and call and text histories and that the prompt explicitly referenced contacts as well as call and text histories.  Except as specifically admitted, Facebook denies the allegations in Paragraph 21.

22.  Facebook lacks knowledge or information sufficient to form a belief as to the truth of the allegation that the Android OS fully deprecated any functionality in all versions of the Android SDK in October 2017, and on that basis denies it.  Paragraph 22 contains allegations about the Facebook Lite app, which the Court dismissed on August 29, 2019 and to which no response is required.  *See* Dkt. No. 128 at 15.  To the extent a response is required, Facebook denies the allegations relating to the Facebook Lite app.  Facebook otherwise denies the allegations in Paragraph 22.

23.  Facebook lacks knowledge or information sufficient to admit or deny what the unidentified Facebook user referenced in Paragraph 23 discovered, and on that basis denies the allegations about what that unidentified user discovered.  Facebook otherwise denies the allegations in Paragraph 23.

1    24.    Facebook admits that it provided users of the Messenger app for Android the following consent screen giving them the option to enable the uploading of call and text histories.



Facebook admits that only if a user received the above consent screen and clicked "TURN ON", then data on whether a call was incoming, outgoing, or missed, whether a text was sent or received, the date and time of each call or text, the telephone number, the contact name, and the duration of the call, would be uploaded if such data was accessible on the Android device. Facebook admits that the information uploaded from a device could include information from prior years depending on what information was stored on the device. Except as specifically admitted, Facebook denies the allegations in Paragraph 24.

25.    Facebook lacks knowledge or information sufficient to form a belief regarding the allegations in Paragraph 25 because the allegation does not identify the speaker, what specifically was said, how it was said, or where it could be found, and on that basis denies it. Facebook otherwise denies the allegations in Paragraph 25, and refers to the *Ars Technica* article referenced therein for a true and complete statement of its contents.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11

FACEBOOK'S ANSWER TO SECOND
AMENDED COMPLAINT
CASE NO. 3:18-CV-01881 RS (TSH)

26. Facebook admits that it had an integration partnership with Huawei, which was governed by an agreement, which was discontinued by June 2018. Facebook denies Plaintiffs' characterization of this agreement as a data sharing agreement. Facebook lacks knowledge or information sufficient to form a belief about whether the FBI, CIA, and NSA have issued warnings to American citizens not to use Huawei products or services. Except as specifically admitted, Facebook denies the allegations in Paragraph 26, and refers to the *New York Times* article referenced therein for a true and complete statement of its contents.

27. Facebook admits that it submitted a 747-page response to the House Energy and Commerce Committee Questions from the April 11, 2018 hearing titled "Facebook: Transparency and Use of Consumer Data" on June 29, 2018. This document speaks for itself and must be read in its entirety. Facebook refers to this June 29, 2018 response for a true and complete statement of its contents, and denies all allegations inconsistent with the statements contained therein and the surrounding context and denies Plaintiffs' characterization of such statements. Except as specifically admitted, Facebook denies the allegations in Paragraph 27.

28. Facebook lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28, and on that basis denies them.

29. Facebook denies the allegations in paragraph 29, and refers to the Report of the Digital, Culture, Media and Sport Committee of the UK Parliament referenced therein for true and complete statements of its contents.

**CLASS REPRESENTATION ALLEGATIONS**

30. Paragraph 30 sets forth Plaintiffs' proposed class definition and does not require a response. Facebook denies that this action can be properly maintained under Rule 23(b)(2), 23(b)(3), and 23(c)(4) of the Federal Rules of Civil Procedure. Paragraph 30 contains allegations about the Facebook Lite app, which the Court dismissed on August 29, 2019 and to which no response is required. *See* Dkt. No. 128 at 15. Facebook reserves all rights to contend that other persons must be excluded from any class in the event the Court were to grant certification in whole or in part.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12

FACEBOOK'S ANSWER TO SECOND
AMENDED COMPLAINT
CASE NO. 3:18-CV-01881 RS (TSH)

31. Paragraph 31 states legal conclusions to which no response is required. Facebook denies that this action can be properly maintained as a class action. To the extent a response is required, Facebook denies the allegations in Paragraph 31.

