UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE OLIN, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>FACEBOOK, INC.,<br><br>　　　　　Defendant. | Case No. 18-cv-01881-RS   (TSH)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. Nos. 153, 156 |

　　We are here on Plaintiffs' motion to compel with respect to their Requests for Inspection ("RFIs") Nos. 1, 4 and 5. ECF No. 153.

**A.　RFI 1**

　　Plaintiffs have asked to inspect the complete source code repository for the Facebook Messenger app. ECF No. 153 at 2. In ECF No. 156, they clarify they mean the source code created on or between January 1, 2014 and March 27, 2018 for the Android operating system. Facebook takes issue with the scope (not the dates), seeking to limit the inspection to the source code that relates to the call and text history uploading feature that is at issue in this case.

　　For today's purposes, Plaintiffs have not shown that the inspection of all of the Messenger app source code is relevant and proportional. Plaintiffs offer a single theory for why all of the Messenger app source code is relevant: "As Plaintiffs' programming expert Jason Frankovitz makes clear, any meaningful code review in this case will necessarily require access to the complete source code repository." ECF No. 153 at 2. Frankovitz's declaration describes in paragraphs 9-12 how source code files are often related to each other to constitute a program. ECF No. 155. For example, it is normal for a variable to be declared in one file, an interface to be declared in a second file, and a method of using the variable and the interface together in a third

file. The gist of Plaintiffs' argument is that to understand the source code that relates to the call and text history uploading feature, they need to see all of the source code for the Messenger app given the interrelated nature of source code.

However, Frankovitz's declaration is too general and unpersuasive. While it is true that computer files in an application are rarely free-standing and do typically relate to each other, it is not true that in a complicated application an expert cannot understand the source code for one or more functions without seeing all of the source code for the entire application. Facebook's Louis Boval has submitted a declaration explaining that Messenger has thousands of features and functions that are unrelated to the call and text history uploading feature. ECF No. 157. The Court finds Boval's declaration persuasive.

Accordingly, for the time being the Court orders Facebook to make available for inspection only the source code that relates to the call and text history uploading feature. *See Uniloc USA, Inc. v. Apple Inc.*, 2018 WL 2002979, at *3 (N.D. Cal. April 30, 2018) (ordering production of relevant portions of source code, not all of it); *Nazomi Communications, Inc. v. Samsung Telecommunications, Inc.*, 2012 WL 1980807, at *3 (N.D. Cal. June 1, 2012) (same). However, this ruling is without prejudice to Plaintiffs seeking reconsideration once their experts have had the opportunity to inspect this source code. The Court realizes that Frankovitz's declaration may have been very general simply because he hadn't seen the Messenger app source code yet, so all he could do was talk about software generally. Once he and Plaintiffs' other experts have reviewed the source code for the feature at issue, Plaintiffs might be able to identify specific portions of that code that don't make sense without reference to other portions that they were not able to inspect, and they may also be able to specify what other source code is needed. This order does not preclude Plaintiffs from asking for additional source code to inspect after they are in a better position to make the type of relevance showing they haven't made yet. Further, if Plaintiffs can make a specific and factual showing why certain other source code is relevant to understanding the call and text history uploading feature, it is likely the parties can resolve such a request through meeting and conferring. *Cf. Uniloc*, 2018 WL 2002979, at *3.

**B.     RFIs 4 and 5**

RFI 4 asks for all internal manuals and technical documentation concerning the Messenger app source code, and RFI 5 asks for inspection of Facebook's bug tickets for the Messenger app. Consistent with the Court's ruling on RFI 1, the Court finds that RFIs 4 and 5 are massively overbroad because they are not limited to the feature at issue in this case. The Court orders the parties to meet and confer further over RFIs 4 and 5 in light of this ruling. For example, during the June 11 hearing, Facebook indicated there might be some technical materials about the feature at issue that are responsive to RFI 4. Plaintiffs indicated that once they review the source code for the feature at issue, they may be able to make more targeted requests for items responsive to RFI 5, and Facebook indicated there is some search capability in the bug tracking system. The parties should be able to work out something concerning RFIs 4 and 5, and if not, at least present a narrower and more focused dispute for the Court to resolve.

**IT IS SO ORDERED.**

Dated: June 11, 2020

_____
THOMAS S. HIXSON
United States Magistrate Judge

3