UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA RENKEN, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>FACEBOOK, INC.,<br><br>    Defendant. | Case No. 18-cv-01881-RS<br><br>**ORDER GRANTING MOTION TO DISMISS** |

Following multiple rounds of motions practice, plaintiffs filed their third amended complaint ("TAC").[1] The TAC does not alter or add to plaintiffs' central allegation: that defendant Facebook, Inc. ("Facebook"), through mobile applications, surreptitiously collected users' call and text logs. Instead, it repackages that allegation within a trio of new claims under sections 631, 632, and 635 of the California Invasion of Privacy Act ("CIPA"). Facebook now moves to dismiss these claims, arguing CIPA applies only to a communication's "content," and not its metadata.

Facebook is correct. CIPA § 631(a) proscribes "unauthorized . . . read[ing], or attempt[ing] to read . . . [or] learn the *contents* . . . of any message, report, or communication while the same is in transit or passing over any wire . . . ." *See* Cal. Penal Code § 631(a) (emphasis added). Sections 632(a) and 635(a), for their part, target certain forms of "*eavesdrop[ping]* upon . . . [a] confidential communication . . . ." *See* Cal. Penal Code 632(a) (emphasis added); Cal Penal Code

---

[1] The factual background of this dispute has been set out in prior orders. *See* Dkt. 85 at 2-3; Dkt. 128 at 2-3. It need not be repeated here.

635(a). The throughline of these provisions is a shared concern for communicative "contents," which, in the Ninth Circuit, "refers to the intended message conveyed by [a] communication, and does not include record information regarding the characteristics of the message that is generated in the course of [a] communication." *See In re Zynga Privacy Litigation*, 750 F.3d 1098, 1106 (9th Cir. 2014) (defining "contents" under the federal Wiretap Act); *see also Cline v. Reetz-Laiolo*, 329 F.Supp.3d 1000, 1051 (N.D. Cal. June 28, 2018) ("The analysis for a violation of CIPA is the same as that under the federal Wiretap Act.") (internal quotation marks and citation omitted); *Thomasson v. GC Services Ltd. Partnership,* 321 F.App'x 557, 559 (9th Cir. 2008) ("California courts interpret 'eavesdrop,' as used in § 632, to refer to a third party secretly *listening to a conversation* between two other parties.") (emphasis added) (citations omitted). Thus, CIPA protects the words uttered over a telephone call, but not data as to the call's "origination, length, and time," *see United States v. Reed,* 575 F.3d 900, 914-17 (9th Cir. 2009) (internal quotation marks omitted); and the substance of a text message, but not the sender's "name, address, or [cellular service] subscriber or identity," *see In re Zynga Privacy Litigation*, 750 F.3d at 1106 (internal quotation marks and citation omitted).

Plaintiffs agree the information at issue here[2] constitutes "call and text metadata[.]" Pls.' Opp'n Brief, Dkt. 196 at 5. Yet, pointing to the Ninth Circuit's recent Fourth Amendment jurisprudence, they insist the "murky line between content and metadata is so antiquated, and has become so meaningless, that it is no longer worth delineating." *Id.* at 8. To be sure, this assertion accurately captures which way the wind is blowing on the Fourth Amendment front. *See, e.g., United States v. Moalin,* 973 F.3d 977, 992 (9th Cir. 2020) (characterizing a "Fourth Amendment argument" against a governmental telephony metadata collection program as having "considerable force"). For the time being, though, that breeze has not reached CIPA's shores. *See Brodsky v.*

---

[2] Specifically, "(a) whether each call was 'Incoming,' 'Outgoing,' or 'Missed'; (b) the date and time of each call; (c) the number dialed; (d) the individual called; and (e) the duration of each call," as well as similar data regarding text messages. *See* Mot., Dkt. 193 at 11 (citing TAC ¶¶ 1, 7-9, 26-27, Dkt. 184 at 1, 5-9, 14-15).

*Apple Inc.,* 445 F.Supp.3d 110, 127 (N.D. Cal. Apr. 7, 2020) (citing *In re Zynga Privacy Litigation*, 750 F.3d at 1106) ("[A]s the Ninth Circuit has concluded, a CIPA claim cannot be predicated on . . . record information."); *McCoy v. Alphabet, Inc.,* 2021 WL 405816, at *14 (N.D. Cal. Feb. 2, 2021) (same); *In re Facebook, Inc. Internet Tracking Litigation*, 956 F.3d 589, 608 (9th Cir. 2020) (declining, after holding particularly sensitive types of digital metadata sufficient to make out common law invasion of privacy and intrusion upon seclusion claims, to "opine on . . . requisite elements" of a Wiretap Act or CIPA claim). Because plaintiffs do not aver Facebook attempted to reach the "contents" of their calls and text messages, Facebook's motion is granted. Should plaintiffs wish to renew their CIPA claims—an admittedly tall order, in view of the foregoing—they are given leave to do so. Any amended complaint must be filed within 21 days of the issuance of this order.

**IT IS SO ORDERED**.

Dated: May 14, 2021

_____
RICHARD SEEBORG
Chief United States District Judge