**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| LAWRENCE OLIN, HAROLD NYANJOM, SHERON SMITH-JACKSON, JANICE VEGA-LATKER, MARC BOEHM, and RAVEN WINHAM, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FACEBOOK, INC.,<br><br>Defendant. | Case No. 3:18-cv-01881-RS (TSH)<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT AGREEMENT** |

Before the Court is the Motion for Preliminary Approval of Class Settlement Agreement ("Motion"), filed by Plaintiffs Lawrence Olin, Harold Nyanjom, Sheron Smith-Jackson, Janice Vega-Latker, Marc Boehm, and Raven Winham ("Plaintiffs").  Plaintiffs and Defendant Facebook, Inc., now known as Meta Platforms, Inc. ("Defendant" or "Meta"), have entered into a Class Settlement Agreement, dated August 3, 2022 ("Settlement Agreement"). Having thoroughly reviewed the Settlement Agreement and exhibits thereto, the Motion, and the papers and arguments in connection therewith, and good cause appearing, the Court hereby ORDERS as follows:

1. Capitalized terms not otherwise defined herein have the meanings set forth in the Settlement Agreement.

2. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d), and has personal jurisdiction over the Parties and the Settlement Class Members. Venue is proper in this District.

3. The Motion is GRANTED.

4. The Court hereby preliminarily approves the Settlement Agreement and the terms embodied therein pursuant to Fed. R. Civ. P. 23(e)(1). The Court finds that it will likely be able to approve the Settlement Agreement under Fed. R. Civ. P. 23(e)(2) and to certify the Settlement Class for purposes of judgment on the proposed Settlement.  The Court preliminarily finds that the Settlement Agreement is fair, reasonable, and adequate as to the Settlement Class Members under the relevant considerations. The Court finds that the Settlement Class Representatives and Interim Class Counsel have adequately represented, and will continue to adequately represent, the Settlement Class.  The Court further finds that the Settlement Agreement is the product of arms' length negotiations by the Parties through the use of an experienced mediator, Judge Wayne R. Andersen (Ret.) of JAMS Chicago, and an additional eight months of extensive settlement discussions.  The Court preliminarily finds that the relief provided is adequate taking into account, *inter alia*, the costs, risks, and delay of trial and appeal, and the alleged harm to Settlement Class Members.  The Court preliminarily finds

that the Settlement Agreement treats the Settlement Class Members equitably relative to each other.

5. The Court hereby provisionally certifies, for settlement purposes only, a "Settlement Class," pursuant to Fed. R. Civ. P. 23(a) and 23(b)(2), consisting of:

> All persons in the United States who installed the Facebook Messenger and Facebook Lite apps for Android, and granted Meta permission to access their contacts.

6. The Court finds that for settlement purposes only, the Settlement Class, as defined above, meets the requirements for class certification under Fed. R. Civ. P. 23(a) and 23(b)(2)—namely, that (1) the Settlement Class Members are sufficiently numerous such that joinder is impracticable; (2) there are common questions of law and fact; (3) the Settlement Class Representatives' claims are typical of those of the Settlement Class Members; (4) the Settlement Class Representatives and Interim Class Counsel have adequately represented, and will continue to adequately represent, the interests of the Settlement Class Members; and (5) for purposes of settlement, the Settlement Class meets the predominance and superiority requirements of Fed. R. Civ. P. 23(b).

7. Certification of the Settlement Class shall be solely for settlement purposes, without prejudice to the Parties, and with no other effect upon the Action. In the event the Settlement Agreement is not finally approved by this Court or otherwise does not take effect, the Parties preserve all rights and defenses regarding class certification.

8. The Court hereby appoints Plaintiffs Lawrence Olin, Harold Nyanjom, Sheron Smith-Jackson, Janice Vega-Latker, Marc Boehm, and Raven Winham as Class Representatives to represent the Settlement Class.

9. The Court hereby appoints the law firm of Bursor & Fisher, P.A. as Class Counsel for the Settlement Class.

10. Notice of the settlement is not required here. *See* Fed. R. Civ. P. 23(c)(2)(A) (stating that under Rule 23(b)(2) the court "*may* direct appropriate notice to the class") (emphasis added). The Court finds that notice also is not required because the Settlement

Agreement only releases claims for injunctive and/or declaratory relief and does not release the monetary or damages claims of the Class, and thus the settlement expressly preserves the individual rights of class members to pursue monetary claims against the Defendant. *See, e.g.*, *Stathakos v. Columbia Sportswear Co., et al.*, 2018 WL 582564, at *3-4 (N.D. Cal. Jan. 25, 2018); *Lilly v. Jamba Juice Co.*, 2015 WL 1248027, at *8–9 (N.D. Cal. Mar. 18, 2015); *Kim v. Space Pencil, Inc.*, 2012 WL 5948951, at *4, 17 (N.D. Cal. Nov. 28, 2012). Nonetheless, pursuant to the Settlement Agreement, all documents pertaining to the Settlement, preliminary approval, and final approval (including Plaintiffs' motion for attorneys' fees and incentive awards and any opposition or reply papers thereto), shall be posted on Class Counsel's public website (http://www.https://www.bursor.com/).

11. The Court finds that the CAFA Notice sent by Meta complied with 28 U.S.C. § 1715 and all other provisions of the Class Action Fairness Act of 2005.

