**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| LAWRENCE OLIN, HAROLD NYANJOM, SHERON SMITH-JACKSON, JANICE VEGA-LATKER, MARC BOEHM, and RAVEN WINHAM, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FACEBOOK, INC.,<br><br>Defendant. | Case No. 3:18-cv-01881-RS<br><br>**FINAL ORDER AND JUDGMENT** |

The Court has considered the Class Action Settlement Agreement ("Settlement Agreement") between Plaintiffs Lawrence Olin, Harold Nyanjom, Sheron Smith-Jackson, Janice Vega-Latker, Marc Boehm, and Raven Winham ("Plaintiffs") and Defendant Facebook, Inc., now known as Meta Platforms, Inc. ("Defendant" or "Meta"), dated May 13, 2022, the motion for an order finally approving the Settlement Agreement, the record in this Action, the arguments and recommendations made by counsel, and the requirements of the law.  The Court finds and orders as follows:

I. **FINAL APPROVAL OF THE SETTLEMENT AGREEMENT**

1. The Settlement Agreement is approved under Rule 23 of the Federal Rules of Civil Procedure.  The Court finds that the Settlement Agreement and the Settlement it incorporates appear fair, reasonable, and adequate, and its terms are within the range of reasonableness.  The Settlement Agreement was entered into at arm's-length by experienced counsel after extensive negotiations spanning months, including with the assistance of a third-party mediator.  The Court finds that the Settlement Agreement is not the result of collusion.

II. **DEFINED TERMS**

2. For the purposes of this Final Approval Order and Final Judgment ("Order"), the Court adopts all defined terms as set forth in the Settlement Agreement.

III. **NO ADMISSIONS AND NO EVIDENCE**

3. This Order, the Settlement Agreement, the Settlement provided for therein, and any proceedings taken pursuant thereto, are not, and should not in any event be offered, received, or construed as evidence of, a presumption, concession, or an admission by any Party or any of the Released Parties of wrongdoing, to establish a violation of any law or duty, an admission that any of the practices at issue violate any laws or require any disclosures, any liability or non-liability, the certifiability or non-certifiability of a litigation class in this case, or any misrepresentation or omission in any statement or written document approved or made by any Party.

## IV. JURISDICTION

4. For the purposes of the Settlement of the Action, the Court finds it has subject matter and personal jurisdiction over the Parties, including all Settlement Class Members, and venue is proper.

## V. CLASS CERTIFICATION OF RULE 23(B)(2) CLASS FOR SETTLEMENT PURPOSES ONLY

5. The Court finds and concludes that, for the purposes of approving this Settlement only, the proposed Rule 23(b)(2) Settlement Class meets the requirements for certification under Rule 23 of the Federal Rules of Civil Procedure: (a) the Settlement Class is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Settlement Class; (c) the claims or defenses of the Settlement Class Representatives are typical of the claims or defenses of the Settlement Class; (d) Settlement Class Representatives and Class Counsel will fairly and adequately protect the interests of the Settlement Class because Settlement Class Representatives have no interests antagonistic to the Settlement Class, and have retained counsel who are experienced and competent to prosecute this matter on behalf of the Settlement Class; and (e) the Defendant has acted on grounds that apply generally to the Settlement Class, so that final injunctive relief is appropriate respecting the Settlement Class as a whole.

6. The Settlement Agreement was reached after extensive investigation and motion practice in the Action, and was the result of protracted negotiations conducted by the Parties, over the course of several months, including with the assistance of a neutral mediator. Settlement Class Representatives and Class Counsel maintain that the Action and the claims asserted therein are meritorious and that Settlement Class Representatives and the Class would have prevailed at trial. Defendant denies the material factual allegations and legal claims asserted by Settlement Class Representatives in this Action, maintains that a class would not be certifiable under any Rule, and that the Settlement Class Representatives and Class Members would not prevail at trial. Notwithstanding the foregoing, the Parties have agreed to settle the Action pursuant to the provisions of the Settlement Agreement, after considering, among other things: (a) the benefits to