32. Paragraph 32 states legal conclusions to which no response is required. Facebook denies that this action can be properly maintained as a class action. To the extent a response is required, Facebook denies the allegations in Paragraph 32.

33. Paragraph 33 states legal conclusions to which no response is required. Facebook denies that this action can be properly maintained as a class action. To the extent a response is required, Facebook denies the allegations in Paragraph 33.

34. Paragraph 34 states legal conclusions to which no response is required. Facebook denies that this action can be properly maintained as a class action. To the extent a response is required, Facebook denies the allegations in Paragraph 34.

35. Paragraph 35 states legal conclusions to which no response is required. Facebook denies that this action can be properly maintained as a class action. To the extent a response is required, Facebook denies the allegations in Paragraph 35.

## COUNT I
### Violation Of California's Computer Data Access and Fraud Act, Cal. Pen. Code, § 502

36. Facebook hereby incorporates by reference its answers to Paragraphs 1-35 of the SAC.

37. Paragraph 37 states legal conclusions to which no response is required. To the extent a response is required, Facebook denies the allegations in Paragraph 37.

38. Facebook denies the allegations in Paragraph 38.

39. Facebook denies the allegations in Paragraph 39.

40. Facebook denies the allegations in Paragraph 40.

41. Facebook denies the allegations in Paragraph 41.

42. Facebook denies the allegations in Paragraph 42.

43. Facebook denies the allegations in Paragraph 43.

44. Facebook denies the allegations in Paragraph 44.

## COUNT II
### California Constitutional Right to Privacy

45. Facebook hereby incorporates by reference its answers to Paragraphs 1-44 of the SAC.

46. Paragraph 46 states legal conclusions to which no response is required. To the extent a response is required, Facebook denies the allegations in Paragraph 46.

47. Facebook denies the allegations in Paragraph 47.

48. Facebook denies the allegations in Paragraph 48.

49. Facebook denies the allegations in Paragraph 49.

## COUNT III
### Intrusion Upon Seclusion

50. Facebook hereby incorporates by reference its answers to Paragraphs 1-49 of the SAC.

51. Paragraph 51 states legal conclusions to which no response is required. To the extent a response is required, Facebook denies the allegations in Paragraph 51.

52. Facebook denies the allegations in Paragraph 52.

53. Facebook denies the allegations in Paragraph 53.

54. Facebook denies the allegations in Paragraph 54.

55. Facebook denies the allegations in Paragraph 55.

## COUNT IV
### Unjust Enrichment

56. Facebook hereby incorporates by reference its answers to Paragraphs 1-55 of the SAC.

57. Paragraph 57 states legal conclusions to which no response is required. To the extent a response is required, Facebook denies the allegations in Paragraph 57.

58. Facebook denies the allegations in Paragraph 58.

59. Facebook denies the allegations in Paragraph 59.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

14

FACEBOOK'S ANSWER TO SECOND
AMENDED COMPLAINT
CASE NO. 3:18-CV-01881 RS (TSH)

# COUNT V
## Fraud

60. Facebook hereby incorporates by reference its answers to Paragraphs 1-59 of the SAC.

61. Paragraph 61 states legal conclusions to which no response is required. To the extent a response is required, Facebook denies the allegations in Paragraph 61.