12. Each Settlement Class Member shall be given a full opportunity to comment on or object to the Settlement Agreement, and to participate at a Final Approval Hearing. Comments or objections must be in writing, and must include (1) the name and case number of the Action (*Olin et al. v. Facebook, Inc.*, Case No. 18-cv-01881-RS); (2) the Settlement Class Member's full legal name and mailing address; (3) the personal signature of the Settlement Class member; (4) the grounds for any objection; (5) the name and contact information of any and all attorneys representing, advising, or assisting with the comment or objection, or who may profit from pursuing any objection; and (6) a statement indicating whether the Settlement Class Member intends to appear at the Final Approval Hearing, either personally or through counsel.

13. To be considered, written comments or objections must be submitted to the Court either by mailing them to Class Action Clerk, United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, or by filing them in person at any location of the United States District Court for the Northern District of California, within 60 days after the entry of this Order. No Class Member shall be

entitled to be heard at the Final Approval Hearing, whether individually or through counsel, unless written notice of the Class Member's intention to appear at the Final Approval Hearing is timely filed, or postmarked for mail to the Court within 60 days after date of entry of this Order.

14. The date of the postmark on the envelope containing the written objection shall be the exclusive means used to determine whether an objection has been timely submitted. Class Members who fail to mail timely written objections in the manner specified above shall be deemed to have waived any objections and shall be forever barred from objecting to the Settlement Agreement and the proposed settlement by appearing at the Final Approval Hearing, appeal, collateral attack, or otherwise.

15. The Court will hold a final approval hearing on October 20, 2022 at 1:30 p.m. The purposes of the final approval hearing will be to: (i) determine whether the proposed Settlement Agreement should be finally approved by the Court as fair, reasonable, adequate, and in the best interests of the Settlement Class; (ii) determine whether judgment should be entered pursuant to the Settlement Agreement, dismissing the Action with prejudice and releasing the Released Persons of all claims stated in Section 6.1 of the Settlement Agreement; (iii) determine whether the Settlement Class should be finally certified; (iv) rule on Class Counsel's motion for attorneys' fees, costs and service awards; (v) consider any properly filed objections; and (vi) consider any other matters necessary in connection with the final approval of the Settlement Agreement.

16. Class Counsel's application for attorneys' fees, costs and expenses shall be filed and served no later than thirty (30) days after the Court's order of preliminary approval. Any opposition, comment, or objection shall be filed no later than fifty (50) days after the Court's order of preliminary approval. Any reply shall be filed no later than sixty (60) days after the Court's order of preliminary approval.

17. The motion in support of final approval of the settlement shall be filed and served no later than thirty (30) days after the Court's order of preliminary approval. Any opposition or objection shall be filed no later than fifty (50) days after the Court's order of preliminary approval. Any reply shall be filed no later than sixty (60) days after the Court's order of preliminary approval.

18. The Court may, in its discretion, modify the date and/or time of the final approval hearing. In the event the Court changes the date, time, and/or the format of the final approval hearing, the Parties shall ensure that the updated information is posted on the Class Counsel's public website.

19. If the Settlement Agreement, including any amendment made in accordance therewith, is not approved by the Court or shall not become effective for any reason whatsoever, the Settlement Agreement and any actions taken or to be taken in connection therewith (including this Preliminary Approval Order and any judgment entered herein), shall be terminated and shall become null and void and of no further force and effect except for (i) any obligations to pay for any expense incurred in connection with Notice and Other Administration Costs as set forth in the Settlement Agreement, and (ii) any other obligations or provisions that are expressly designated in the Settlement Agreement to survive the termination of the Settlement Agreement.

20. Other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement Agreement, all proceedings in the Action are hereby stayed and suspended until further order of this Court.

21. Pending final determination of whether the Settlement Agreement should be finally approved, Plaintiffs and all Settlement Class Members are barred and enjoined from filing, commencing, prosecuting, or enforcing any action against the Released Parties insofar as such action asserts claims stated in Section VI of the Settlement Agreement, directly or indirectly, in any judicial, administrative, arbitral, or other forum. This bar and injunction is

necessary to protect and effectuate the Settlement Agreement and this Preliminary Approval Order, and this Court's authority to effectuate the Settlement, and is ordered in aid of this Court's jurisdiction.

22. This Preliminary Approval Order, the Settlement Agreement, the fact that a settlement was reached and filed, and all negotiations, statements, agreements, and proceedings relating to the Settlement, and any matters arising in connection with settlement negotiations, proceedings, or agreements shall not constitute, be described as, construed as, used as, offered or received against Meta as evidence or an admission or concession of: (a) the truth of any fact alleged by Plaintiffs in the Action; (b) any liability, negligence, fault, or wrongdoing of Meta or breach of any duty on the part of Meta; or (c) that this Action or any other action may be properly certified as a class action for litigation, non-settlement purposes. This order is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Action.

23. The Court retains jurisdiction over this Action to consider all further matters arising out of or connected with the Settlement, including enforcement of the Release provided for in the Settlement Agreement.

24. The Parties are directed to take all necessary and appropriate steps to establish the means necessary to implement the Settlement Agreement according to its terms should it be finally approved.

25. The Court may, for good cause, extend any of the deadlines set forth in this Preliminary Approval Order without further notice to Settlement Class Members. Without further order of the Court, the Parties may agree to make non-material modifications in implementing the Settlement that are not inconsistent with this Preliminary Approval Order.

IT IS SO ORDERED.

Date: _August 3, 2022_____

_____
Hon. Richard Seeborg
Chief United States District Judge