the Settlement Class Representatives and the Settlement Class under the terms of the Settlement Agreement; (b) the uncertainty of being able to prevail at trial; (c) the uncertainty relating to Defendant's defenses and the expense of additional motion practice in connection therewith; (d) obstacles to establishing entitlement to class-wide relief; (e) the attendant risks of litigation, especially in complex actions such as this, as well as the difficulties and delays inherent in such litigation and appeals; and (f) the desirability of consummating the Settlement promptly in order to provide effective relief to the Settlement Class Representatives and the Settlement Class.

7. The Court accordingly certifies, for settlement purposes only, a class under Rule 23(b)(2), consisting of all persons in the United States who installed the Facebook Messenger and Facebook Lite apps for Android, and granted Meta permission to access their contacts. Excluded from the Settlement Class are (i) all Persons who are directors, officers, and agents of Meta or its subsidiaries and affiliated companies or are designated by Meta as employees of Meta or its subsidiaries and affiliated companies; and (ii) the Court, the Court's immediate family, and Court staff, as well as any appellate court to which this matter is ever assigned, and its immediate family and staff.

## VI. NOTICE

8. Notice of the settlement is not required here. *See* Fed. R. Civ. P. 23(c)(2)(A) (stating that under Rule 23(b)(2) the court "*may* direct appropriate notice to the class") (emphasis added). The Court finds that notice also is not required because the Settlement Agreement only releases claims for injunctive and/or declaratory relief and does not release the monetary or damages claims of the Class, and thus the settlement expressly preserves the individual rights of class members to pursue monetary claims against the defendant. *See, e.g.*, *Stathakos v. Columbia Sportswear Co., et al.*, 2018 WL 582564, at *3-4 (N.D. Cal. Jan. 25, 2018); *Lilly v. Jamba Juice Co.*, 2015 WL 1248027, at *8-9 (N.D. Cal. Mar. 18, 2015); *Kim v. Space Pencil, Inc.*, 2012 WL 5948951, at *4, 17 (N.D. Cal. Nov. 28, 2012). Nonetheless, pursuant to the Settlement Agreement, all documents pertaining to the Settlement, preliminary approval, and

final approval (including Plaintiffs' motion for attorneys' fees and incentive awards and any opposition or reply papers thereto), were posted on Class Counsel's public website.

## VII. CLAIMS COVERED AND RELEASES

9. This Order constitutes a full, final and binding resolution between the Class Representatives' Releasing Parties, on behalf of themselves and the Settlement Class Members, and the Released Parties. This Release shall be applied to the maximum extent permitted by law.

10. Upon the Effective Date and by operation of this Order, the Settlement Class Representatives' Releasing Parties will fully, finally, and forever release, relinquish, and discharge any and all Settlement Class Representatives' Released Claims, including claims for monetary relief and damages, known and unknown, as well as provide a waiver under California Civil Code Section 1542. Settlement Class Representatives' Releasing Parties are forever enjoined from taking any action seeking any relief against the Released Parties based on any Settlement Class Representatives' Released Claims.

11. Upon the Effective Date and by operation of this Order, the Releasing Parties will fully, finally, and forever release, relinquish, and discharge the Settlement Class Members' Released Claims (as well as provide a waiver under California Civil Code Section 1542), including any and all claims for injunctive and/or declaratory relief of any kind or character, at law or equity, known or unknown, preliminary or final, under Federal Rule of Civil Procedure 23(b)(2) or any other federal or state law or rule of procedure, from the Releasing Parties' first interaction with Meta up until and including the Effective Date, that result from, arise out of, are based on, or relate in any way to the practices and claims that were alleged in the Action, except that, notwithstanding the foregoing, the Releasing Parties do not release claims for monetary relief or damages. The Releasing Parties are forever enjoined from taking any action seeking injunctive and/or declaratory relief against the Released Parties based on any Settlement Class Members' Released Claims.