62. Facebook denies the allegations in Paragraph 62.

63. Facebook denies the allegations in Paragraph 63.

64. Facebook denies the allegations in Paragraph 64.

65. Facebook denies the allegations in Paragraph 65.

## AFFIRMATIVE DEFENSES

Facebook asserts the following separate affirmative defenses to Plaintiffs' Second Amended Consolidated Class Action Complaint, without assuming the burden of proof on such defenses that would otherwise fall on Plaintiffs. Facebook reserves the right to supplement or amend this Answer to amend these defenses or assert additional defenses that may become available and apparent as discovery and other pretrial proceedings are conducted, and does not knowingly or intentionally waive any applicable affirmative defense.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The Second Amended Consolidated Class Action Complaint, and each and every claim alleged therein, fail to state facts sufficient to constitute a cause of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Lack of Standing)

Plaintiffs' claims are barred because Plaintiffs have not suffered injury in fact that can fairly be traced to the acts or practices complained of. Separately and additionally, the Court has already dismissed Plaintiffs' allegations about Facebook Lite on August 29, 2019 for lack of standing. *See* Dkt. No. 128 at 15.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

15

FACEBOOK'S ANSWER TO SECOND
AMENDED COMPLAINT
CASE NO. 3:18-CV-01881 RS (TSH)

### THIRD AFFIRMATIVE DEFENSE
### (Limitation of Liability)

The claims of the Plaintiffs, and each and every member of the putative class, are barred by the limitation of liability set forth in the Terms of Service. Further, Plaintiffs, and each and every member of the putative class, are barred from recovering any alleged damages that exceed the limitations of liability as set forth in the Terms of Service.

### FOURTH AFFIRMATIVE DEFENSE
### (Not Suitable for Class Treatment)

This action is not suitable for class action treatment under Federal Rule of Civil Procedure 23, the Seventh Amendment, and the Due Process Clauses of the U.S. Constitution and California constitution.

### FIFTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

No damages or other relief can be recovered by Plaintiffs, and each and every member of the putative class, to the extent the Complaint and each purported cause of action alleged therein are barred, in whole or in part, by the applicable statute of limitations period.

### SIXTH AFFIRMATIVE DEFENSE
### (Supervening Cause)

The claims of the Plaintiffs, and each and every member of the putative class, are barred, in whole or in part, or any recovery on such causes of action must be reduced, because of the intervening act of parties over whom Facebook exercised no control.

### SEVENTH AFFIRMATIVE DEFENSE
### (Comparative Fault or Offset)

If any Plaintiff or any member of the putative class has been injured or damaged, which Facebook denies, any damage, loss or liability sustained by Plaintiffs, and each and every member of the putative class, must be reduced, diminished, and/or barred in proportion to the wrongful or negligent conduct of persons or entities other than Facebook under the principles of equitable allocation, recoupment, set-off, proportionate responsibility, and comparative fault.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

16

FACEBOOK'S ANSWER TO SECOND
AMENDED COMPLAINT
CASE NO. 3:18-CV-01881 RS (TSH)

**EIGHTH AFFIRMATIVE DEFENSE**
**(No Reliance)**

The claims of the Plaintiffs, and each and every member of the putative class, are barred, in whole or in part, because they did not rely on any representations or statements alleged to have been made by Facebook or any actionable omission attributed to Facebook.

**NINTH AFFIRMATIVE DEFENSE**
**(Proximate Cause)**

The claims of the Plaintiffs, and each and every member of the putative class, are barred, in whole or in part, because Facebook's conduct was not the proximate cause of any damage or injury allegedly suffered by Plaintiffs and each and every member of the purported class.

**TENTH AFFIRMATIVE DEFENSE**
**(Consent)**

The claims of the Plaintiffs, and each and every member of the putative class, are barred, in whole or in part, by the doctrine of consent.

**ELEVENTH AFFIRMATIVE DEFENSE**
**(Waiver)**

The claims of the Plaintiffs, and each and every member of the putative class, are barred, in whole or in part, by the doctrine of waiver.

**TWELFTH AFFIRMATIVE DEFENSE**
**(Estoppel)**

The claims of the Plaintiffs, and each and every member of the putative class, are barred, in whole or in part, by the doctrine of estoppel.