12. Upon the Effective Date and by operation of this Order, Meta will fully, finally, and forever release, relinquish, and discharge any and all Meta's Released Claims against the

Settlement Class Representatives' Releasing Parties, from the Settlement Class Representatives' first interaction with Meta up until and including the Effective Date, that result from, arise out of, are based on, or relate in any way to the practices and claims that were alleged in the Action. Meta is forever enjoined from taking any action seeking any relief against the Settlement Class Representatives' Releasing Parties based on any of Meta's Released Claims.

13. The Settlement Agreement and this Order shall be the exclusive remedy for any and all Released Claims of the Settlement Class Representatives, Settlement Class Members, and Meta.

## VIII. INJUNCTIVE RELIEF

14. Meta shall delete all Call and Text History Data uploaded from persons in the United States though the Facebook Messenger or Facebook Lite apps for Android devices that Meta is not otherwise legally obligated to preserve by jurisdictions outside of the United States within 45 days of the effective date (which shall be seven (7) days after the final settlement approval order and final judgment have been entered and become Final). Any data retained because of continuing legal obligations will be quarantined in access-controlled data warehouse tables that are segregated from any systems used or accessed in the ordinary course of Meta's business, and access to this data is limited to Meta's Legal team. Any such data will be preserved and used solely in connection with any legal obligations and not for any business use, and Meta will delete all such data within 45 days of the expiration of any legal obligation to preserve it.

## IX. ATTORNEYS' FEES AND EXPENSES AND INCENTIVE AWARDS

15. The Court's decision regarding the payment of attorneys' fees and expenses to Class Counsel and incentive awards to the Settlement Class Representatives is addressed in a separate order.

## X. AUTHORIZATION TO PARTIES TO IMPLEMENT AGREEMENT AND MODIFICATIONS OF AGREEMENT

16. By this Order, the Parties are hereby authorized to implement the terms of the Settlement Agreement. After the date of entry of this Order, the Parties may by written

agreement effect such amendments, modifications, or expansions of the Settlement Agreement and its implementing documents (including all exhibits thereto) without further approval by the Court if such changes are consistent with terms of this Order and do not materially alter, reduce, or limit the rights of Settlement Class Members under the Settlement Agreement.

## XI. TERMINATION

17. In the event that the Settlement Agreement is terminated pursuant to the terms of the Settlement Agreement, (a) the Settlement Agreement and this Order shall become void, shall have no further force or effect, and shall not be used in any action or other proceedings for any purpose other than as may be necessary to enforce the terms of the Settlement Agreement that survive termination; (b) this matter will revert to the status that existed before execution of the Settlement Agreement; and (c) no term or draft of the Settlement Agreement or any part of the Parties' settlement discussions, negotiations, or documentation (including any briefs filed in support of preliminary or final approval of the Settlement) shall (i) be admissible into evidence for any purpose in any action or other proceeding other than as may be necessary to enforce the terms of the Settlement Agreement that survive termination, (ii) be deemed an admission or concession by any Party regarding the validity of any Released Claim or the propriety of certifying any class against Meta, or (iii) be deemed an admission or concession by any Party regarding the truth or falsity of any facts alleged in the Action or the availability or lack of availability of any defense to the Released Claims.

## XII. RETENTION OF JURISDICTION

18. The Court shall retain jurisdiction over any claim relating to the Settlement Agreement (including all claims for enforcement of the Settlement Agreement and/or all claims arising out of a breach of the Settlement Agreement) as well as any future claims by any Settlement Class Member relating in any way to the Released Claims.

## XIII. FINAL JUDGMENT AND DISMISSAL WITH PREJUDICE

19. By operation of this Order, this Action is hereby dismissed with prejudice.

DATED: October 20, 2023

_____
Hon. Richard Seeborg
Chief United States District Judge