**THIRTEENTH AFFIRMATIVE DEFENSE**
**(Unclean Hands)**

The claims of the Plaintiffs, and each and every member of the putative class, are barred, in whole or in part, by the doctrine of unclean hands.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

17

FACEBOOK'S ANSWER TO SECOND
AMENDED COMPLAINT
CASE NO. 3:18-CV-01881 RS (TSH)

**FOURTEENTH AFFIRMATIVE DEFENSE**
**(Laches)**

The claims of the Plaintiffs, and each and every member of the putative class, are barred, in whole or in part, by the doctrines of laches.

**FIFTEENTH AFFIRMATIVE DEFENSE**
**(Failure to Mitigate)**

If any Plaintiff or any member of the putative class has been injured or damaged, which Facebook denies, the Plaintiffs, and each and every member of the putative class, are barred from recovery in whole or in part by their failure to mitigate injury and their failure to mitigate damages.

**SIXTEENTH AFFIRMATIVE DEFENSE**
**(Failure to Satisfy Requirements for an Injunction)**

The Plaintiffs and each and every member of the putative class are not entitled to injunctive relief because they have not and cannot set forth sufficient facts to support such a claim.

**SEVENTEENTH AFFIRMATIVE DEFENSE**
**(No Punitive Damages)**

The Plaintiffs, and each and every member of the putative class, are not entitled to punitive damages because Facebook did not act with malice, fraud, or oppression and such an award would be contrary to the Due Process Clauses of the U.S. Constitution and California Constitution.

**EIGHTEENTH AFFIRMATIVE DEFENSE**
**(Insufficient Facts to Support a Damages Claim)**

The Plaintiffs and each and every member of the putative class are not entitled to recover money damages, statutory damages, punitive damages, interest or attorneys' fees because they have not and cannot set forth sufficient facts to support such a claim.

**NINETEENTH AFFIRMATIVE DEFENSE**
**(Economic Loss Rule)**

The claims of the Plaintiffs, and each and every member of the putative class, are barred, in whole or in part, by the economic loss rule.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

18

FACEBOOK'S ANSWER TO SECOND
AMENDED COMPLAINT
CASE NO. 3:18-CV-01881 RS (TSH)

## TWENTIETH AFFIRMATIVE DEFENSE
### (Justification)

The claims of the Plaintiffs, and each and every member of the putative class, are barred, in whole or in part, because Facebook's actions were, in whole or in part, justified and by operation of law.

## RESERVATION OF ADDITIONAL DEFENSES

Facebook reserves the right to raise any additional defenses, affirmative or otherwise, and any counterclaims which may become apparent through discovery in the course of this action.

## **PRAYER**

Facebook generally denies that Plaintiffs or putative class members are entitled to any of the relief requested by the Paragraph and sub-Paragraphs referencing Plaintiffs' prayer for relief. Facebook prays for the following:

a. Dismissal of Plaintiffs' claims on the merits with prejudice;

b. A finding that Facebook is not liable to Plaintiffs, or that Plaintiffs' claims are barred, in whole or in part, based on one or more of the affirmative defenses asserted herein;

c. An award to Facebook of its costs and expenses; and

d. Such other and further relief as the Court deems just.

DATED: October 3, 2019                LATHAM & WATKINS LLP

By:  */s/ Elizabeth L. Deeley*
Elizabeth L. Deeley (CA Bar No. 230798)
Nicole C. Valco (CA Bar No. 258506)
505 Montgomery Street, Suite 2000
San Francisco, CA  94111-6538
*elizabeth.deeley@lw.com*
*nicole.valco@lw.com*

Susan E. Engel (*pro hac vice*)
555 Eleventh Street, NW, Suite 1000
Washington, DC  20004
*susan.engel@lw.com*

*Attorneys for Defendant Facebook, Inc.*

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

19

FACEBOOK'S ANSWER TO SECOND
AMENDED COMPLAINT
CASE NO. 3:18-CV-01881 RS (TSH)